1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA A. FITZGERALD, SBN 151038
2  SALVATORE PICARIELLO, SBN 190442
   KATHRYN T. MCGUIGAN, SBN 232112
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA 90071-3132
   Tel: 213.612.2500
5  Fax: 213.612.2501
   bfitzgerald@morganlewis.com
6  kmcguigan@morganlewis.com

7  Attorneys for Defendants
   EDUCATIONAL COMMISSION FOR
8  FOREIGN MEDICAL GRADUATES, SHARON
   TROWELL-ROMAN, and PETER O'COLMAIN
9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                                     CV12- 01637 GAF (FFMx)

13  LESLIE SAKAGUCHI,              Case No.

14              Plaintiff,         [State Complaint No. BC477337
                                   Filed: January 19, 2012]
15        vs.

16  EDUCATIONAL COMMISSION FOR     **NOTICE OF REMOVAL OF**
    FOREIGN MEDICAL GRADUATES,     **ACTION TO THE UNITED**
17  an Illinois corporation, SHARON **STATES DISTRICT COURT FOR**
    TROWELL-ROMAN, an individual;  **THE CENTRAL DISTRICT OF**
18  PETER O'COLMAIN, an individual; **CALIFORNIA; DECLARATION**
    and Does 1 through 250, inclusive,, **OF BETTY LEHEW IN SUPPORT**
19                                 **THEREOF**
                Defendants.
20                                 [28 U.S.C. §§ 1332, 1441, and 1446]

21

22

23     **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

24  **DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER**

25  **ATTORNEYS OF RECORD:**

26        **PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1332(a), 1441,

27  and 1446, Defendants Educational Commission For Foreign Medical Graduates

28  ("ECFMG"), Sharon Trowell-Roman ("Trowel-Roman"), and Peter O'Colmain

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22987759.1

1   ("O'Colmain") (collectively Defendants) hereby remove the above-entitled action

2   from the Superior Court of the State of California for the County of Los Angeles to

3   the United States District Court for the Central District of California. This Court

4   has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C.

5   §1332(a) because complete diversity exists and the amount in controversy exceeds

6   $75,000. In support of this removal, Defendants state the following:

7   **I.      PLEADINGS, PROCESS, AND ORDERS**

8           1.      On January 19, 2012, Plaintiff Leslie Sakaguchi ("Plaintiff") filed an

9   unverified complaint in the Superior Court of the State of California for the County

10  of Los Angeles, entitled *Leslie Sakaguchi v. Educational Commission For Foreign*

11  *Medical Graduates, Sharon Trowell-Roman, Peter O'Colmain, and Does 1 through*

12  *250*, Case No. BC477337 ("Complaint"). The Complaint alleges four causes of

13  action for (1) wrongful termination in violation of public policy; (2) intentional

14  infliction of emotional distress; (3) violation of the California Family Rights Act;

15  and (4) violation of California Labor Code §233.

16          2.      A true and correct copy of the Complaint is attached as Exhibit A.

17          3.      According to the state court docket, Plaintiff has filed a proof of

18  service purporting that the Complaint was served on Defendant ECFMG on January

19  26, 2012.

20          4.      Plaintiff also attempted to serve the Complaint by substituted service

21  in Los Angeles, California on Defendants Trowell-Roman and O'Colmain on

22  February 2, 2012.

23          5.      Exhibit A constitutes all the pleadings, process, and orders served

24  upon or by Defendants in the Superior Court action.

25  **II.    THE REMOVAL IS TIMELY**

26          6.      Without conceding that service of the Summons and Complaint was

27  effective for purposes of 28 U.S.C. § 1446(b), this Notice of Removal is timely

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22987759.1

1    because it is being filed within thirty (30) days of ECFMG's receipt of the

2    Summons and Complaint on January 26, 2012, and within one (1) year of the

3    commencement of this action.  No previous notice of removal has been filed or

4    made with this Court for the relief sought herein.

5    **III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

6         **A.    Removal Under U.S.C. § 1332(A)(1) Is Proper.**

7         7.    This is a civil action of which the Court has original jurisdiction

8    pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and is one which may be

9    removed by ECFMG pursuant to 28 U.S.C. § 1441.  This is a civil action where the

10   amount in controversy exceeds the sum or value of $75,000, exclusive of interest

11   and costs, and is between citizens of different states.  Defendant O'Colmain is a

12   "sham" defendant, as shown below, and his citizenship may be disregarded for

13   purposes of establishing diversity.

14        **B.    Complete Diversity of Citizenship Exists.**

15        8.    A case may be heard in federal court under diversity jurisdiction if

16   there is complete diversity, *i.e.*, all plaintiffs are diverse from all defendants.  28

17   U.S.C. § 1332(a).  A defendant may remove an action to federal court under 28

18   U.S.C. § 1332 provided no defendant is a citizen of the same state in which the

19   action was brought.  28 U.S.C. § 1441(a), (b).  The citizenship of improperly and

20   fraudulently joined defendants should be disregarded for removal purposes.

21   *McCabe v. General Food Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Here,

22   disregarding the improperly and fraudulently joined Defendant O'Colmain, all

23   requirements are met because Plaintiff is a citizen of California, and Defendants

24   ECFMG and Trowell-Roman are citizens of Pennsylvania, and not citizens of

25   California.

26        **1.    Defendant Educational Commission For Foreign Medical Graduates**

27

28        9.    For diversity purposes, "a corporation shall be deemed to be a citizen

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22987759.1

1   of any State by which it has been incorporated and of the State where it has its

2   principal place of business." 28 U.S.C. 1332(c)(1).

3          10.   ECFMG is now and, ever since this action was filed on January 19,

4   2012, has been a corporation organized and existing under and by virtue of the laws

5   of the State of Illinois.  (Declaration of Betty LeHew ("LeHew Decl.") ¶ 2).

6   ECFMG currently is and has at all relevant times had its corporate headquarters and

7   principal place of business in Philadelphia, Pennsylvania.  (*Id.* ¶ 3).  The

8   Pennsylvania headquarters is and has been the place where the majority of

9   ECFMG's corporate books and records are located and where the majority of its

10  executive and administrative functions (including but not limited to operations,

11  corporate finance, accounting, human resources, payroll, marketing, legal, and

12  information systems) are and have been performed.  (*Id.* ¶ 4).  ECFMG's corporate

13  officers (including but not limited to its chief executive officer, and chief financial

14  officer) work and have worked out of the Philadelphia, Pennsylvania headquarters,

15  and ECFMG's corporate activities have been directed, controlled, and coordinated

16  from there.  (*Id.* ¶ 5); *see generally Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010)

17  ("[w]e conclude that 'principal place of business' is best read as referring to the

18  place where a corporation's officers direct, control, and coordinate the

19  corporation's activities" and, "in practice[,] it should normally be the place where

20  the corporation maintains its headquarters—provided that the headquarters is the

21  actual center of direction, control, and coordination, *i.e.*, the 'nerve center'").

