1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORGAN, LEWIS & BOCKIUS LLP
BARBARA A. FITZGERALD, SBN 151038
SALVATORE PICARIELLO, SBN 190442
KATHRYN T. MCGUIGAN, SBN 232112
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
T:  213.612.2500 / F:  213.612.2501
bfitzgerald@morganlewis.com
spicariello@morganlewis.com
kmcguigan@morganlewis.com

Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
SHARON TROWELL-ROMAN, and PETER
O'COLMAIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SAKAGUCHI,<br><br>                    Plaintiff,<br><br>          vs.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, an Illinois corporation, SHARON TROWELL-ROMAN, an individual; PETER O'COLMAIN, an individual; and Does 1 through 250, inclusive,<br><br>                    Defendants. | Case No. CV 12-1637 GAF (FFMx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[FRCP 12(b)(6)]<br><br>[Declaration of Kathryn T. McGuigan and (Proposed) Order Filed Concurrently Herewith]<br><br>Date:          April 16, 2012<br>Time:          9:30 a.m.<br>Courtroom:   740<br>Judge:        Hon. Gary A. Feess |

**TO PLAINTIFF AND HER ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE THAT** on April 16, 2012 at 9:30 a.m., or as

soon thereafter as the matter may be heard before the Honorable Gary A. Feess, in

Courtroom 740 of the United States District Court for the Central District of

California, located at 255 East Temple Street, Los Angeles, CA 90012, Defendants

Educational Commission for Foreign Medical Graduates ("ECFMG"), Sharon

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

Trowell-Roman ("Trowell-Roman"), and Peter O'Colmain ("O'Colmain") will and hereby do move this Court for an Order dismissing and striking portions of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP").

This Motion is made on the grounds that the claims set forth in the Complaint fail to meet the pleading standards enunciated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). The Court should also dismiss the Second Cause of Action for Intentional Infliction of Emotional Distress as alleged against individual defendants Trowell-Roman and O'Colmain, as they cannot be subject to liability for the alleged public policy violations which caused Plaintiff's alleged emotional distress.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3 of the United States District Court for the Central District of California. Defendants' counsel raised the issues set forth herein and in the accompanying Memorandum of Points and Authorities, but Plaintiff refused to dismiss her Complaint and/or any of the claims asserted against Defendants.[1] Therefore, Defendants had no choice but to ask the Court to resolve this dispute. *See* McGuigan Decl., ¶¶ 2, 3.

Defendants' Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed declaration of Kathryn T. McGuigan ("McGuigan Decl."), all matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the files and records in this action, and on such other and further argument and evidence as may be presented at or before the hearing on this matter.

Dated:  March 19, 2012              MORGAN, LEWIS & BOCKIUS LLP


                          By   /s/ Kathryn T. McGuigan
                                Kathryn T. McGuigan
                                Attorneys for Defendants

---

[1] Plaintiff did agree to remove her prayer for fees under Labor Code section 1194 which has been confirmed in writing. McGuigan Decl. ¶¶ 2, 3.

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

I.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.    RELEVANT ALLEGATIONS .................................................... 2

III.   PLAINTIFF HAS FAILED TO STATE ANY CLAIM FOR RELIEF .......... 2

    A.   Standards Governing Motion to Dismiss Under Rule 12(b)(6) ........... 2

    B.   Plaintiff Has Not Sufficiently Alleged A Claim For Wrongful
       Termination ...................................................................... 3

    C.   Plaintiff's Claim For Intentional Infliction of Emotional Distress
       Must Be Dismissed ............................................................. 6

       1.   Plaintiff Has Not Alleged Any Outrageous Conduct ................ 6

    D.   As To Individual Defendants, Plaintiff's Second Cause Of
       Action For Intentional Infliction Of Emotional Distress Is
       Preempted By The Workers' Compensation Act ................................ 7

    E.   Plaintiff's Claim Under The California Family Rights Act Must
       Be Dismissed ..................................................................... 8

    F.   Plaintiff Has Failed To State A Claim Under California Labor
       Code Section 233 .............................................................. 11

