ORIGINAL

1  LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
   GARY R. CARLIN, CSBN: 44945
2  gary@carlinbuchsbaum.com
   BRENT S. BUCHSBAUM, CSBN: 194816
3  brent@carlinbuchsbaum.com
   LAUREL N. HAAG, CSBN: 211279
4  laurel@carlinbuchsbaum.com
   MAYA G. MORALES, CSBN: 245208
5  maya@carlinbuchsbaum.com
   555 East Ocean Blvd., Suite 818
6  Long Beach, California 90802
   Telephone: (562)432-8933; Facsimile: (562)435-1656
7
   Attorneys for LESLIE SAKAGUCHI, Plaintiff
8
9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11  LESLIE SAKAGUCHI,                    Case No. CV 12-1637 GAF (FFMx)

12            Plaintiff;                 [Originally filed in Los Angeles County
                                         Superior Court; Case No. BC477337]
13  vs.
                                         **FIRST AMENDED COMPLAINT**
14  EDUCATIONAL COMMISSION
15  FOR FOREIGN MEDICAL                  (1) WRONGFUL TERMINATION IN
    GRADUATES, an Illinois              VIOLATION OF PUBLIC POLICY;
16  corporation; SHARON TROWELL-        (2) INTENTIONAL INFLICTION OF
    ROMAN, an individual; PETER         EMOTIONAL DISTRESS;
17  O'COLMAIN, an individual; and       (3) VIOLATION OF CFRA; AND
    DOES 1 through 250, inclusive,      (4) VIOLATION OF LABOR CODE
18                                       SECTION 233
            Defendants
19
20                                       [DEMAND FOR JURY TRIAL]
21
22
23
24       COMES NOW the Plaintiff, LESLIE SAKAGUCHI, (who hereinafter shall
25  be referred to as the "Plaintiff" or as "SAKAGUCHI"), who hereby
26  respectfully alleges, avers, and complains, as follows:
27  //
28

FIRST AMENDED COMPLAINT                                    -1-

## PARTIES

1. At all times herein mentioned, Plaintiff SAKAGUCHI is and has been a resident of Los Angeles County, State of California.

2. Defendant EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES (hereinafter referred to as "ECFMG") is and at all times herein mentioned has been a Illinois company with the capacity to sue and to be sued, and doing business, with a principal place of business located at 100 N Sepulveda Blvd., Suite 1300, El Segundo, California 90245.

3. Defendant SHARON TROWELL-ROMAN (hereinafter referred to as "TROWELL-ROMAN") was at all times herein mentioned a Human Resources Manager of ECFMG, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

4. Defendant PETER O'COLMAIN (hereinafter referred to a "O'COLMAIN") was at all times herein mentioned a supervisor at ECFMG, and at all times herein mentioned was and, upon information and belief, still is a resident of the County of Los Angeles, State of California.

5. Plaintiff is informed and believes and thereon alleges that each of the Defendants herein were at all times the agent, employee, or representative of each remaining Defendant and were at all times herein acting within and outside the scope and purpose of said agency and employment. Plaintiff further alleges that as to each Defendant, whether named, or referred to as a fictitious name, said Defendants supervised, ratified, controlled, acquiesced

1  in, adopted, directed, substantially participated in, and/or approved the acts,
2  errors, or omissions, of each remaining Defendant.
3
4  6.  The true names and capacities of the Defendants named herein as DOES 1
5  through 250, inclusive, whether individual, corporate, partnership,
6  association, or otherwise, are unknown to Plaintiff who therefore sues these
7  Defendants by such fictitious names. Plaintiff will request leave of court to
8  amend this Complaint to allege their true names and capacities at such time
9  as they are ascertained.
10  **JURISDICTION AND VENUE**
11
12  7.  Venue in this matter is proper under 28 U.S.C. § 1391(a)(2) as a substantial
13  part of the events or omissions giving rise to Plaintiff's claims occurred
14  within the Central District of California.
15
16  8.  This action was removed by Defendants, alleging that this Court has
17  diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) due to
18  an alleged sham pleading. Plaintiff disputes the Court's jurisdiction.
19
20
21  **FACTUAL ALLEGATIONS**
22
23  9.  Plaintiff became employed by Defendant ECFMG as a patient trainer in or
24  about October 2005. Plaintiff was terminated by Defendants, and each of
25  them, on or about January 20, 2011 after requesting and taking CFRA leave
26  to care for her seriously ill mother.
27
28  10.  In or about April 2010, Plaintiff's mother began to suffer from dementia, in

FIRST AMENDED COMPLAINT                    -3-

1    addition to the diabetes, heart condition and thyroid problems.