22         11.   At all relevant times, ECFMG has not been incorporated in California

23  and has not had its headquarters, executive offices, or officers based in California.

24  (LeHew Decl. ¶ 6).

25         12.   Thus, ECFMG is not now, and was not at the time of the filing of the

26  Complaint, a citizen of California within the meaning of the Acts of Congress

27  relating to the removal of causes.  ECFMG is now and, ever since this action

28

1   commenced on January 19, 2011, has been a citizen of Illinois and Pennsylvania for

2   diversity purposes. 28 U.S.C. § 1332(c)(1).

3           **2.      Plaintiff.**

4           13.     Defendants are informed and believe, and Plaintiff also alleges, that

5   she is now and, since this action was filed on January 19, 2012, has been a citizen

6   of California. (Complaint ¶ 5).

7           **3.      Doe Defendants.**

8           14.     Pursuant to 28 U.S.C. § 1441(a), the residences of fictitious and

9   unknown defendants should be disregarded for the purposes of establishing removal

10  jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d

11  1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a

12  removal petition). Thus, the inclusion of "Doe" defendants in Plaintiff's FAC has

13  no effect on the ability to remove.

14          **4.      Individual Defendants.**

15          15.     Individual defendant Sharon Tromwell-Roman is the Recruitment and

16  Employee Relations Manager for Defendant ECFMG. Tromwell-Roman works in

17  ECFMG's Philadelphia headquarters and is a citizen of New Jersey.

18          16.     Individual defendant Peter O'Colmain is employed by ECFMG in its

19  Los Angeles office and is a citizen of California.

20          **5.      Peter O'Colmain Is A Sham Defendant And Must Be**
            **Ignored For Purposes Of Removal.**

21

22          17.     Removal of this action is nonetheless proper even though the

23  individual defendant O'Colmain is alleged to be a resident of California. The

24  citizenship of O'Colmain should be disregarded in that he was improperly and

25  fraudulently joined in this action in order to defeat removal jurisdiction. *See, e.g.*,

26  *McCabe*, 811 F.2d at 1339 (9th Cir. 1987). As the court held in *McCabe*,

27  "[f]raudulent joinder is a term of art. If the Plaintiff fails to state a cause of action

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22987759.1

against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Id.* at 1339. *See also, e.g., Brown v. Allstate Ins. Co.*, 17 F.Supp.2d 1134 (S.D. Cal. 1998) (upholding removal where non-diverse individual defendants were named in the caption and in some of the causes of action, but there were no specific factual allegations against them). The issue in a fraudulent joinder determination is "whether the plaintiff truly had a cause of action against the alleged sham defendants," not merely whether a nominal cause of action has been stated. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998) (citations omitted).

18.    Additionally, "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent" in order to determine "whether the plaintiff truly ha[s] a cause of action against the alleged sham defendants." *Ritchey*, 139 F.3d at 1318.

19.    Many courts have compared the fraudulent joinder standard to the standard for judging a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See, e.g., TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1102 (C.D. Cal. 2002) (the "test for fraudulent joinder resembles a Rule 12(b)(6) analysis"); *Archuleta v. American Airlines, Inc.*, 2000 WL 656808, at *11 (C.D. Cal. May 12, 2000) (the fraudulent joinder standard "is similar to that employed in deciding motions to dismiss under Rule 12(b)(6)").[1]   The Court may consider declarations or other summary judgment-type evidence on the issue of whether a particular defendant's joinder is a "sham." *West American Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 fn. 6 (9th Cir. 1985).

20.    Here, Plaintiff's one claim against O'Colmain for intentional infliction of emotional distress fails to state a cause of action according to well-settled

---

[1] *See also Int'l Ins. Co. v. Red & White Co.*, 1994 WL 706361, at *5 (N.D. Cal. Dec. 14, 1994) ("a court engaging in a fraudulent joinder analysis performs a nearly identical function to one ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)"); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 983, 995 (D. Nev. 2005) (the fraudulent joinder standard is similar to the 12(b)(6) except that courts will not determine unsettled questions of state law).

1   California law.  Therefore, the joinder of O'Colmain in this action is fraudulent

2   (*i.e.*, he is a "sham defendant") such that his presence does not destroy diversity.

3      **C.    Failure to State A Claim Against O'Colmain**

4      21.    O'Colman is fraudulently joined for the reason that Plaintiff's claim

5   for intentional infliction of emotional distress – the only claim Plaintiff attempted to

6   allege against O'Colman – is not stated as a matter of law against him.  Where the

7   factual allegations in the Complaint are insufficient to state a claim, there is

8   fraudulent joinder and removal is proper.  *See, e.g., Brown v. Allstate Insurance*

9   *Co.*, 17 F.Supp.2d 1134 (S.D. Cal. 1998) (upholding removal where non-diverse

10  individual defendants were named in the caption and in some of the causes of

11  action, but there were no specific factual allegations against them).  The issue in

12  fraudulent joinder determination is "whether the plaintiff truly had a cause of action

13  against the alleged sham defendants," not merely whether a nominal cause of action

14  has been stated. *Ritchey*, 139 F.3d at 1318.

15     22.    The factual allegations of the Complaint demonstrate that O'Colmain

16  is sued strictly in his official capacity as a supervisor of ECFMG, and is not alleged

17  to have been acting for his own benefit or own motivation to harm Plaintiff in any

18  way.

19     23.    The only factual allegations in the Complaint mentioning O'Colmain

20  are asserted in Paragraphs 8, 12, and 17.  Paragraph 8 states: "Defendant PETER

21  O'COLMAIN (hereinafter referred to as "O'COLMAIN") was at all times herein

22  mentioned a supervisor at ECFMG,   and at all times herein mentioned was and,

23  upon information and belief, still is a resident of the County of Los Angeles, State

24  of California.  (Complaint, ¶ 8).

25     24.    Paragraph 12 states "…Plaintiff informed her supervisor, Defendant

26  O'COLMAIN, that she was providing care for her seriously ill mother.

27  Specifically, Plaintiff informed him that the care provided was unpredictable and

28  that sometimes it was difficult to administer her mother's medication in a way that

1    allowed her to get to work exactly on time every day.  Defendant O'COLMAIN

2    told Plaintiff to apply for FMLA leave for the flexible work schedule she was

3    requesting." (Complaint, ¶ 12, p. 4, lines 5-10).

4        25.    Paragraph 17 states "Plaintiff received a written reprimand from her

5    manager, Defendant O'COLMAIN, in or about October 2010." (Complaint, ¶ 17).