IV.    CONCLUSION .................................................................. 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DB2/ 23038368.1

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Ashcroft v. Iqbal*
  556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................................ 1, 3

*Bell Atlantic Corp. v. Twombly*
  550 U.S. 544 (2007) ................................................................................... 1, 2, 3

*Brown v. Eastern Maine Med. Center*
  514 F.Supp.2d 104 (D. Maine 2007) ...................................................... 9, 10, 11

*Collins v. NTN-Bower Corp.*
  272 F.3d 1006 (7th Cir. 2001) ............................................................................ 9

*In re Graphics Processing Units Antitrust Litig.*
  2007 U.S. Dist. LEXIS 57982 (N.D. Cal. July 24, 2007) ................................... 3

*Siddoway v. Bank of America*
  748 F. Supp. 1456 (N.D. Cal. 1990) ................................................................... 6

## CALIFORNIA CASES

*City of Moorpark v. Superior Court*
  18 Cal. 4th 1143 (1998) ...................................................................................... 4

*Cole v. Fair Oaks Fire Protection District*
  43 Cal. 3d 148 (1987) ......................................................................................... 6

*Dudley v. Dept. of Transp.*
  90 Cal. App. 4th 255 (2001) ............................................................................... 9

*Fermino v. Fedco, Inc.*
  7 Cal. 4th 701 (1994) .......................................................................................... 8

*Gibbs v. American Airlines*
  74 Cal. App. 4th 1 (1999) ................................................................................... 8

*Green v. Ralee Engineering Co.*
  19 Cal. 4th 66 (1998) .......................................................................................... 4

*Janken v. GM Hughes Electronics*
  46 Cal. App. 4th 55 (1996) .............................................................................. 6, 7

*Livitsanos v. Superior Court*
    2 Cal. 4th 744 (1992) ................................................................................. 8

*McCarther v. Pacific Telesis Group*
    48 Cal. 4th 104 (2010) ............................................................................ 12

*Melorich Builders, Inc. v. Superior Court*
    160 Cal. App. 3d 931 (1984) ..................................................................... 6

*Shoemaker v. Myers*
    52 Cal. 3d 1 (1990) .................................................................................... 8

*Stevenson v. Superior Court*
    16 Cal. 4th 880 (1997) ............................................................................... 3

*Turner v. Anheuser Busch, Inc.*
    7 Cal. 4th 1238 (1994) ............................................................................... 4

*Yanowitz v. L'Oreal USA, Inc.*
    36 Cal. 4th 1028 (2005) ............................................................................. 4

## FEDERAL STATUTES

29 USC § 2613(b)(7) ........................................................................................ 9

Fed. Rule Civ. Proc 12(b)(6) .......................................................................... 2

29 CFR § 25.202 ............................................................................................... 9

29 CFR § 825.114(e) ..................................................................................... 10

29 CFR § 825.117 ............................................................................................ 9

## CALIFORNIA STATUTES

Calif. Gov't Code § 12945.2 ....................................................................... 4, 8

California Workers' Compensation Act (California Labor Code §§ 3600 et
    seq.) .......................................................................................................... 6

Cal. Labor Code § 233 ........................................................................... passim

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

DB2/ 23038368.1

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Leslie Sakaguchi's  ("Plaintiff") Complaint is defective and, thus, Defendants Educational Commission For Foreign Medical Graduates ("ECFMG"), Sharon Trowell-Roman ("Trowell-Roman"), and Peter O'Colmain ("O'Colmain"), (collectively "Defendants") hereby request that this Court enter an Order dismissing the Complaint in its entirety as against all Defendants.  Plaintiff's Complaint is a textbook example of "unadorned accusations," "labels and conclusions," "formulaic recitations," "conclusory statements," and "threadbare recitals of causes of action" that the Supreme Court has found will not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  Plaintiff attempts to recite the elements and requirements of her claims, but then simply alleges in conclusory fashion that Defendants have violated the law.  Plaintiff provides no relevant factual allegations sufficient to support her claims in this action.  Because the mere recitation of legal elements of each cause of action, without more, is insufficient to state a claim under *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiff's Complaint fails to meet the minimum federal pleading standards required to state a right to relief under Federal Rules of Civil Procedure ("FRCP") Rule 8.