2

3 11.   Plaintiff informed her supervisor, Defendant O'COLMAIN, that she was

4      providing care for her seriously ill mother. Specifically, Plaintiff informed

5      him that the care provided was unpredictable and that sometimes it was

6      difficult to administer her mother's medication in a way that allowed her to

7      get to work exactly on time every day.

8

9 12.   Defendant O'COLMAIN told Plaintiff to apply for FMLA leave for the

10      flexible work schedule she was requesting.

11

12 13.   In or about July 2010, Plaintiff submitted a FMLA request that was signed

13      by her mother's physician. This request stated that Plaintiff needed a

14      flexible work schedule with regard to her start/stop time because her mother

15      was sometimes non-compliant with taking her medication.

16

17 14.   Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes

18      show up at work 10 - 20 minutes late due to her providing care for her

19      seriously ill mother.

20

21 15.   Despite Plaintiff's FMLA request for a flexible work schedule, Plaintiff

22      received a written reprimand from her manager, Defendant O'COLMAIN,

23      in or about October 2010, stating that Plaintiff was late to work.

24

25 16.   Plaintiff again informed Defendant O'COLMAIN that she needed a

26      reasonable accommodation in the form of a flexible work schedule in order

27      to care for her mother, as stated in the doctor's note of July 2010. In

28      response, Defendant O'COLMAIN stated that he did not care what

1    Plaintiff's excuse was, that she could never be late.

2

3  17.   Plaintiff became extremely stressed and began to suffer from anxiety due to
4         Defendants' actions against her, including receiving a written reprimand for
5         being tardy when Defendant was aware of Plaintiff's need for a flexible
6         work schedule due to her mother's illness.

7

8  18.   Plaintiff complained to Defendant O'COLMAIN regarding his failure to
9         comply with her reasonable accommodation request as Defendant
10        ECFMG's handbook explicitly promotes flexible work schedules for its
11        employees.

12

13  19.  Thereafter, in or about December 2011, Defendant TROWELL-ROMAN
14        contested the request for FMLA, denying Plaintiff's request for a flexible
15        work schedule, and asked Plaintiff's mother's physician to remove the part
16        of the FMLA request that stated that Plaintiff would arrive late if her mother
17        was non-compliant with taking her medications.

18

19  20.  Defendant ECFMG interfered with Plaintiff's request for periodic leave by
20        pressuring Plaintiff's  mother's physician to remove part of the FMLA
21        request without giving the doctor any time for real analysis or consultation
22        with Plaintiff about why Plaintiff felt the flexibility with her start time was
23        necessary.

24

25  21.  Plaintiff is informed and believes that Defendant ECFMG removed part of
26        Plaintiff's FMLA request itself via an alleged "addendum" without having
27        an interactive process between Plaintiff, the physician, and Defendant
28        ECFMG.

1

2  22.   Plaintiff submitted a "time off request form" on January 19, 2011 in order to

3        care for her mother.  The next day, on January 20, 2011, Plaintiff was

4        abruptly terminated for having too many tardies, which Defendant ECFMG

5        alleges was not covered by FMLA and were, therefore, not excused.

6

7  23.   Plaintiff is informed and believes that she was terminated because of her

8        protected activity, as described above.

9

10                            **FIRST CAUSE OF ACTION**

11                  **(Wrongful Termination in Violation of Public Policy)**

12        **(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

13

14  24.   Plaintiff incorporates by reference as though fully set forth herein the

15        allegations in all of the preceding paragraphs.