6        26.    Plaintiff's Second Cause of Action purports to be a claim for

7    intentional infliction of emotional distress against all Defendants, including

8    O'Colmain.  However, Plaintiff alleges only that "Defendants' conduct of,

9    including but not limited to, subjecting Plaintiff to retaliation for having taken

10   protected (periodic) CFRA leave and interfering with Plaintiff's request for CFRA

11   leave, and ultimately terminating her employment for having taken protected leave,

12   none of which is a normal part of an employment relationship, constitutes extreme

13   and outrageous conduct, as described in more detail above." (Complaint, ¶ 34).

14       27.    None of the allegations made in support of the Second Cause of Action

15   implicate any actions by O'Colmain.  Indeed, the factual allegations made about

16   O'Colmain involve the usual, everyday personnel management actions taken by

17   supervisors, for which there is no liability, as a matter of law.

18       28.    "California courts have determined that "individual supervisory

19   employees should not be placed at risk of personal liability . . . for personnel

20   management decisions." *Fiol v. Doellstedt*, 50 Cal.App.4th 1318, 1331, 58

21   Cal.Rptr. 2d 308 (1996); *see also Reno v. Baird*, 18 Cal.4th 640, 646-647 (1998)

22   commonly necessary personnel management actions" include "hiring and firing"). .

23       29.    Indeed, the California Supreme Court has established that individual

24   supervisory employees are not personally liable for "commonly necessary

25   personnel management actions." *Id.*; *see also Janken v. GM Hughes Electronics*,

26   46 Cal.App.4th 55, 64 (1996).  The Supreme Court noted that the potential of

27   individual liability:

28

1
2
3
4
5
6
7
8
9

"would place a supervisory employee in a direct conflict of interest with his or her employer every time that supervisory employee was faced with a personnel decision . . . [It] would coerce the supervisory employee not to make the optimum lawful decision for the employer. Instead, the supervisory employee would be pressed to make whatever decision was least likely to lead to a claim of discrimination against the supervisory employee personally, or likely to lead only to that discrimination claim which could most easily be defended . . . . The insidious pressures of such a conflict present sobering implications for the effective management of our industrial enterprises and other organizations of public concern. We believe that if the Legislature intended to place all supervisory employees in California in such a conflict of interest, the Legislature would have done so by language much clearer than that used here."

10   *Reno*, 18 Cal.4th at 653.

11      30.   It also is well established that managers are shielded from liability

12   when they act within the course and scope of their employment. *Becker v. Welton*

13   *Becket & Assocs.*, 39 Cal.App.3d 815, 822-23 (1974) (sustaining demurrer on the

14   grounds that managerial employees cannot be held liable for acts taken within the

15   course and scope of their employment because such acts are those of the company);

16   *McCabe*, 811 F.2d at 1336 (managers could not be held liable for wrongful

17   discharge and related tort injuries); *Los Angeles Airways v. Davis*, 687 F.2d 321,

18   328 (9th Cir. 1982) (dismissing plaintiff's defamation and intentional infliction of

19   emotional distress claims because plaintiff's allegations failed to overcome the

20   manager's privilege).

21      31.   As explained above, when managers act in the interest of their

22   employer, they are shielded from individual liability regardless of general

23   allegations of improper motive. *Reno*, 18 Cal.4th at 653. The courts of California

24   recognize that imposing liability on managers for their management decisions

25   would have a chilling effect deleterious to the public interest:

26
27
28

No one could reasonably doubt that effective and efficient management of industrial enterprises and other economic organizations is also important to the public welfare. . . . [I]t is manifest that if every personnel manager risked losing his or her home, retirement savings, hope of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1
2

> children's college education, etc., whenever he or she
> made a personnel management decision, management of
> industrial enterprises and other economic organizations
> would be seriously affected.

3
4
5
6
7
8
9

*Janken*, 46 Cal.App.4th at 74; *see also Reno*, 18 Cal.4th at 652. Actions "of a type necessary to carry out the duties of business and personnel management" are those for which a manager should not have to fear liability. *Janken*, 46 Cal.App.4th at 65. The actions O'Colmain allegedly took, (1) advising Plaintiff to apply for FMLA leave; and (2) at another time, giving her a written reprimand, are the type of actions necessary to carry out the duties of personnel management and are not actionable against O'Colmain.

10
11

32.    For these reasons, O'Colmain was fraudulently joined and his citizenship cannot be considered for purposes of determining diversity.

12
13
14

33.    The requirements for diversity jurisdiction as set forth in 28 U.S.C. Section 1441(b) are met because the Plaintiff and Defendants ECFMG and Trowell-Roman are citizens of different states.

15
16

**D.    Amount In Controversy**

17
18
19
20
21
22
23
24
25
26
27
28

34.    While Defendant denies any and all liability to Plaintiff, based on a conservative good faith estimate of the value of the alleged damages in this action controversy in this case well exceeds $75,000, exclusive of interest and costs. It is well settled that in determining whether a complaint meets the $75,000.00 threshold amount in controversy set forth in 28 U.S.C. § 1332(a), a court should consider the aggregate amount of the claims and value of the claims. *Wolde-Meskel v. Vocational Instruction Project*, 166 F.3d 59, 62 (2nd Cir. 1999) (diversity statute confers jurisdiction over entire action, not just specific claims alleged in complaint, and, therefore, claims of single plaintiff are aggregated in order to satisfy amount in controversy). The fact that a complaint fails to specify the total amount of damages in a dollar amount does not deprive this Court of jurisdiction. *See White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may

1    remove suit to federal court notwithstanding the failure of Plaintiff to plead a

2    specific dollar amount in controversy; if the rules were otherwise, "any plaintiff

3    could avoid removal simply by declining to place a specific dollar claim upon its

4    claim"). Defendant need only establish by a preponderance of the evidence that

5    Plaintiff's claim is likely to exceed the jurisdictional minimum. *Sanchez v.*

6    *Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Singer v. State Farm*

7    *Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

8        35.    Here, Plaintiff seeks recovery on several fronts, including

9    compensatory damages for alleged lost past and future wages, and for emotional

10   distress. (Complaint: Prayer for Relief, page 14, lines 1-6). Plaintiff's

11   employment was ended in January 2011 (more than one year ago). At the time of

12   her discharge, Plaintiff's hourly rate was $27.81. (LeHew Dec. ¶ 7). Thus,

13   Plaintiff seeks to recover at least $63,406.80 in alleged lost back pay alone ($27.81

14   x 40 hours a week x 57 weeks since last day worked), (that is, not including front

15   pay and alleged emotional distress damages).