In addition to failing to satisfy basic pleading requirements, Plaintiff's claims fail for a number of other reasons. Specifically, Plaintiff's wrongful termination in violation of public policy claim fails does not set forth a violation of the underlying statutes and fails.  Therefore Plaintiff's claim for intentional infliction of emotional distress fails because Plaintiff does not allege any outrageous conduct.  Such a claim also cannot be maintained against individual supervisors because it is preempted by the California Workers' Compensation Act.  Plaintiff's claim under the California Family Rights Act fails because the statute does not provide for unscheduled and unpredictable absences.  Finally, Plaintiff's claim under Labor

1  Code §233 fails, as Plaintiff has made no attempt to provide any facts in support of
2  her claim, including the provisions of ECFMG's sick leave policy, an essential
3  element to the cause of action.

4  For these and other reasons set forth below, Defendants respectfully request
5  that this Court grant the instant Motion and dismiss Plaintiff's Complaint without
6  leave to amend.

7  **II.**    <u>**RELEVANT ALLEGATIONS**</u>

8  On January 19, 2012, Plaintiff filed her unverified Complaint in the Los
9  Angeles County Superior Court, alleging that here employment was wrongfully
10  terminated in violation of public policy, subjected to intentional infliction of
11  emotional distress, and that ECFMG violated the California Family Rights Act and
12  California Labor Code section 233.  (*See* Complaint, attached as Exhibit A to
13  Notice of Removal).  [Dkt. #1].

14  On February 27, 2012, Defendants filed a timely Notice of Removal of the
15  action to this Court.  [Dkt. #1].  Subsequently, pursuant to Local Rule 8-3, the
16  parties filed a Joint Stipulation to Extend Time to Respond to Plaintiff's Complaint
17  by fourteen calendar days.  [Dkt. #6].  The instant Motion to Dismiss under FRCP
18  12(b)(6) is filed timely in response to Plaintiff's Complaint.

19  **III.**    <u>**PLAINTIFF HAS FAILED TO STATE ANY CLAIM FOR RELIEF**</u>
20  **A.**    <u>**Standards Governing Motion to Dismiss Under Rule 12(b)(6)**</u>

21  A complaint can survive a motion to dismiss under FRCP 12(b)(6) only
22  where the plaintiff alleges "***enough*** *facts* to state a claim for relief that is plausible
23  on its face." *Twombly*, 550 U.S. at 570 (emphasis added).  If the allegations do not
24  move the "claims across the line from conceivable to plausible, [the] complaint
25  must be dismissed."  *Id.*  The Supreme Court made clear that it is not proper to
26  assume that a plaintiff can prove facts not alleged in the complaint or that the
   defendants have violated laws in ways not alleged.  *See id.* at 563, n. 8.  A plaintiff

1  must include factual allegations sufficient to "raise a right to relief above the

2  speculative level." *Id.* at 555.  Factual allegations must "possess enough heft to

3  show that the pleader is entitled to relief." *Id.* at 545 (citation omitted).  Plaintiff

4  must plead a "statement of circumstances, occurrences, and events in support of the

5  claim presented." *Id.* at 556, n.3 (citation omitted).  Legal conclusions must be

6  supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950.  "Threadbare recitals of

7  the elements of a cause of action, supported by mere conclusory statements, do not

   suffice." *Id.* at 1949.

8        The purpose of testing a pleading pursuant to *Twombly* and *Iqbal* is to ensure

9  that the plaintiff suffered an injury for which liability is plausible.  The plaintiff

10  must first plausibly allege that she was actually injured before forcing the parties

11  and the court to embark on long and expensive litigation. *Twombly*, 550 U.S. at

12  559 (explaining that it is only by requiring sufficient detail in the pleadings "that we

13  can hope to avoid the potentially enormous expense of discovery in cases with no

14  reasonably founded hope that the [discovery] process will reveal relevant

15  evidence"); *In re Graphics Processing Units Antitrust Litig.*, 2007 U.S. Dist.