16

17  25.   At all times herein mentioned in this complaint, California Government

18        Code Section 12945.2 et seq. and California Labor Code section 233 were

19        in full force and effect and were binding on the Defendants and the

20        Defendants were subject to their terms, and therefore Defendant was

21        required to refrain from violations of public policy, including retaliatory

22        actions against Plaintiff on account of her taking a protected CFRA/FMLA

23        leave to care for her seriously ill mother, as alleged in more detail above.

24

25  26.   Plaintiff became employed by Defendant ECFMG as a patient trainer in or

26        about October 2005.  Plaintiff was terminated by Defendants, and each of

27        them, on or about January 20, 2011 after requesting and taking CFRA leave

28        to care for her seriously ill mother.

27. In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to the diabetes, heart condition and thyroid problems. Plaintiff informed her supervisor, Defendant O'COLMAIN, that she was providing care for her seriously ill mother. Specifically, Plaintiff informed him that the care provided was unpredictable and that sometimes it was difficult to administer her mother's medication in a way that allowed her to get to work exactly on time every day. He told Plaintiff to apply for FMLA leave for the flexible work schedule she was requesting.

28. In or about July 2010, Plaintiff submitted a FMLA request that was signed by her mother's physician. This request stated that Plaintiff needed a flexible work schedule with regard to her start/stop time because her mother was sometimes non-compliant with taking her medication.

29. Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at work 10 - 20 minutes late due to her providing care for her seriously ill mother.

30. Despite Plaintiff's FMLA request for a flexible work schedule, Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or about October 2010, stating that Plaintiff was late to work.

31. Plaintiff again informed Defendant O'COLMAIN that she needed a reasonable accommodation in the form of a flexible work schedule in order to care for her mother, as stated in the doctor's note of July 2010. In response, Defendant O'COLMAIN stated that he did not care what Plaintiff's excuse was, that she could never be late.

**FIRST AMENDED COMPLAINT**

32. Plaintiff became extremely stressed and began to suffer from anxiety due to Defendants' actions against her, including receiving a written reprimand for being tardy when Defendant was aware of Plaintiff's need for a flexible work schedule due to her mother's illness.

33. Plaintiff complained to Defendant O'COLMAIN regarding his failure to comply with her reasonable accommodation request as Defendant ECFMG's handbook explicitly promotes flexible work schedules for its employees.

34. Thereafter, in or about December 2011, Defendant TROWELL-ROMAN contested the request for FMLA, denying Plaintiff's request for a flexible work schedule, and asked Plaintiff's mother's physician to remove the part of the FMLA request that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications. Defendant ECFMG interfered with the request for periodic leave by Plaintiff by pressuring her mother's physician to remove that part of the request without giving the doctor any time for real analysis or consultation with Plaintiff about why she felt the flexibility with her start time was necessary.

35. Plaintiff is informed and believes that Defendant ECFMG removed part of Plaintiff's FMLA request itself via an alleged "addendum" without having an interactive process between Plaintiff, the physician, and Defendant ECFMG.

36. Plaintiff submitted a "time off request form" on January 19, 2011 in order to care for her mother. The next day, on January 20, 2011, Plaintiff was

1    abruptly terminated for having too many tardies, which Defendant ECFMG

2    alleges was not covered by FMLA and were, therefore, not excused.

3

4   37.    Defendants' above described conduct is in violation of various statutes and

5    the decisional law of this state and country, including but not limited to

6    California Government Code Section 12945.2 et seq.  and in violation of

7    Labor Code section 233.

8

9   38.    As a direct and legal result of Defendants' discrimination and retaliatory

10    actions against Plaintiff, Plaintiff has suffered and continues to suffer

11    general, consequential and special damages including but not limited to

12    substantial losses in earnings, other employment benefits, physical injuries,

13    physical sickness, as well as emotional distress, plus medical expenses,

14    future medical expenses, and attorneys' fees, all to her damage in an amount

15    according to proof.