16       36.    In addition, plaintiffs alleging emotional distress as a result of

17   wrongful termination regularly seek in excess of $75,000.00 in such damages.

18   *Keiffer v. Bechtel Corp.*, 65 Cal.App.4th 893, 895 (1998) (California Court of

19   Appeal upheld jury award in excess of $75,000.00 for emotional distress damages);

20   *Silo v. CHW Medical Foundation*, 86 Cal.App.4th 947, 955 (2001) (jury award in

21   excess of $75,000.00 in non-economic damages was upheld in a wrongful

22   termination lawsuit); *Satrap v. Pacific Gas & Elec. Co.*, 42 Cal.App.4th 72, 76

23   (1996) (jury award in excess of $75,000.00 in non-economic damages was upheld);

24   *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)

25   (where plaintiff sought damages for embarrassment, humiliation, and willful,

26   malicious and outrageous conduct, the court held that the defendant could "easily

27   make the case that the claims are more likely than not to reach the federal amount

28   in controversy requirement") .

37.     Plaintiff has alleged several violations of California Government Code § 12945, *et seq.* which authorize attorney fees to a successful litigant.[2]  While Plaintiff seeks an unspecified amount of attorneys' fees, such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant.  *Goldberg v. C.P.C. International, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982); *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002).[3]  "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."  *Brady v. Mercedes-Benz USA, Inc.,* 243 F. Supp 2d 1004, 1011 (N.D. Cal. 2002); *Celestino v. Renal Advantage, Inc.,* 2007 U.S. Dist. LEXIS 33827, *11 (N.D. Cal. 2007)(" the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal").

38.     Plaintiff also requests an unspecified amount in punitive damages. (Complaint, ¶¶ 32, 36, 51, and Prayer for Relief Prayer for Relief).  Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction.  *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).  California juries have returned verdicts with substantial punitive

---

[2] In denying a motion for remand, the court in *Rivera v. Costco Wholesale Corp.,* No. C 08-02202 CW 2008 U.S. Dist. LEXIS 58610 (N.D. Cal. July 11, 2008), allowed the inclusion of unspecified attorneys' fees in calculating the amount in controversy, stating, "Employment discrimination claims require a great deal of preparation and effort to maintain, and … fees will likely become substantial."

[3] As the court in *Simmons,* 209 F. Supp. 2d at 1035, observed, "[a]lthough attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel.  The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages."

1  damage awards in employment discrimination actions.  *Simmons*, 209 F. Supp. 2d

2  at 1033 ("the jury verdicts in these cases amply demonstrate the potential for large

3  punitive damage awards in employment discrimination cases"); *Aucina v. Amoco*

4  *Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of

5  punitive damages is to capture the defendant's attention and deter others from

6  similar conduct, it is apparent that the plaintiff's claim for punitive damages alone

7  might exceed [the jurisdictional amount]").

8          39.    Plaintiff does not limit the amount of damages she is seeking.

9  Considering the aggregate value of Plaintiff's claims, punitive damages, and the

10  opportunity to recover attorneys' fees and interest, the amount in controversy is in

11  excess of $75,000.00.

12          40.    Removal is therefore proper because, from the allegations of the

13  Complaint and the Notice of Removal, it is more likely than not that Plaintiff's

14  claims exceed $75,000.  *Sanchez v. Monumental Life Ins.*, 102 F.3d at 403-04;

15  *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).  Accordingly, the

16  amount in controversy requirement of 28 U.S.C. § 1332 has been met, and this

17  action is removable to this Court pursuant to 28 U.S.C. § 1441.

18  **IV.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN**
19  **SATISFIED**

20          41.    Venue lies in the Central District of California pursuant to 28 U.S.C.

21  §§ 1441, 1446(a), and 84(c).  This action originally was brought in the Superior

22  Court of the State of California, County of Los Angeles, and the alleged harm

23  complained of occurred in the County of Los Angeles.  (Complaint ¶ 3).  Therefore,

24  this is the appropriate court for removal.

25          42.    As required by 28 U.S.C. Section 1446(d), Defendants will provide

26  notice of this removal to Plaintiffs through their attorney of record.

27          43.    As required by 28 U.S.C. Section 1446(d), a copy of this Notice will

28  be filed with the Superior Court of the State of California, County of Los Angeles.

1    44.    Defendants have sought no similar relief.

2    45.    If any question arises as to the propriety of the removal of this action,

3    Defendants request the opportunity to present a brief in support of their position

4    that this case is removable.

5        WHEREFORE, Defendants respectfully request that this action be removed

6    from the Superior Court of the State of California in and for the County of Los

7    Angeles to the United States District Court for the Central District of California,

8    and that all future proceedings in this matter take place in the United States District

9    Court for the Central District of California.

10

11   Dated: February 27, 2012                    MORGAN, LEWIS & BOCKIUS LLP

12

13                                               By

14                                                    KATHRYN T. MCGUIGAN
                                                 Attorneys for Defendant
15                                               EDUCATIONAL COMMISSION FOR
                                                 FOREIGN MEDICAL GRADUATES,
16                                               SHARON TROWELL-ROMAN, and
                                                 PETER O'COLMAIN
17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 22987759.1

Exhibit A

ORIGINAL

1 | LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
GARY R. CARLIN, CSBN: 44945
2 | gary@carlinbuchsbaum.com
BRENT S. BUCHSBAUM, CSBN: 194816
3 | brent@carlinbuchsbaum.com
LAUREL N. HAAG, CSBN: 211279
4 | laurel@carlinbuchsbaum.com
MAYA G. MORALES, CSBN: 245208
5 | maya@carlinbuchsbaum.com
555 East Ocean Blvd., Suite 818
6 | Long Beach, California 90802
Telephone: (562)432-8933; Facsimile: (562)435-1656
7
Attorneys for LESLIE SAKAGUCHI, Plaintiff
8

90245
Ae087

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 19 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Amber La-Fleur-Clayton

Dept Mark Mooney

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

BC477337

| | |
|---|---|
| LESLIE SAKAGUCHI, | CASE NO. |
| Plaintiff; | COMPLAINT FOR DAMAGES |
| vs. | (1) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, an Illinois corporation; SHARON TROWELL-ROMAN, an individual; PETER O'COLMAIN, an individual; and DOES 1 through 250, inclusive, | (2) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; (3) VIOLATION OF CFRA; AND (4) VIOLATION OF LABOR CODE SECTION 233 |
| Defendants | [DEMAND FOR JURY TRIAL] |

COMES NOW the Plaintiff, LESLIE SAKAGUCHI, (who hereinafter shall be referred to as the "Plaintiff" or as "SAKAGUCHI"), who hereby respectfully alleges, avers, and complains, as follows:

//
//

CITY/CASE: BC477337 LEA/DEFH:
RECEIPT #: CCH50305704S
DATE PAID: 01/19/12 02:10:08 PM
PAYMENT: CHECK:
RECEIVED: CASH:
CHANGE:
CARD:
395.00
0310
395.00

**INTRODUCTION**

1.    This is an action brought by the Plaintiff, LESLIE SAKAGUCHI, pursuant to California statutory, decisional, and regulatory laws.  Plaintiff was an employee of Defendants EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (hereinafter referred to as "ECFMG"), at all times herein mentioned.