16  LEXIS 57982, *21-23 (N.D. Cal. July 24, 2007) (explaining that allowing

17  discovery prior to determining the sufficiency of allegations in cases involving

18  potentially burdensome discovery would "defeat one of the rationales of

19  *Twombly*").  "[W]hen the allegations in a complaint, however true, could not raise a

20  claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the

21  point of minimum expenditure of time and money by the parties and the court.'"

22  *Twombly*, 550 U.S. at 558 (citation omitted).  Dismissal of claims failing to meet

23  the *Twombly* standard is especially vital for cases in which the threat of discovery

    "will push cost-conscious defendants to settle even anemic cases." *Id.* at 559.

24        For the reasons set forth below, Plaintiff's Complaint does not come close to

25  satisfying the standards set forth in *Twombly* and *Iqbal*.  Accordingly, this Court

26  should dismiss this action in its entirety.

**B.     Plaintiff Has Not Sufficiently Alleged A Claim For Wrongful Termination.**

Plaintiff's First Cause of Action attempts to bring a claim against ECFMG for wrongful termination in violation of public policy.  To succeed on such a claim, Plaintiff must show a causal nexus between her termination and an activity protected by a fundamental public policy.  *Stevenson v. Superior Court,* 16 Cal. 4th 880, 895 (1997); *Turner v. Anheuser Busch, Inc.,* 7 Cal. 4th 1238, 1253 (1994).  Protected activity includes, for example, refusing to violate a statute, performing a statutory obligation, exercising a statutory right, or reporting a violation of a statute of public importance.  *Turner,* 7 Cal. 4th at 1256.

Here, Plaintiff alleges that Defendant has violated "various statutes and decisional law of the state and this country, including but not limited to California Government Code Section 12945.2 *et seq.*(California Family Rights Act ("CFRA")) and in violation of Labor Code section 233."  (Complaint ¶ 30).  However, Plaintiff provides absolutely no factual support for this general allegation.  This is because, she cannot and, thus, cannot  Plaintiff is unable to satisfy the essential elements of a wrongful termination claim.

First, a wrongful termination in violation of public policy "cannot be broader than the…statute on which it depends."  *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1159 (1998).  Here, while Plaintiff broadly points to "various statutes, she appears to premise her claims on the identical statutes cited in Plaintiff's Third and Fourth Causes of Action for violation of CFRA and Labor Code section 233, respectively.  Since Plaintiff cannot state facts sufficient to bring a cause of action under those claims, her wrongful termination claim which is premised on those claims must likewise fail.

Second, Plaintiff has not alleged any protected activity.  The test to determine

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23038368.1

1   whether an employee complaint qualifies as "protected activity" is whether the

2   employee has sufficiently conveyed to her employer a reasonable concern that the

3   employer has acted in an unlawful manner.  *See Yanowitz v. L'Oreal USA, Inc.*, 36

4   Cal. 4th 1028, 1046 (2005).  Vague factual allegations that are not tethered to a

5   specific statute will not support a wrongful termination claim.  *Turner,* 7 Cal. 4th at

6   1257 (holding that a wrongful termination claim cannot stand where plaintiff makes

7   vague charges of illegal activities "unaccompanied by citations to specific statutes

8   or constitutional provisions"); *Green v. Ralee Engineering Co.*, 19 Cal. 4th 66, 84

9   (1998) (holding that plaintiff has the burden of providing the specific statutes and

10  regulations on which the claim is based).