16

17   39.    Said termination was wrongful and justifies the imposition of punitive

18    damages since the termination was against public policy.  Defendants

19    intentionally discriminated against Plaintiff on account of her protected

20    activity and classification, and in doing so, Defendants acted maliciously,

21    fraudulently and oppressively, with the wrongful intention of injuring

22    Plaintiff.  Based upon the foregoing, Plaintiff is entitled to recover punitive

23    damages from Defendants and each of them, in an amount according to

24    proof.

25   ///

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)
### (SAKAGUCHI Against Defendants ECFMG,
### TROWELL-ROMAN, O'COLMAIN and DOES 1 through 250)

40.   Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

41.   Defendants' conduct of, including but not limited to, subjecting Plaintiff to retaliation for having taken protected (periodic) CFRA leave and interfering with Plaintiff's request for CFRA leave, and ultimately terminating her employment for having taken protected leave, none of which are a normal part of an employment relationship, constitutes extreme and outrageous conduct, as described in more detail above.

42.   As a proximate result of Defendants' conduct, Plaintiff suffered severe emotional distress, anxiety, pain and suffering, physical injuries, physical sickness, medical expenses, future medical expenses, attorneys' fees, and other damages to be determined at trial according to proof.

43.   Said conduct was wrongful and justifies the imposition of punitive damages. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively, with the wrongful intentions of injuring Plaintiff, from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof.

## THIRD CAUSE OF ACTION

**(Violation of Gov. Code §12945.2 (California Family Rights Act))**

**(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

44. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

45. Plaintiff timely filed a complaint of discrimination with the Department of Fair Employment and Housing alleging inter alia violations of Government Code § 12945.2, and all other applicable provisions, fully exhausting Plaintiff's administrative remedies, and has been issued Right to Sue Letters, conferring jurisdiction on this court over these claims.

46. Defendant ECFMG is a business entity regularly employing at least the minimum number of employees upon which legal duties and obligations arise under various laws and statutes, including the Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA").

47. In or about April 2010, Plaintiff's mother began to suffer from dementia, in addition to the diabetes, heart condition and thyroid problems.  Plaintiff informed her supervisor, Defendant O'COLMAIN, that she was providing care for her seriously ill mother.  Specifically, Plaintiff informed him that the care provided was unpredictable and that sometimes it was difficult to administer her mother's medication in a way that allowed her to get to work exactly on time every day.  He told Plaintiff to apply for FMLA leave for the flexible work schedule she was requesting.

48. In or about July 2010, Plaintiff submitted a FMLA request that was signed

by her mother's physician.  This request stated that Plaintiff needed a flexible work schedule with regard to her start/stop time because her mother was sometimes non-compliant with taking her medication.

49.    Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at work 10 - 20 minutes late due to her providing care for her seriously ill mother.

50.    Despite Plaintiff's FMLA request for a flexible work schedule, Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or about October 2010, stating that Plaintiff was late to work.

51.    Plaintiff again informed Defendant O'COLMAIN that she needed a reasonable accommodation in the form of a flexible work schedule in order to care for her mother, as stated in the doctor's note of July 2010.  In response, Defendant O'COLMAIN stated that he did not care what Plaintiff's excuse was, that she could never be late.

52.    Plaintiff became extremely stressed and began to suffer from anxiety due to Defendants' actions against her, including receiving a written reprimand for being tardy when Defendant was aware of Plaintiff's need for a flexible work schedule due to her mother's illness.

53.    Plaintiff complained to Defendant O'COLMAIN regarding his failure to comply with her reasonable accommodation request as Defendant ECFMG's handbook explicitly promotes flexible work schedules for its employees.

54.   Thereafter, in or about December 2011, Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's mother's physician to remove the part of the FMLA request that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications. Defendant ECFMG interfered with the request for periodic leave by Plaintiff by pressuring her mother's physician to remove that part of the request without giving the doctor any time for real analysis or consultation with Plaintiff about why she felt the flexibility with her start time was necessary.

55.   Plaintiff is informed and believes that Defendant ECFMG removed that part of the request itself via an alleged "addendum" without having an interactive process between Plaintiff, the physician, and Defendant ECFMG.

56.   Plaintiff submitted a "time off request form" on January 19, 2011 in order to care for her mother.  The next day, on January 20, 2011, Plaintiff was abruptly terminated for having too many tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore, not excused.