2.    Plaintiff alleges that California statutory, decisional, and regulatory laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiff has an entitlement to monetary relief on the basis that Defendants violated such statutes, decisional law, and regulations.

**JURISDICTION AND VENUE**

3.    Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Los Angeles County Superior Court Rules.

4.    Venue in this Court is proper in that ECFMG has a principal business address located in the City of El Segundo, County of Los Angeles, State of California.

**PARTIES**

5.    At all times herein mentioned, Plaintiff SAKAGUCHI is and has been a resident of Los Angeles County, State of California.

6.    Defendant ECFMG is and at all times herein mentioned has been a Illinois company with the capacity to sue and to be sued, and doing business, with a principal place of business located at 100 N Sepulveda Blvd., Suite 1300, El Segundo, California 90245.

7.   Defendant SHARON TROWELL-ROMAN (hereinafter referred to as "TROWELL-ROMAN") was at all times herein mentioned a Human Resources Manager of ECFMG, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

8.   Defendant PETER O'COLMAIN (hereinafter referred to as "O'COLMAIN") was at all times herein mentioned a supervisor at ECFMG, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

9.   Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment.  Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced in, adopted, directed, substantially participated in, and/or approved the acts, errors, or omissions, of each remaining Defendant.

10.   The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association, or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

## FACTUAL ALLEGATIONS

11.   Plaintiff became employed by Defendant ECFMG as a patient trainer in or about October

2005.  Plaintiff was terminated by Defendants, and each of them, on or about January 20, 2011 after requesting and taking CFRA leave to care for her seriously ill mother.

12.   In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to the diabetes, heart condition and thyroid problems.  Plaintiff informed her supervisor, Defendant O'COLMAIN, that she was providing care for her seriously ill mother.  Specifically, Plaintiff informed him that the care provided was unpredictable and that sometimes it was difficult to administer her mother's medication in a way that allowed her to get to work exactly on time every day.  Defendant O'COLMAIN told Plaintiff to apply for FMLA leave for the flexible work schedule she was requesting.

13.   In or about July 2010, Plaintiff submitted a FMLA request that was signed by her mother's physician.  This request stated that Plaintiff needed a flexible work schedule with regard to her start/stop time because her mother was sometimes non-compliant with taking her medication.

14.   Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at work 10 - 20 minutes late due to her providing care for her seriously ill mother.

15.   Thereafter, Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's mother's physician to remove the part of the FMLA request that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications.  Defendant ECFMG interfered with the request for periodic leave by Plaintiff by pressuring her mother's physician to remove that part of the request without giving the doctor any time for real analysis or consultation with Plaintiff about why she felt the flexibility with her start time was necessary.

16.   Plaintiff is informed and believes that Defendant ECFMG removed that part of the

1   request itself via an alleged "addendum" without having an interactive process between

2   Plaintiff, the physician, and Defendant ECFMG.

3

4   17.   Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or

5   about October 2010.

6

7   18.   Plaintiff was thereafter abruptly terminated on January 20, 2011 for having too many

8   tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore,

9   not excused.

10

11   19.   Plaintiff is informed and believes that she was terminated because of her protected

12   activity, as described above.

13

14   **FIRST CAUSE OF ACTION**

15   **(Wrongful Termination in Violation of Public Policy)**

16   **(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

17

18   20.   The allegations of paragraphs 1 through 19 are re-alleged and incorporated herein by

19   reference as though set forth at length.

20

21   21.   At all times herein mentioned in this complaint, California Government Code Section

22   12945.2 et seq. and California Labor Code section 233 were in full force and effect and

23   were binding on the Defendants and the Defendants were subject to their terms, and

24   therefore Defendant was required to refrain from violations of public policy, including

25   retaliatory actions against Plaintiff on account of her taking a protected CFRA/FMLA

26   leave to care for her seriously ill mother, as alleged in more detail above.

27

28   22.   Plaintiff became employed by Defendant ECFMG as a patient trainer in or about October

1    2005. Plaintiff was terminated by Defendants, and each of them, on or about January 20,

2    2011 after requesting and taking CFRA leave to care for her seriously ill mother.

3

4  23.    In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to

5          the diabetes, heart condition and thyroid problems. Plaintiff informed her supervisor,

6          Defendant O'COLMAIN, that she was providing care for her seriously ill mother.

7          Specifically, Plaintiff informed him that the care provided was unpredictable and that

8          sometimes it was difficult to administer her mother's medication in a way that allowed

9          her to get to work exactly on time every day. He told Plaintiff to apply for FMLA leave

10         for the flexible work schedule she was requesting.

11

12  24.   In or about July 2010, Plaintiff submitted a FMLA request that was signed by her

13        mother's physician. This request stated that Plaintiff needed a flexible work schedule

14        with regard to her start/stop time because her mother was sometimes non-compliant with

15        taking her medication.

16

17  25.   Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at

18        work 10 - 20 minutes late due to her providing care for her seriously ill mother.

19

20  26.   Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's

21        mother's physician to remove the part of the FMLA request that stated that Plaintiff

22        would arrive late if her mother was non-compliant with taking her medications.

23        Defendant ECFMG interfered with the request for periodic leave by Plaintiff by

24        pressuring her mother's physician to remove that part of the request without giving the

25        doctor any time for real analysis or consultation with Plaintiff about why she felt the

26        flexibility with her start time was necessary.

27

28  27.   Plaintiff is informed and believes that Defendant ECFMG removed that part of the

1    request itself via an alleged "addendum" without having an interactive process between

2    Plaintiff, the physician, and Defendant ECFMG.

3

4    28.    Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or

5           about October 2010.

6

7    29.    Plaintiff was thereafter abruptly terminated on January 20, 2011 for having too many

8           tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore,

9           not excused.

10

11   30.    Defendants' above described conduct is in violation of various statutes and the decisional

12          law of this state and country, including but not limited to California Government Code

13          Section 12945.2 et seq.  and in violation of Labor Code section 233.

14

15   31.    As a direct and legal result of Defendants' discrimination and retaliatory actions against

16          Plaintiff, Plaintiff has suffered and continues to suffer general, consequential and special

17          damages including but not limited to substantial losses in earnings, other employment

18          benefits, physical injuries, physical sickness, as well as emotional distress, plus medical

19          expenses, future medical expenses, and attorneys' fees, all to her damage in an amount

20          according to proof.