11          Here, Plaintiff makes vague "general allegations" related to taking CFRA

12  leave and receiving a reprimand from O'Colmain in October 2010.  (Complaint

13  ¶¶ 21, 22, 28, 29).  However, she does not connect the CFRA leave or the

14  reprimand to any discriminatory or retaliatory conduct on the part of ECFGM or

15  any of her own activity that was supposedly protected by any statute.  Instead,

16  Plaintiff incorrectly alleges that ECFMG was obligated to engage in an interactive

17  process with her and her mother's physician regarding her request for leave.  This is

18  not a requirement under CFRA or the federal Family Medical Leave Act

19  ("FMLA").  While Plaintiff does allege that she was terminated after requesting and

20  taking CFRA leave to care for her mother (Complaint ¶ 22), she negates this

21  allegation in subsequent paragraphs by alleging that her mother's physician

22  removed the need for Plaintiff to periodically arrive late to work.  (Complaint ¶ 26).

23          Plaintiff makes no allegations regarding any protected activity under Labor

24  Code section 233.  Thus, Defendant is left to guess what supposedly protected

25  activity Plaintiff engaged in as to this statute.  Since Defendant cannot ascertain the

26  nature, source, and extent of this claim, it should be dismissed with prejudice.

Third, Plaintiff also fails to plead any facts to show a causal connection between her alleged (and undefined) protected activity and her discharge.  Plaintiff merely makes vague and conclusory statements such as "Plaintiff was terminated by Defendants…after requesting and taking CFRA leave..."  (Complaint ¶ 22).  In fact, she alleges that ECFMC discharged her for having too many tardies.  (*Id.* ¶29).  Thus, Plaintiff cannot satisfy the essential "causal connection" element of this claim.

Since Plaintiff has failed to state facts sufficient for a claim for wrongful termination in violation of public policy, the First Cause of Action should be dismissed with prejudice.

### C.  <u>Plaintiff's Claim For Intentional Infliction of Emotional Distress Must Be Dismissed.</u>

Plaintiff bases her cause of action for intentional infliction of emotional distress ("IIED") on alleged conduct by Defendants, including "retaliation for having taken protected (periodic) CFRA leave," "interfering with Plaintiff's request for CFRA leave," and "terminating her employment for having taken protected leave."  (Complaint ¶ 34).  None of these acts exemplifies the type of conduct that would subject Defendants to liability for Plaintiff's alleged emotional distress as a matter of law.  The acts of which she complains are personnel management actions that cannot form the basis of an IIED claim.  In any event, Plaintiff cannot maintain such a claim against the individual defendants as a matter of law because it is preempted by the California Workerss' Compensation Act (California Labor Code §§3600 et seq.).

### 1.  <u>Plaintiff Has Not Alleged Any Outrageous Conduct.</u>

An essential element of a claim for intentional infliction of emotional distress is pleading outrageous conduct.  *See, e.g., Cole v. Fair Oaks Fire Protection District*, 43 Cal. 3d 148, 155 (1987).  For conduct to be "outrageous" for purposes

1  of showing intentional infliction of emotional distress, it "must be so outrageous in

2  character and so extreme in degree as to go beyond all possible bounds of decency

3  and to be regarded as atrocious and utterly intolerable in a civilized community.

4  *Melorich Builders, Inc. v. Superior Court*, 160 Cal. App. 3d 931, 936 (1984); *see*

5  *also Siddoway v. Bank of America*, 748 F. Supp. 1456, 1462 (N.D. Cal. 1990)

6  (conduct must go "beyond merely ordinary tortious conduct and be a 'great

7  departure from everyday life'") (citations omitted).

8       In the employment context, California courts have instructed that personnel

9  management decisions – even those that result in demotion or termination, and even

10  if later shown to be motivated by discrimination – are not "outrageous acts beyond

11  the bounds of conduct normally encountered in civilized society."  *See Janken v.*

12  *GM Hughes Electronics,* 46 Cal. App. 4th 55, 80 (1996).  In *Janken*, the court

13  sustained defendant's demurrer to plaintiff's IIED claim because plaintiffs'

14  allegations that supervisors had made management decisions pursuant to

15  company's policy of discriminating against employees over the age of forty by

16  terminating them or forcing them to resign without good cause did not satisfy the

17  "outrageous conduct" requirement.  The Court declared:

18           Managing personnel is not outrageous conduct beyond the
         bounds of human decency, but rather conduct essential to the
19           welfare and prosperity of society.  A simple pleading of
         personnel management activity is insufficient to support a claim
20           of intentional infliction of emotional distress, even if improper
         motivation is alleged.