57.   At all time herein mentioned in this Complaint, Government Code §12945.2, was in full force and effect and was binding on the Defendants and the Defendants were subject to its terms, and Plaintiff qualified for leave under the statute.  Plaintiff had not exceeded her CFRA/FMLA leave of 12 weeks.  Nevertheless, Defendants wrongfully terminated the Plaintiff for reasons in a manner contrary to public policy, on a pre-textual basis, as a result of and in retaliation for Plaintiff exercising her right to take medical leave, in direct violation of Government Code §12945.2.

58. Plaintiff engaged in protected activity, in that she exercised her right under family care qualifying leave, pursuant to Government Code §12945.2.  As a direct result of her having taken protected leave, Plaintiff was terminated for having taken that protected leave.  Further, Defendants attempted to interfere with the doctor's determination that the leave was a reasonable request by Plaintiff given the situation.

59. Defendants conduct above described is in violation of various statutes and state law decisions, including Government code §12945.2.

60. As a direct and legal result of Defendants' retaliatory actions against Plaintiff as herein referenced, Plaintiff has suffered and continues to suffer general, consequential and special damages including but not limited to substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, and attorneys' fees, all to her damage in an amount according to proof.

61. Said termination and retaliation was wrongful and justifies the imposition of punitive damages since the termination was against public policy. Defendants committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by terminating her because she took a protected medical leave, knowing that she qualified for protected leave under CFRA and that she had not exhausted her entitlement to leave under CFRA at the time of her termination.  Based upon the foregoing, Plaintiff is entitled to recover punitive damages from Defendants, and each of them, in an amount

1    according to proof.

2

3                    **FOURTH CAUSE OF ACTION**

4              **(Violation of Labor Code Section 233)**

5    **(SAKAGUCHI Against Defendants ECFMG and DOES 1 through 250)**

6

7    62.   Plaintiff incorporates by reference as though fully set forth herein the

8          allegations in all of the preceding paragraphs.

9

10   63.   California Labor Code §233 provides that "[a]ny employer who provides

11         sick leave for employees shall permit an employee to use in any calendar

12         year the employee's accrued and available sick leave entitlement, in an

13         amount not less than the sick leave that would be accrued during six months

14         at the employee's then current rate of entitlement, to attend to an illness of a

15         child, parent, spouse, or domestic partner of the employee."  Further, no

16         employer shall "deny an employee the right to use sick leave or discharge...

17         an employee for using, or attempting to exercise the right to use, sick leave

18         to attend to an illness of ...a parent...of the employee." California Labor

19         Code §233.

20

21   64.   In or about April 2010, Plaintiff's mother began to suffer from dementia, in

22         addition to the diabetes, heart condition and thyroid problems.  Plaintiff

23         informed her supervisor, Defendant O'COLMAIN, that she was providing

24         care for her seriously ill mother.  Specifically, Plaintiff informed him that

25         the care provided was unpredictable and that sometimes it was difficult to

26         administer her mother's medication in a way that allowed her to get to work

27         exactly on time every day.  He told Plaintiff to apply for FMLA leave for

28

                         **FIRST AMENDED COMPLAINT**                    -15-

the flexible work schedule she was requesting.

65.    In or about July 2010, Plaintiff submitted a FMLA request that was signed by her mother's physician.  This request stated that Plaintiff needed a flexible work schedule with regard to her start/stop time because her mother was sometimes non-compliant with taking her medication.

66.    Plaintiff was supposed to be at work at 8:15 a.m. Plaintiff would sometimes show up at work 10 - 20 minutes late due to her providing care for her seriously ill mother.

67.    Despite Plaintiff's FMLA request for a flexible work schedule, Plaintiff received a written reprimand from her manager, Defendant O'COLMAIN, in or about October 2010, stating that Plaintiff was late to work.

68.    Plaintiff became extremely stressed and began to suffer from anxiety due to Defendants' actions against her, including receiving a written reprimand for being tardy when Defendant was aware of Plaintiff's need for a flexible work schedule due to her mother's illness.