21

22   32.    Said termination was wrongful and justifies the imposition of punitive damages since the

23          termination was against public policy.  Defendants intentionally discriminated against

24          Plaintiff on account of her protected activity and classification, and in doing so,

25          Defendants acted maliciously, fraudulently and oppressively, with the wrongful intention

26          of injuring Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive

27          damages from Defendants and each of them, in an amount according to proof.

28

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (SAKAGUCHI Against Defendants ECFMG,

### TROWELL-ROMAN, O'COLMAIN and DOES 1 through 250)

33. The allegations of paragraphs 1 through 32 are re-alleged and incorporated herein by reference as though fully set forth herein.

34. Defendants' conduct of, including but not limited to, subjecting Plaintiff to retaliation for having taken protected (periodic) CFRA leave and interfering with Plaintiff's request for CFRA leave, and ultimately terminating her employment for having taken protected leave, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct, as described in more detail above.

35. As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, attorneys' fees, and other damages to be determined at trial according to proof.

36. Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

///

///

**THIRD CAUSE OF ACTION**

**(Violation of Gov. Code §12945.2 (California Family Rights Act))**

**(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

37.   The allegations of paragraphs 1 through 36 are re-alleged and incorporated herein by reference as though fully set forth herein.

38.   Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging inter alia violations of Government Code § 12945.2, and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued Right to Sue Letters, conferring jurisdiction on this court over these claims.

39.   Defendant ECFMG is a business entity regularly employing at least the minimum number of employees upon which legal duties and obligations arise under various laws and statutes, including the Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA").

40.   In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to the diabetes, heart condition and thyroid problems.  Plaintiff informed her supervisor, Defendant O'COLMAIN, that she was providing care for her seriously ill mother. Specifically, Plaintiff informed him that the care provided was unpredictable and that sometimes it was difficult to administer her mother's medication in a way that allowed her to get to work exactly on time every day.  He told Plaintiff to apply for FMLA leave for the flexible work schedule she was requesting.

41.   In or about July 2010, Plaintiff submitted a FMLA request that was signed by her mother's physician.  This request stated that Plaintiff needed a flexible work schedule

COMPLAINT

-9-

1    with regard to her start/stop time because her mother was sometimes non-compliant with

2    taking her medication.

3

4    42.   Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at

5          work 10 - 20 minutes late due to her providing care for her seriously ill mother.

6

7    43.   Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's

8          mother's physician to remove the part of the FMLA request that stated that Plaintiff

9          would arrive late if her mother was non-compliant with taking her medications.

10         Defendant ECFMG interfered with the request for periodic leave by Plaintiff by

11         pressuring her mother's physician to remove that part of the request without giving the

12         doctor any time for real analysis or consultation with Plaintiff about why she felt the

13         flexibility with her start time was necessary.

14

15   44.   Plaintiff is informed and believes that Defendant ECFMG removed that part of the

16         request itself via an alleged "addendum" without having an interactive process between

17         Plaintiff, the physician, and Defendant ECFMG.

18

19   45.   Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or

20         about October 2010.

21

22   46.   Plaintiff was thereafter abruptly terminated on January 20, 2011 for having too many

23         tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore,

24         not excused.

25

26   47.   At all time herein mentioned in this Complaint, Government Code §12945.2, was in full

27         force and effect and was binding on the Defendants and the Defendants were subject to its

28         terms, and Plaintiff qualified for leave under the statute.  Plaintiff had not exceeded her

CFRA/FMLA leave of 12 weeks. Nevertheless, Defendants wrongfully terminated the Plaintiff for reasons in a manner contrary to public policy, on a pre-textual basis, as a result of and in retaliation for Plaintiff exercising her right to take medical leave, in direct violation of Government Code §12945.2.

48. Plaintiff engaged in protected activity, in that she exercised her right under family care qualifying leave, pursuant to Government Code §12945.2. As a direct result of her having taken protected leave, Plaintiff was terminated for having taken that protected leave. Further, Defendants attempted to interfere with the doctor's determination that the leave was a reasonable request by Plaintiff given the situation.

49. Defendants conduct above described is in violation of various statutes and state law decisions, including Government code §12945.2.

50. As a direct and legal result of Defendants' retaliatory actions against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

51. Said termination and retaliation was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendants committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by terminating her because she took a protected medical leave, knowing that she qualified for protected leave under CFRA and that she had not exhausted her entitlement to leave under CFRA at the time of her termination. Based upon the

1    foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of

2    them, in an amount according to proof.

3

4    **FOURTH CAUSE OF ACTION**

5    **(Violation of Labor Code Section 233)**

6    **(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

7

8    52.    The allegations of paragraphs 1 through 51 are re-alleged and incorporated herein by

9    reference as though fully set forth herein.

10

11    53.    California Labor Code §233 provides that "[a]ny employer who provides sick leave for

12    employees shall permit an employee to use in any calendar year the employee's accrued

13    and available sick leave entitlement, in an amount not less than the sick leave that would

14    be accrued during six months at the employee's then current rate of entitlement, to attend

15    to an illness of a child, parent, spouse, or domestic partner of the employee." Further, no

16    employer shall "deny an employee the right to use sick leave or discharge... an employee

17    for using, or attempting to exercise the right to use, sick leave to attend to an illness of ...a

18    parent...of the employee." California Labor Code §233.

19

20    54.    In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to

21    the diabetes, heart condition and thyroid problems. Plaintiff informed her supervisor,

22    Defendant O'COLMAIN, that she was providing care for her seriously ill mother.

23    Specifically, Plaintiff informed him that the care provided was unpredictable and that

24    sometimes it was difficult to administer her mother's medication in a way that allowed

25    her to get to work exactly on time every day. He told Plaintiff to apply for FMLA leave

26    for the flexible work schedule she was requesting.

27

28

55. In or about July 2010, Plaintiff submitted a FMLA request that was signed by her mother's physician. This request stated that Plaintiff needed a flexible work schedule with regard to her start/stop time because her mother was sometimes non-compliant with taking her medication.

56. Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at work 10 - 20 minutes late due to her providing care for her seriously ill mother.

57. Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's mother's physician to remove the part of the FMLA request that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications.

58. Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or about October 2010.

59. Plaintiff was thereafter abruptly terminated on January 20, 2011 for having too many tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore, not excused.

60. Plaintiff alleges that she was entitled to sick leave that she could have used intermittently to provide periodic care to her mother in the mornings. However, Defendants did not offer this option to Plaintiff and instead terminated her employment for having arrived at work late due to her providing care to her sick mother.