21  *Janken,* 46 Cal. App. 4th at 80.

22       The allegations in Plaintiff's Complaint concern personnel management

23  decisions and actions taken pursuant to these decisions (*i.e.*, reviewing a request for

24  FMLA, giving a written reprimand, termination for too many tardies).  (Complaint

25  ¶ 15, 17, 18).  Case law precludes such actions from forming the basis for liability

26

for an employee's emotional injury.  Furthermore, such conduct does not amount to outrageous conduct as required to state a claim for intentional infliction of emotional distress.  Accordingly, this Court should dismiss this claim against Defendants without leave to amend.

> **2.**     **As To Individual Defendants, Plaintiff's Second Cause Of Action For Intentional Infliction Of Emotional Distress Is Preempted By The Workers' Compensation Act.**

Plaintiff alleges that Trowell-Roman's and O'Colmain's conduct was not a normal part of an employment relationship, and that it constitutes extreme and outrageous conduct.  (Complaint ¶ 34).  She also contends that, as a result of Trowell-Roman's and O'Colmain's alleged conduct, she suffered severe emotional distress.

Plaintiff's allegations are insufficient to state a cause of action against Trowell-Roman and O'Colmain, as IIED claims against individual supervisors are barred by the Workers' Compensation exclusivity rule.  Indeed, it is well settled that an employee who suffers an injury "arising out of and in the course of employment" is limited to recovery under the Workers' Compensation Act unless work-related conduct causing the injury contravenes public policy.  *See Fermino v. Fedco, Inc.,* 7 Cal. 4th 701 (1994); *Livitsanos v. Superior Court*, 2 Cal. 4th 744 (1992); *Shoemaker v. Myers*, 52 Cal. 3d 1 (1990).  While claims for public policy violations are excepted from the Workers' Compensation exclusive remedy, supervisors and/or co-employees, who are not subject to liability for such violations, cannot be held liable for emotional distress injuries stemming from such violations.  *See Gibbs v. American Airlines*, 74 Cal. App. 4th 1 (1999).  Because Plaintiff has not (and cannot) allege claims against the Individual Defendants for wrongful termination, CFRA violations, violation of California Labor Code section 233, or any other public policy violations, her IIED claim is barred by the Workers'

Compensation doctrine.  Accordingly, Plaintiff's IIED claim against Trowell-Roman and O'Colmain fails as a matter of law.

**D.    Plaintiff's Claim Under The California Family Rights Act Must Be Dismissed.**

While Plaintiff's Third Cause of Action purports to be a claim for violation of CFRA, California Government Code §12945.2, she also alleges that ECFMG has violated the Family Medical Leave Act ("FMLA"), a federal statute similar to CFRA, but with some differences not relevant to the issues in this motion.  More specifically, Plaintiff alleges that she requested FMLA leave because she needed a flexible schedule with regard to her start/stop times because her mother was sometimes non-compliant with taking her mediation.  (Complaint ¶ 41).  Plaintiff further contends that ECFMG did not have an interactive process between Plaintiff, her mother's physician, and the company.  (*Id*. ¶ 44).

The elements of a cause of action for retaliation in violation of the CFRA or FMLA are (1) the defendant was an employer covered by the CFRA or FMLA; (2) the plaintiff was an employee eligible to take CFRA or FMLA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA or FMLA purpose, for example, to care for a parent or spouse who has a serious health condition; and (4) the plaintiff suffered an adverse employment action, such as termination because of her exercise of her right to CFRA or FMLA leave.  *Dudley v. Dept. of Transp.*, 90 Cal. App. 4th 255, 261 (2001).  Plaintiff's claim fails because she has not (and cannot) establish the third and fourth elements of this cause of action.