69.    Plaintiff complained to Defendant O'COLMAIN regarding his failure to comply with her reasonable accommodation request as Defendant ECFMG's handbook explicitly promotes flexible work schedules for its employees.

70.   in or about December 2011, Defendant TROWELL-ROMAN contested the request for FMLA and asked Plaintiff's mother's physician to remove the part of the FMLA request that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications.  Defendant ECFMG interfered with the request for periodic leave by Plaintiff by pressuring her mother's physician to remove that part of the request without giving the doctor any time for real analysis or consultation with Plaintiff about why she felt the flexibility with her start time was necessary.

71.   Plaintiff submitted a "time off request form" on January 19, 2011 in order to care for her mother.  The next day, on January 20, 2011, Plaintiff was abruptly terminated for having too many tardies, which Defendant ECFMG alleges was not covered by FMLA and were, therefore, not excused.

72.   Plaintiff alleges that she was entitled to sick leave that she could have used intermittently to provide periodic care to her mother in the mornings. However, Defendants did not offer this option to Plaintiff and instead terminated her employment for having arrived at work late due to her providing care to her sick mother.

73.   Plaintiff is therefore entitle to reinstatement and to actual damages or one day's pay, which ever is greater, and to appropriate equitable relief from Defendants.  In addition, Plaintiff is entitled to an award of reasonable attorney's fees.

///

///

## **PRAYER**

1.  For damages according to proof, including loss of earnings, deferred compensation, overtime and other employment benefits;

2.  For general damages, according to proof;

3.  For other special damages according to proof, including but not limited to reasonable medical expenses;

4.  For punitive damages according to proof;

5.  For costs incurred by Plaintiff, including reasonable attorneys' fees and costs of suit, in obtaining the benefits due Plaintiffs and for violations of Plaintiff's civil rights as set forth above; and

6.  For such other and further relief as the court deems just and proper.

Dated: March 22, 2012                     THE LAW OFFICES OF CARLIN &
                                          BUCHSBAUM
                                          A Limited Liability Partnership


By_____
Maya G. Morales, Attorneys for Plaintiff,
LESLIE SAKAGUCHI

///

///

///

///

///

1

2

## **DEMAND FOR JURY TRIAL**

3

4

     Plaintiff hereby respectfully demands a jury trial.

5

6

7

Dated: March 22, 2012        THE LAW OFFICES OF CARLIN &
BUCHSBAUM

8

               A Limited Liability Partnership

9

10

11

            By _____

12

            Maya G. Morales, Attorneys for Plaintiff,
LESLIE SAKAGUCHI

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT**        -19-

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

On March 23, 2012, I served the foregoing document described as:

## FIRST AMENDED COMPLAINT

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants**
**Barbara A. Fitzgerald, Esq.**
**bfitzgerald@morganlewis.com**
**Salvatore Picariello, Esq.**
**Kathryn T. McGuigan, Esq.**
**kmcguigan@morganlewis.com**
**MORGAN, LEWIS & BOCKIUS, LLP**
**300 South Grand Avenue, 22nd Floor**
**Los Angeles, California 90071-3132**

**Facsimile: (213)612-2501**

____  **(ELECTRONICALLY)** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

**XX**  **(BY MAIL)** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.  On this date, I served the above interested parties following my employer's ordinary business practices.

____  **(BY OVERNIGHT DELIVERY)** I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

____  **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

1   **(BY FACSIMILE)** I caused such document to be served on all parties to
2   this action via facsimile at the numbers indicated on the attached service list
    pursuant to California Rules of Court, Rule 2006.  The facsimile machine I
3   used complied with Rule 2003 and no error was reported by the machine.
    Pursuant to Rule 2006, I caused the machine to print a transmission record
4   of the transmission, a copy of which is attached to this document.

**XX**  **(FEDERAL)** I declare under penalty of perjury under the laws of the United
5   States that the above is true and correct.

6   I declare that I am employed in the office of a member of the bar of this
    court at whose direction the service was made.
7

8   Executed, March 23, 2012, at Long Beach, California.

9

10  KIMBERLY KELLY, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28