61. Plaintiff is therefore entitle to reinstatement and to actual damages or one day's pay,

1   which ever is greater, and to appropriate equitable relief from Defendants.  In addition,

2   Plaintiff is entitled to an award of reasonable attorney's fees.

3

4                                    **PRAYER**

5

6   1.   For damages according to proof, including loss of earnings, deferred compensation,

7        overtime and other employment benefits;

8   2.   For general damages, according to proof;

9   3.   For other special damages according to proof, including but not limited to reasonable

10       medical expenses;

11  4.   For punitive damages according to proof;

12  5.   For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in

13       obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights as set

14       forth above and pursuant to Labor Code section 1194; and

15

16  6.   For such other and further relief as the court deems just and proper.

17

18  Dated: January 12, 2012              THE LAW OFFICES OF CARLIN & BUCHSBAUM

19                                       A Limited Liability Partnership

20

21                                       By_____

22                                       Maya G. Morales, Attorneys for Plaintiff,
                                         LESLIE SAKAGUCHI

23

24  ///

25  ///

26  ///

27  ///

28

1

## DEMAND FOR JURY TRIAL

2

3       Plaintiff hereby respectfully demands a jury trial.

4

5

6  Dated: January 12, 2012      THE LAW OFFICES OF CARLIN & BUCHSBAUM

7                        A Limited Liability Partnership

8

9                    By_____

10                    Maya G. Morales, Attorneys for Plaintiff,

                        LESLIE SAKAGUCHI

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

**ORIGINAL**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Bar number, and address):
Maya G. Morales, CSBN: 245208
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

TELEPHONE NO.: (562)432-8933   FAX NO.: (562)435-1656
ATTORNEY FOR (Name): Leslie Sakaguchi, Plaintiff
SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
  STREET ADDRESS: 111 N. Hill Street
  MAILING ADDRESS: 111 N. Hill Street
  CITY AND ZIP CODE: Los Angeles, California 90012
  BRANCH NAME: Central

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 19 2012

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Amber La-Fleur-Clayton

CASE NAME: SAKAGUCHI v. EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **BC 477337** |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

**4.** Number of causes of action (specify): Four (4)

**5.** This case [ ] is [X] is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 18, 2012

Maya G. Morales, CSBN: 245208
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Legal Solutions Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

| SHORT TITLE: SAKAGUCHI v. EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al. | CASE NUMBER  BC477337 |
|---|---|

**ORIGINAL**

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5-7 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps -- If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109



| SHORT TITLE: | SAKAGUCHI v. EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: SAKAGUCHI v. EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al. | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

 

| SHORT TITLE: SAKAGUCHI v. EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. [x]2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 100 N. Sepulveda Blvd., Suite 1300 |
|---|---|

| CITY: El Segundo | STATE: CA | ZIP CODE: 90245 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 18, 2012___

(SIGNATURE OF ATTORNEY/FILING PARTY)
Maya G. Morales, CSBN: 245208

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

| Attorney or Party without Attorney: | | | For Court Use Only |
|---|---|---|---|
| GARY R. CARLIN<br>555 EAST OCEAN BLVD.<br>SUITE 818<br>LONG BEACH, CA 90802<br>Telephone No: 562 432-8933 | | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS AN...<br>FEB 0 3 2012 |
| Attorney for: Plaintiff | Ref. No. or File No.: | | John A. Clark... |
| Insert name of Court, and Judicial District and Branch Court: | | | By _____<br>GLORIETT... |
| LOS ANGELES SUPERIOR COURT CENTRAL | | | |
| Plaintiff: SAKAGUCHI | | | |
| Defendant: EDUCATIONAL COMMISSION | | | |

| PROOF OF SERVICE SUMMONS & COMPLANT | Hearing Date: | Time: | Dept/Div: 68 | Case Number: BC477337 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, ADR, RIGHT TO SUE LETTERS

*3. a. Party served:*              EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, AN ILLINOIS CORPORATION

    *b. Person served:*       MARGARET WILSON, AUTHORIZED TO ACCEPT SERVICE

*4. Address where the party was served:*    CT CORPORATION
                                      818 W. 7TH ST.
                                      LOS ANGELES, CA 90017

*5. I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Jan. 26, 2012 (2) at: 1:10PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:*  EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, AN ILLINOIS CORPORATION
    Under CCP 416.10 (corporation)

*7. Person Who Served Papers:*                       Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. ORIN NESBITT
    b. **A & M ATTORNEY SERVICE, INC.**        d.  *The Fee for Service was:*  $41.50
       P.O. BOX 7881                       e.  I am: (3) registered California process server
       LONG BEACH,, CA 90807                    *(i)*  Owner
    c. 562 426-8306                           *(ii)*  *Registration No.:*  3809
                                             *(iii)*  *County:*

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
    Date:
           Mon, Jan. 30, 2012                                           (ORIN NESBITT)

Judicial Council Form POS-010                **PROOF OF SERVICE**                      *carli.60872*
Rule 2.150.(a)&(b) Rev January 1, 2007        **SUMMONS & COMPLANT**

**ORIGINAL**

| Attorney or Party without Attorney: GARY R. CARLIN 555 EAST OCEAN BLVD. SUITE 818 LONG BEACH, CA 90802 Telephone No: 562 432-8933 | For Court Use Only |
|---|---|
| Attorney for: Plaintiff | **FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |
| Insert name of Court, and Judicial District and Branch Court: LOS ANGELES SUPERIOR COURT CENTRAL | Ref. No. or File No.: FEB 2 2 2012 John A. Clarke, Executive Officer/Clerk BY _____, Deputy Rosena Juliano |
| Plaintiff: SAKAGUCHI Defendant: EDUCATIONAL COMMISSION | |

| PROOF OF SERVICE SUMMONS & COMPLANT | Hearing Date: | Time: | Dept/Div: 68 | Case Number: BC477337 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons And Complaint; Civil Case Cover Sheet Addendum And Statement Of Location, Notice Of Case Assignment, Adr, Right To Sue Letters

3. a. Party served:      SHARON TROWELL-ROMAN, AN INDIVIDUAL
   b. Person served:      PETER OCOLMAIS - PERSON IN CHARGE

4. Address where the party was served:      100 N. SEPULVEDA BLVD. SUITE 100 EL SEGUNDO, CA 90245

5. I served the party:
   b. **by substituted service.** On: Thu., Feb. 02, 2012 at: 3:04PM by leaving the copies with or in the presence of:
        PETER OCOLMAIS - PERSON IN CHARGE
   (1) **(Business)** a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
   (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the document on: Wed., Feb. 08, 2012 from: LONG BEACH., CA
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   a. as an individual defendant