To begin with, Plaintiff was not entitled to the intermittent leave she requested.  Intermittent leave is defined in the regulations as "leave taken in separate blocks of time due to a single qualifying reason."  29 CFR § 25.202(a).  There must be a medical need for the leave and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule.  29

CFR § 825.202(b).  "Employees needing intermittent FMLA leave or leave on a reduced leave schedule must attempt to schedule their leave so as not to disrupt the employer's operations." 29 CFR § 825.117.  However, "courts have been reluctant to read the FMLA as allowing unscheduled and unpredictable, but cumulatively substantial, absences, when the Americans with Disabilities Act ("ADA") protects only persons who over the long run are capable of working full time." *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1007 (7th Cir. 2001).

Where, as here, an employee requests intermittent or reduced schedule leave for the care of a family member with a serious health condition, the employer may require a medical certification stating that the intermittent or reduced schedule leave is medically necessary for care or the family member.  29 USC §2613(b)(7).  This is what happened here.

Plaintiff provided an FMLA request that was signed by her mother's physician.  (Complaint, ¶24).  Plaintiff alleges that her mother's physician removed the part of Plaintiff's FMLA request that she would arrive late if her mother was non-compliant with taking her medications.  (*Id.* at ¶43).  Thus, Plaintiff herself concedes facts that show the leave she requested was unnecessary and not required to care for her mother.

The decision in *Brown v. Eastern Maine Med. Center*, 514 F.Supp.2d 104 (D. Maine 2007), is instructive on this point and supports ECFMG's position.  In *Brown*, the issue, as framed by the court was:

> When an employee is chronically late for work (usually by only a few minutes) and her employer fires her as a result, does the federal Family and Medical Leave Act protect these late arrivals as 'intermittent leave' if a doctor concludes later that a medical condition was responsible for the chronic tardiness?  *Id.* at 105.

The court answered the question posed in the negative  Brown was a nurse technician and was scheduled to begin work at 6:30 a.m.  *Id.* at 106.  Aside from

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23038368.1

1    tardiness and absenteeism, she was capable of doing her job.  *Id*.  Brown, who
2    suffered from fatigue and depression of unknown origin, was "persistently" late,
3    usually "by only a few minutes."  She had advised her employer that her tardiness
4    was due to her health, and that she was scheduling additional appointments to
5    hopefully obtain a definitive diagnosis.  *Id*.  Her employer did not advise her of
6    intermittent FMLA leave and terminated her for her tardiness and absenteeism.  *Id*.
7    at 107.  After termination, Brown obtained a diagnosis of a connective tissue
8    disorder and her physician said it was impossible for Brown to arrive at work on
9    time.  *Id*.

10          Brown claimed that her employer had interfered with her FMLA rights by,
11   among other things, firing her for attendance policy violations when it should have
12   treated her lateness as excused intermittent leave.  *Id*. at 108.  The court
13   acknowledged that the FMLA does allow intermittent leave, and although more
14   commonly for medical treatment or recovery, it can also be for periods of
15   incapacity not involving medical treatment.  The regulations give as examples
16   "onset of an asthma attack" or for a pregnant employee, "severe morning sickness."
17   29 CFR § 825.114(e).  However, Brown was not incapacitated and could perform
18   the functions of employment "she simply could not get to work on time."  514 F.
19   Supp. 2d at 110.  The court said that allowing FMLA intermittent leave "for the
20   brief duration of the lateness, distorts the English language and trivializes the
21   purpose of the Act."  *Id*.  The court observed that Brown was seeking "immunity
22   for perennial lateness of a few minutes, caused by a medical condition that made
23   her resist not getting out of bed to go to work.  Lateness is not leave."  *Id.* at 111.
24          Unlike Brown, Plaintiff herself was not "disabled."  Rather, she claims she
25   was late to work because her mother sometimes was not compliant.  In truth,
26   however, Plaintiff's own mother's physician eliminated the need for any

intermittent leave.  Moreover, Plaintiff does not allege that she needed to administer her mother's medication at a specific time each day, which would interfere with her ability to arrive at work on time by 8:15 a.m.  Thus, Plaintiff merely sought FMLA leave to cover her lateness, and Plaintiff's only complaint is that she was terminated for being tardy.  Relatedly, because Plaintiff was not entitled to the requested leave, she also cannot establish that she suffered an adverse employment action because of her exercise of her right to CFRA or FMLA leave.