7. **Person Who Served Papers:**      Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JUSTIN D. EISER                d. **The Fee for Service was:** $51.50
   b. **A & M ATTORNEY SERVICE, INC.**     e. I am: (3) registered California process server
        P.O. BOX 7881                          *(i)*    Owner
        LONG BEACH,, CA 90807            *(ii)*    *Registration No.:*    PSC2572
   c. 562 426-8306                              *(iii)*   *County:*          Orange

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   **Date:**
        Thu, Feb. 09, 2012

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

PROOF OF SERVICE
SUMMONS & COMPLANT

(JUSTIN D. EISER)

carli.60873

| Attorney or Party without Attorney: | | | | | For Court Use Only |
|---|---|---|---|---|---|
| GARY R. CARLIN<br>555 EAST OCEAN BLVD.<br>SUITE 818<br>LONG BEACH, CA 90802 | | | | | |

*Telephone No:* 562 432-8933

*Ref. No or File No.:*

*Insert name of Court, and Judicial District and Branch Court:*
LOS ANGELES SUPERIOR COURT CENTRAL

*Plaintiff:* SAKAGUCHI

*Defendant:* EDUCATIONAL COMMISSION

| **AFFIDAVIT OF**<br>**REASONABLE DILIGENCE** | *Hearing Date:* | *Time:* | *Dept/Div* 06 | *Case Number:*<br>BC477337 |
|---|---|---|---|---|

1. I, JUSTIN D. EISER, and any employee or independent contractors retained by A & M ATTORNEY SERVICE, INC. are and were on the dates mentioned herein over the age of eighteen years and not a party to this action. Personal service was attempted on Defendant SHARON TROWELL-ROMAN, AN INDIVIDUAL as follows:

2. *Documents:* SUMMONS AND COMPLAINT CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, ADR, RIGHT TO SUE LETTERS.

| Day | Date | Time | Location | Results |
|---|---|---|---|---|
| Tue | 01/24/12 | 2:39pm | Business | NOT IN Attempt made by: JUSTIN D. EISER. Attempt at: 100 N. SEPULVEDA BLVD. SUITE 100 EL SEGUNDO CA 90245. |
| Wed | 01/25/12 | 9:36am | Business | NOT IN Attempt made by: JUSTIN D. EISER. Attempt at: 100 N. SEPULVEDA BLVD. SUITE 100 EL SEGUNDO CA 90245. |
| Wed | 01/25/12 | 3:13pm | Business | NOT IN Attempt made by: JUSTIN D. EISER. Attempt at: 100 N. SEPULVEDA BLVD. SUITE 100 EL SEGUNDO CA 90245. |
| Thu | 02/02/12 | 3:04pm | Business | Substituted Service on: SHARON TROWELL-ROMAN, AN INDIVIDUAL Business - 100 N. SEPULVEDA BLVD. SUITE 100 EL SEGUNDO, CA 90245 by Serving: PETER OCOLMAIS - PERSON IN CHARGE a Person in charge at least 18 years of age apparently in charge of the office or usual place of business of the person served. Served by: JUSTIN D. EISER |
| Wed | 02/08/12 | | | Mailed copy of Documents to: SHARON TROWELL-ROMAN, AN INDIVIDUAL |

3. *Person Executing*
   a. JUSTIN D. EISER
   b. A & M ATTORNEY SERVICE, INC.
      P.O. BOX 7881
      LONG BEACH,, CA 90807
   c. 562 426-8306

Recoverable Costs Per CCP 1033.5(a)(4)(B)
   d. *The Fee* for service was: $51.50
   e. *I am:* (3) registered California process server
      *(i)* Owner
      *(ii) Registration No.:* PSC2572
      *(iii) County:* Orange

4. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   Date: Thu, Feb. 09, 2012

AFFIDAVIT OF REASONABLE DILIGENCE(JUSTIN D. EISER)

carli.60873

| Attorney or Party without Attorney: | | For Court Use Only |
|---|---|---|
| GARY R. CARLIN<br>555 EAST OCEAN BLVD.<br>SUITE 818<br>LONG BEACH, CA  90802<br>Telephone No: 562 432-8933 | | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>FEB 1 0 2012 |
| Attorney for: Plaintiff | Ref. No. or File No.: | John A. Clarke, Executive Officer/Clerk<br>BY _____, Deputy<br>Shaunya Wesley |

**ORIGINAL**

Insert name of Court, and Judicial District and Branch Court:
LOS ANGELES SUPERIOR COURT CENTRAL
Plaintiff: SAKAGUCHI
Defendant: EDUCATIONAL COMMISSION

| **PROOF OF SERVICE<br>SUMMONS & COMPLANT** | Hearing Date: | Time: | Dept/Div:<br>68 | Case Number:<br>BC477337 |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS AND COMPLAINT; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION, NOTICE OF CASE ASSIGNMENT, ADR, RIGHT TO SUE LETTERS

*3. a. Party served:*  PETER O'COLMAIN, AN INDIVIDUAL

*4. Address where the party was served:*  100 N. SEPULVEDA BLVD.<br>SUITE 100<br>EL SEGUNDO, CA  90245

*5. I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Thu., Feb. 02, 2012 (2) at: 3:09PM

*6. The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

*7. Person Who Served Papers:*  Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JUSTIN D. EISER
   **b. A & M ATTORNEY SERVICE, INC.**
      P.O. BOX 7881
      LONG BEACH,, CA  90807
   c. 562 426-8306

   d. **The Fee for Service was:**  $20.00
   e. I am: (3) registered California process server
      (i)  Owner
      (ii)  Registration No.:  PSC2572
      (iii)  County:  Orange

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*
   Date:
      Mon, Feb. 06, 2012

| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF SERVICE<br>SUMMONS & COMPLANT** | (JUSTIN D.  EISER) | carli.60874 |

1

## PROOF OF SERVICE

2      I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, CA  90071-3132.  On February 27, 2012, I served a copy of the within document(s):

3

4

5      **NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA; DECLARATION OF BETTY LEHEW IN SUPPORT THEREOF**

6

7      ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

8

9      ☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

10

11     ☐    by placing the document(s) listed above in a sealed  envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a  agent for delivery.

12

13     ☐    by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

14

15     ☐    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

16

17     **Law Offices of Carlin & Buchsbaum, LLP**
Gary R. Carlin
Brent S. Buchsbaum
Laurel N. Haag
Maya G. Morales
555 East Ocean Boulevard, Suite 818
Long Beach, CA  90802
T: 562.432.8933 / F:562.435.1656

18

19

20

21     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

22

23

24     Executed on February 27, 2012, at Los Angeles, California.

25     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

26

27

28     Connie Torres-Gabig

DB2/ 22987759.1