Finally, Plaintiff cannot avoid this result by claiming that ECFMG did not have an interactive process between Plaintiff, her mother's physician, and itself. (Complaint at ¶44).  The interactive process is not required where the leave is requested to care for a parent, or other family member.  The interactive process is required under the ADA when an employee requests a reasonable accommodation for a disability and can perform the essential functions of the job.

Plaintiff alleges that she was supposed to be at work at 8:15 a.m., and that she would sometimes show up 10-20 minutes late due to her providing care for her mother.  (*Id.* at ¶42).  Further, Plaintiff alleges that she was terminated for having too many tardies.  (*Id.* at ¶46).

Thus, Plaintiff was not entitled to the intermittent leave she requested, and she did not suffer an adverse employment action because of her exercise of her right to CFRA or FMLA leave.  Accordingly, Plaintiff's Third Cause of Action fails and must be dismissed without leave to amend.

**E.    Plaintiff Has Failed To State A Claim Under California Labor Code Section 233.**

In her Fourth Cause of Action, Plaintiff contends that Defendant violated California Labor Code Section 233.  Section 233 provides, in pertinent part, as follows:

> (a) Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, to attend to an illness of a child, parent, spouse, or domestic partner of the employee.  All conditions and restrictions placed by the employer upon the use by an employee of sick leave also shall apply to the use by an employee of sick leave to attend to an illness of his or her child, parent, spouse, or domestic partner.

As a result of this alleged violation, Plaintiff argues that she is entitled to reinstatement, actual damages or one day's pay, equitable relief, and an award of reasonable attorneys' fees.  (*See* Complaint, ¶ 61).

Plaintiff's claim under Section 233 must be dismissed because it does not satisfy the *Iqbal/Twombly* pleading standards set forth above.  Indeed, Plaintiff pleads no factual basis for her claim; instead, she simply recites the language of the statute and alleges in conclusory fashion that ECFMG violated the law.  The Complaint contains no supporting facts regarding whether ECFMG provided sick leave to its employees (including Plaintiff), what policies or procedures ECFMG has for sick leave, or, if ECFMG had a sick leave policy, whether Plaintiff had accrued sick leave available to use.  *See McCarther v. Pacific Telesis Group*, 48 Cal. 4th 104, 117 (2010) ("Employers are not required to provide sick leave.  Many employers elect to do so, and many do so in the form of an accrual-based system. Employers may choose to refuse employees the right to use uncapped sick leave to care for relatives, although employers are certainly not precluded from permitting such use.")  Nor does Plaintiff allege that she requested sick leave to care for her mother and her request was refused or that she was disciplined or discharged for attempting to use sick leave.  Plaintiff has completely failed to provide factual allegations regarding the circumstances, occurrences, and events surrounding how ECFMG allegedly harmed her in violation of Labor Code section 233.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23038368.1

1  Accordingly, this Court should dismiss the Fourth Cause of Action with prejudice.

2  **IV.    CONCLUSION**

3         For all the foregoing reasons, Defendants respectfully request that this Court

4  enter an Order granting this Motion.  Moreover, because the infirmities of

5  Plaintiff's Complaint are incurable, Defendants further ask that the Motion be

6  granted with prejudice.

7  Dated:  March 19, 2012              MORGAN, LEWIS & BOCKIUS LLP

8

9                                     By  /s/ Kathryn T. McGuigan

10                                        Kathryn T. McGuigan
                                         Attorneys for Defendant
11                                       EDUCATIONAL COMMISSION FOR
                                         FOREIGN MEDICAL GRADUATES,
12                                       SHARON TROWELL-ROMAN, and
                                         PETER O'COLMAIN

13

14

15

16

17

18

19

20

21

22

23

24

25

26