1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA A. FITZGERALD (SBN 151038)
2  bfitzgerald@morganlewis.com
   SALVATORE PICARIELLO (SBN 190442)
3  spicariello@morganlewis.com
   KATHRYN T. MCGUIGAN (SBN 232112)
4  kmcguigan@morganlewis.com
   300 South Grand Avenue
5  Twenty-Second Floor
   Los Angeles, CA  90071-3132
6  Tel:   213.612.2500
   Fax:   213.612.2501
7
   Attorneys for Defendants
8  EDUCATIONAL COMMISSION FOR
   FOREIGN MEDICAL GRADUATES,
9  SHARON TROWELL-ROMAN, and PETER
   O'COLMAIN
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

| | |
|---|---|
| 14  LESLIE SAKAGUCHI, | Case No. CV 12-1637 GAF (FFMx) |
| 15              Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO** |
| 16          vs. | **DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S** |
| 17  EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | **SECOND AMENDED COMPLAINT; MEMORANDUM** |
| 18  an Illinois corporation, SHARON TROWELL-ROMAN, an individual; | **OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 19  PETER O'COLMAIN, an individual; and Does 1 through 250, inclusive, | [FRCP 12(b)(6) and 12(f)] |
| 20              Defendants. | [Request for Judicial Notice and (Proposed) Order Filed Concurrently |
| 21 | Herewith] |
| 22 | Date:        June 18, 2012 |
| 23 | Time:        9:30 a.m. |
| 24 | Courtroom:   740 Judge:       Hon. Gary A. Feess |

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

Table of Contents

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................. 1

II.   RELEVANT PROCEDURAL HISTORY ........................................ 4

III.  PLAINTIFF HAS FAILED TO STATE ANY CLAIM FOR RELIEF .......... 5

      A.    Standards Governing Motions to Dismiss and Strike ........................... 5

      B.    Plaintiff's CFRA Claim Must be Dismissed and/or Stricken ............... 6

      C.    Plaintiff Has Failed To State A Claim Under California Labor
            Code Section 233 ...................................................... 9

      D.    Plaintiff Has Failed to State A Claim For Wrongful Termination ..... 11

      E.    Plaintiff's Claims Against the Individual Defendants Also Fail ........ 11

IV.   CONCLUSION .................................................................... 11

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

i

DB2/ 23171634.4

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

Table of Authorities

Page

**FEDERAL CASES**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ...........................................................................5, 8, 10

*Assoc. Gen. Contr.of Cal. v. Cal. State Council of Carpenters*
459 U.S. 519 (1983) ..................................................................................5

*Balistreri v. Pacifica Police Dep't*
901 F.2d 696 (9th Cir. 1990) ....................................................................5

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ............................................................................5, 10

*Brown v. Eastern Maine Med. Ctr.*
514 F. Supp. 2d 104 (D. Me. 2007) ...................................................1,  6, 7

*Collins v. NTN-Bower Corp.*
272 F.3d 1006 (7th Cir. 2001) ...............................................................6, 7

*Hayduk v. City of Johnstown*
580 F. Supp. 2d 429 (W.D. Pa. 2008) ....................................................6, 7

*Knievel v. ESPN*
393 F.3d 1068 (9th Cir. 2005) ..................................................................2

*McCarthy v. Mayo*
827 F.2d 1310 (9th Cir. 1987) ..................................................................5

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*
998 F.2d 1192 (3d Cir. 1993) ...................................................................2

**CALIFORNIA CASES**

*Avila v. Continental Airlines, Inc.*
165 Cal. App. 4th 1237 (2008) .................................................................7

*Dudley v. Dept. of Transp.*
90 Cal. App. 4th 255 (2001) .....................................................................6

*McCarther v. Pacific Telesis Group*
48 Cal. 4th 104 (2010) ............................................................................10

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

DB2/ 23171634.4

**FEDERAL STATUTES**

29 USC § 2613(b)(7) ................................................................................. 9

**STATE STATUTES**

California Labor Code § 233 ...........................................................passim

California Government Code § 12945.2 ............................................. 3, 6

**OTHER AUTHORITIES**

29 C.F.R. § 825.214(b) ............................................................................ 7

FRCP 12(f) ............................................................................................... 5

FRCP 8(a) ................................................................................................ 5

FRCP 12(b)(6) ......................................................................................... 5

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

DB2/ 23171634.4

**TO PLAINTIFF AND HER ATTORNEY OF RECORD**:

**PLEASE TAKE NOTICE THAT** on June 18, 2012 at 9:30 a.m., or as soon thereafter as the matter may be heard before the Honorable Gary A. Feess, in Courtroom 740 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, defendants Educational Commission for Foreign Medical Graduates ("ECFMG"), Sharon Trowell-Roman ("Trowell-Roman"), and Peter O'Colmain ("O'Colmain") (collectively, "Defendants") will and hereby do move this Court for an Order dismissing and striking portions of plaintiff Leslie Sakaguchi's ("Plaintiff" or "Sakaguchi") Second Amended Complaint ("SAC") pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure ("FRCP").

This Motion is made on the grounds that the SAC fails to state any claim upon which relief can be granted, and because the SAC contains "sham" allegations in paragraphs 19, 35, 53, and 71 that should be stricken.  On May 11, 2012, Defendants' counsel complied with Civil Local Rule 7-3 of the United States District Court for the Central District of California before filing the instant motion.

**PLEASE TAKE FURTHER NOTICE** that any opposition to this motion must be filed 21 days before the noticed hearing date, and that the failure to meet the time limits set forth in Local Rule 7 may be deemed consent to the granting of the motion.  C.D. Cal. R. 7-12.

Defendants' Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice ("RJN"), all matters on which this Court may take judicial notice, oral argument of counsel at the hearing, the files and records in this action, and on

/ / /

/ / /

/ / /

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

such other and further argument and evidence as may be presented at or before the
hearing on this matter.

Dated:  May 18, 2012                    MORGAN, LEWIS & BOCKIUS LLP


                                        By  /s/ Salvatore Picariello
                                        _____
                                           Salvatore Picariello
                                        Attorneys for Defendants
                                        EDUCATIONAL COMMISSION FOR
                                        FOREIGN MEDICAL GRADUATES,
                                        SHARON TROWELL-ROMAN, and
                                        PETER O'COLMAIN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

DB2/ 23171634.4

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants ECFMG, Trowell-Roman, and O'Colmain respectfully submit the following Memorandum of Points and Authorities in support of the instant motion:

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

While a plaintiff's desire to eliminate allegations that are fatal to a cause of action is hardly surprising, the law simply does not countenance such pleading stratagems.  On the contrary, it is well settled that a court "may strike the changed allegations as 'false and sham' and dismiss the complaint for failure to state a claim."  *See* Hon. W. Schwarzer, *et al.*, Federal Civ. Proc. Before Trial (Rutter Group 2012), ¶ 9:223 (citations omitted) (hereinafter, "*Schwarzer*").

Here, in the original Complaint and First Amended Complaint ("FAC"), Plaintiff admitted that her mother's physician had in fact *removed* the part of Plaintiff's Family Medical Leave Act ("FMLA") request that she would arrive late to work if her mother was non-compliant with taking her medications.  (*See, e.g.*, Compl. ¶ 43 ("ECFMG interfered with the request for periodic leave by Plaintiff by pressuring her mother's physician to remove that part of the request . . . ."); FAC ¶ 54 (same)).  In doing so, Plaintiff made the fatal concession that the intermittent or sporadic leave she had requested was not medically necessary to care for her mother.  *See, e.g., Brown v. Eastern Maine Med. Ctr.*, 514 F. Supp. 2d 104, 110-111 (D. Me. 2007) (FMLA leave could not cover an employee's chronic lateness where there was no medical need to take small increments of leave).

Now, however, in a desperate attempt to salvage her claims, Plaintiff alleges in the SAC that her mother's physician never actually removed the need for periodic leave for times when Plaintiff's mother was uncooperative with her medical treatment.  (SAC ¶ 19).  This assertion flatly contradicts her previous judicial admissions.  Moreover, Plaintiff fails to provide any explanation for the inconsistent allegations in her pleadings.  Instead, Plaintiff blames ECFMG for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

1

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

1  allegedly "mischaracterizing" the statement from her mother's physician in late

2  2010 regarding Plaintiff's need for a flexible work schedule.  (*Id.*)

3      Not only do Plaintiff's contradictory allegations render her SAC a "sham"

4  warranting dismissal, but she has also failed to attach the physician's statement

5  regarding her alleged medical need for a flexible work schedule.  Not surprisingly,

6  the document does not support Plaintiff's position:

> "***Question***:  If [Plaintiff] were to administer her mother Sue
> Sakaguchi's medication each day by 6:45 a.m., so that she may leave
> for work by 7:00 a.m. [when she is scheduled as the Trainer on Duty]
> or 7:30 a.m. on regular days to be on time for either scheduled shift,
> would this be acceptable medical care in the administration of her
> mother's medication?
>
> [***Doctor's Response***:]     X YES  __ No

12  (*See* RJN, Exh. 1 at p.2).[1]  On the contrary, this document completely undermines

13  Plaintiff's leave-related claims by making clear that there was no medical need for

14  her to be late for work.  Further, the document also belies (and renders implausible)

15  the claim that Plaintiff's need for leave turned on her mother's cooperation (or lack

16  thereof) in taking her medication.  ***Indeed, the document is completely silent***

17  ***regarding the issue of cooperation***.  In addition, the letter sent by ECFMG to

18  Plaintiff regarding the response it had received from Plaintiff's mother's physician

19  (which Plaintiff has also omitted from the SAC), also undermines Plaintiff's claim

20  that ECFMG mischaracterized the doctor's statement.  (*See* RJN, Exh. 1 at p. 3).

---

22  [1] This Court may consider the document in question without converting the instant
23  motion into a motion for summary judgment because Plaintiff specifically refers to
    the document in the SAC, it is central to her claims, and its authenticity cannot
24  reasonably be disputed.  *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th
25  Cir. 2005) (court may consider documents referenced in, but not attached to,
    complaint); *see also Schwarzer, supra*, ¶ 9.212.1a (citations omitted).  This
26  prevents "a plaintiff with a legally deficient claim (from surviving) a motion to
27  dismiss simply by failing to attach a dispositive document on which it relied."
    *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d
28  Cir. 1993).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

2

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

Thus, this Court should dismiss Plaintiff's Second Cause of Action without leave to amend. *See Schwarzer, supra,* ¶ 9.212.1b ("where the documents do not support plaintiff's claim, the complaint may be dismissed for failure to state a valid claim") (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) overruled on other grounds by *Galbraith v. Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).

As for Plaintiff's claim under Labor Code section 233, it continues to suffer from the same deficiencies contained in her earlier pleadings. Specifically, it simply parrots the statute and contains no supporting facts regarding whether ECFMG provided sick leave to its employees (including Plaintiff) and whether Plaintiff had accrued sick leave available to use. Because Plaintiff has now failed for the third time to include these and other essential factual allegations, further amendment would be futile, and this claim should be dismissed with prejudice.

Further, since Plaintiff's First Cause of Action for wrongful termination in violation of public policy is premised upon the same alleged statutory violations that comprise her Second Cause of Action under the California Family Rights Act, Government Code § 12945.2 ("CFRA") and Third Cause of Action under and Labor Code § 233, it necessarily follows that this claim also must be dismissed with prejudice.

Finally, although the body of Plaintiff's SAC no longer refers to Ms. Trowell-Roman or Mr. O'Colmain as defendants in this action, and no causes of action are directed against them, Plaintiff has not yet formally dismissed these individuals from the case. Accordingly, the individual defendants also request that that this Court grant the instant motion and dismiss them from this action with prejudice.

For these and other reasons set forth below, Defendants request that this Court grant the instant Motion and dismiss Plaintiff's SAC without leave to amend.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

3

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

## II.    RELEVANT PROCEDURAL HISTORY

On January 19, 2012, Plaintiff filed her unverified Complaint in the Los Angeles Superior Court, alleging that her employment was wrongfully terminated in violation of public policy, subjected to intentional infliction of emotional distress, and that ECFMG violated CFRA and Labor Code section 233.  (*See* Complaint, attached as Exhibit A to Notice of Removal).  [Dkt. #1].  Defendants timely removed the action to this Court on February 27, 2012.  [Dkt. #1].

After submitting a Joint Stipulation to Extend Time to Respond to Plaintiff's Complaint [Dkt. #6], Defendants filed a motion to dismiss on March 19, 2012. [Dkt. #7].  Rather than oppose the motion, Plaintiff filed her FAC.  [Dkt. #8]. Defendants' counsel then met and conferred with Plaintiff's counsel to discuss the deficiencies in the amended pleading, and the parties agreed to enter into a stipulation allowing for Plaintiff to file the SAC.  [Dkt. #9].

Following this Court's entry of an Order on the parties' Joint Stipulation [Dkt. #10], Plaintiff filed her SAC on April 30, 2012.  [Dkt. # 12].  Unlike her previous pleadings, the SAC has eliminated her claim for intentional infliction of emotional distress.  Further, as noted above, Plaintiff's SAC contains no allegations against defendants Trowell-Roman and O'Colmain.  That said, however, Plaintiff has not yet filed a request for dismissal as to these individuals, and they remain defendants in this action.

Pursuant to L.R. 7-3, Defendants' counsel left Plaintiff's counsel a voicemail message and sent a follow-up email to advise of Defendants' intent to file the instant motion, as well as the grounds upon which the motion would be made. Although Defendants' counsel asked Plaintiff's counsel to contact him to discuss this matter, Plaintiff's counsel has not done so.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

4

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

## III.   **PLAINTIFF HAS FAILED TO STATE ANY CLAIM FOR RELIEF**

### A.   **Standards Governing Motions to Dismiss and Strike**

Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "[F]actual allegations must be enough to raise a right to relief above the speculative level" and "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" must be alleged. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although Rule 8(a) "does not require 'detailed factual allegations,'. . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In fact, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Id*. (quotation omitted).  A showing of plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citation omitted). As such, conclusory allegations are disregarded and the court may not "supply essential allegations of the claim that were not initially pled." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).  Moreover, a court may not assume that a plaintiff can prove facts different from those alleged in the complaint. *Assoc. Gen. Contr.of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In addition, a court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint. *See Schwarzer*, *supra*, ¶ 9:223 (citing, *inter alia*, *Ellingson v. Burlington Northern, Inc.*, 653 F.2d 1327, 1329-1330 (9th Cir. 1981); *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1145 (N.D. Cal. 2010)).  Indeed, the court may strike the changed allegations as "false and sham" and dismiss the complaint for failure to state claim. *Id*.; *see also* FRCP 12(f) (court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

5

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

## B.      Plaintiff's CFRA Claim Must be Dismissed and/or Stricken

In her Second Cause of Action for violation of CFRA, California Government Code section 12945.2, Plaintiff alleges that she submitted a CFRA request for a flexible work schedule because her mother was sometimes non-compliant with taking her medication.  (SAC ¶ 45).  According to Plaintiff, ECFMG ignored the provided medical opinion, subsequently sought a clarification from her mother's physician, and then mischaracterized the response it received from the doctor.  (*Id*. ¶¶ 47, 52-53).  Plaintiff further contends that ECFMG failed to engage in the "interactive process," and that it wrongfully terminated her in retaliation for exercising her right to take medical leave.  (*Id*. ¶¶ 54, 56).

The elements of a cause of action for retaliation in violation of CFRA are: (1) the defendant was an employer covered by CFRA; (2) the plaintiff was an employee eligible to take CFRA leave; (3) the plaintiff exercised her right to take leave for a qualifying CFRA purpose, for example, to care for a parent or spouse who has a serious health condition; and (4) the plaintiff suffered an adverse employment action, such as termination because of her exercise of her right under CFRA.  *Dudley v. Dept. of Transp.*, 90 Cal. App. 4th 255, 261 (2001).  Plaintiff's claim fails because she has not (and cannot) establish the third and fourth elements of this cause of action.

To begin with, Plaintiff was not entitled to the intermittent leave she requested.  CFRA does not entitle an employee to take "unscheduled and unpredictable, but cumulatively substantial absences . . . at a moment's notice for the rest of her life."  *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1007 (7th Cir. 2001); *see also Hayduk v. City of Johnstown*, 580 F. Supp. 2d 429, 454-455 (W.D. Pa. 2008) (same); *Brown*, 514 F. Supp. 2d at 110 ("To be sure, getting to work on time is an important part of a nursing technician's job function.  But to treat chronic lateness, even if caused by a medical condition, as an incapacity, or inability to perform, that requires intermittent "leave" for the brief duration of the lateness,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

6

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

distorts the English language and trivializes the purpose of the Act.").  "So long as 'reliable attendance is a *bona fide* requirement' of a position, an employee's inability to comply with that requirement over the long term indicates that [s]he is not qualified for the position."  *Hayduk*, 580 F. Supp. 2d at 455 (citing, *inter alia*, *Collins*, 272 F.3d at 1007 (holding that the FMLA should not be construed to provide more protection than the Americans with Disabilities Act, which "protects only person who over the long run are capable of working full time"); 29 C.F.R. § 825.214(b) (an employee who is "unable to perform an essential function of [her] position" at the end of her FMLA leave "has no right [under the FMLA] to restoration to another position).[2]

In addition, Plaintiff's claim also fails because there can be no dispute that there was no medical need for the leave.  Plaintiff admitted in her original Complaint and FAC that her mother's physician had in fact *removed* the part of Plaintiff's leave request that she would arrive late to work if her mother was non-compliant with taking her medications.  (*See, e.g.*, Compl. ¶ 43; FAC ¶ 54).  Thus, Plaintiff has made the fatal concession that the intermittent or sporadic leave she had requested was not medically necessary to care for her mother.  *See, e.g., Brown*, 514 F. Supp. 2d at 110-111 (FMLA leave could not cover an employee's chronic lateness where there was no medical need to take small increments of leave).  Further, Plaintiff does not allege that she needed to administer her mother's medication at a specific time each day, which would interfere with her ability to arrive at work on time by 8:15 a.m.  Thus, Plaintiff merely sought FMLA leave to cover her chronic lateness due not to any medical necessity, and Plaintiff's only complaint is that she was terminated for being tardy.

---

[2] The regulations promulgated by the California Fair Employment and Housing Commission under CFRA generally incorporate by reference federal regulations interpreting the FMLA, and "California courts applying CFRA frequently rely on federal decisions applying FMLA."  *Avila v. Continental Airlines, Inc.*, 165 Cal. App. 4th 1237, 1254 n.8 (2008) (citations omitted).

Plaintiff cannot avoid this outcome through an inconsistent allegation in her SAC that her mother's physician never removed the need for periodic leave for times when Plaintiff's mother was uncooperative with her medical treatment, but instead, "merely clarified that on days where Plaintiff's mother was cooperative, Plaintiff would be able to attend work at the regularly scheduled time." (SAC ¶¶ 19, 35, 53, and 71). Again, a court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint, and it may strike the changed allegations as "false and sham." *See Schwarzer*, *supra*, ¶ 9:223 (citations omitted). This Court should do so here with respect to paragraphs 19, 35, 53, and 71 of the SAC, especially given Plaintiff's failure to provide any explanation for the inconsistent allegations. In addition, Plaintiff's inconsistencies render her SAC implausible. *See Iqbal*, 556 U.S. at 678 (complaint must be plausible to survive motion to dismiss).

Moreover, even if this Court considered Plaintiff's changed allegations (and it should not), her claim is inconsistent with the following statement provided by her mother's physician:

> Dear Dr. Genova:
>
> Leslie Sakaguchi is employed at ECFMG as a Standardized Patient Trainer. She is scheduled to start work at 8:15 a.m. on most days and at 7:30 a.m. when she is scheduled as the Trainer on Duty (TOD), which is usually once per week. Leslie's position involves the administration of a high stakes medical exam and punctuality is very important. Leslie's home address is less than 10 miles from the Center she is employed at, so the commute should be no more than 3-45 minutes, even with traffic.
>
> "***Question***: If [Plaintiff] were to administer her mother Sue Sakaguchi's medication each day by 6:45 a.m., so that she may leave for work by 7:00 a.m. [when she is scheduled as the Trainer on Duty] or 7:30 a.m. on regular days to be on time for either scheduled shift, would this be acceptable medical care in the administration of her mother's medication?
>
> [***Doctor's Response***:]     X YES  __ No

(*See* RJN, Exh. 1). Not only does this document make clear that there was no medical need for Plaintiff to be late to work, it also renders untrue and implausible

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

8

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

1   Plaintiff's assertion that her mother's physician merely clarified that the need for

2   periodic leave depended upon her mother's cooperation (or lack thereof).  Indeed,

3   the document is completely silent regarding the issue of cooperation.  In addition,

4   the letter sent by ECFMG to Plaintiff regarding the response it had received from

5   Plaintiff's mother's physician (which Plaintiff has also omitted from the SAC), also

6   undermines Plaintiff's claim that ECFMG mischaracterized the doctor's statement.

7   (*See* RJN, Exh. 1 at p. 3).  Accordingly, Plaintiff's claim should be dismissed.  *See*

8   *Schwarzer, supra,* ¶ 9.212.1b ("where the documents do not support plaintiff's

9   claim, the complaint may be dismissed for failure to state a valid claim") (citing

10   *Branch*, 14 F.3d at 454).

11       Finally, there is no merit to Plaintiff's assertion that ECFMG violated her

12   privacy when requesting information about her mother's medical condition.  (*See*

13   SAC ¶ 52).  Plaintiff has no standing to claim that ECFMG violated her mother's

14   privacy rights.  Moreover, where (as here) an employee requests intermittent or

15   reduced schedule leave for the care of a family member with a serious health

16   condition, the employer may require a medical certification stating that the

17   intermittent or reduced schedule leave is medically necessary for care or the family

18   member.  29 USC §2613(b)(7).  Accordingly, this Court should dismiss Plaintiff's

19   Second Cause of Action without leave to amend.

20       **C.**     **Plaintiff Has Failed To State A Claim Under California Labor**
21   **Code Section 233.**

22       Plaintiff's Third Cause of Action essentially regurgitates the allegations in

23   her CFRA claim and then asserts in conclusory fashion that these same allegations

24   also constitute a violation of California Labor Code section 233.  As a result of this

25   alleged violation of Section 233, Plaintiff contends she is entitled to reinstatement,

26   actual damages or one day's pay, equitable relief, and an award of reasonable

27   attorneys' fees.  (*See* SAC ¶ 75).  Not so.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

9

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

1   Section 233 provides, in pertinent part, as follows:

2   (a) Any employer who provides sick leave for employees shall permit
    an employee to use in any calendar year the employee's accrued and
3   available sick leave entitlement, in an amount not less than the sick
    leave that would be accrued during six months at the employee's then
4   current rate of entitlement, to attend to an illness of a child, parent,
    spouse, or domestic partner of the employee.  All conditions and
5   restrictions placed by the employer upon the use by an employee of
    sick leave also shall apply to the use by an employee of sick leave to
6   attend to an illness of his or her child, parent, spouse, or domestic
    partner.

7

8   Plaintiff's Section 233 claim still fails for the same reasons identified in

9   Defendants' motion to dismiss the original Complaint.  In particular, Plaintiff has

10  failed to plead any factual basis for her claim; instead, she simply recites the

11  language of the statute and alleges in conclusory fashion that ECFMG violated the

12  law.  The SAC contains no supporting facts regarding whether ECFMG provided

13  sick leave to its employees (including Plaintiff), what policies or procedures

14  ECFMG has for sick leave, or, if ECFMG had a sick leave policy, whether Plaintiff

15  had accrued sick leave available to use.  *See McCarther v. Pacific Telesis Group*,

16  48 Cal. 4th 104, 117 (2010) ("Employers are not required to provide sick leave.

17  Many employers elect to do so, and many do so in the form of an accrual-based

18  system.  Employers may choose to refuse employees the right to use uncapped sick

19  leave to care for relatives, although employers are certainly not precluded from

20  permitting such use.")  Nor does Plaintiff allege that she requested sick leave to

21  care for her mother and her request was refused or that she was disciplined or

22  discharged for attempting to use sick leave.  Plaintiff has completely failed to

23  provide factual allegations regarding the circumstances, occurrences, and events

24  surrounding how ECFMG allegedly harmed her in violation of Labor Code section

25  233.  Accordingly, under *Iqbal* and *Twombly*, Defendants' motion should be

26  granted.  Moreover, because further amendment would be futile, this Court should

27  dismiss this claim with prejudice.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

MOTION TO DISMISS AND STRIKE
PLAINTIFF'S SAC

DB2/ 23171634.4

### D.    Plaintiff Has Failed to State A Claim For Wrongful Termination

Plaintiff's First Cause of Action for Wrongful Termination in Violation of Public Policy is based upon ECFMG's alleged violations of CFRA and California Labor Code section 233.  (*See* SAC ¶ 24).  Accordingly, since Plaintiff's claims under CFRA and Section 233 fail for the reasons set forth above, it necessarily follows that this claim also must be dismissed with prejudice.

### E.    Plaintiff's Claims Against the Individual Defendants Also Fail

Finally, while Plaintiff's SAC contains no allegations against the individual defendants in this action, she has not dismissed them as defendants as of the time of the filing of the instant motion.  Accordingly, Ms. Trowell-Roman and Mr. O'Colmain request that this Court enter an Order dismissing Plaintiff's claims against them with prejudice.  In addition to moving for the reasons set forth above by ECFMG, the individual defendants also move on the grounds that there is a complete absence of factual allegations against them in the SAC.

## IV.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that this Court enter an Order granting this Motion.  Moreover, because the infirmities of Plaintiff's Complaint are incurable, Defendants further ask that the Motion be granted with prejudice.

Dated:        May 18, 2012                          MORGAN, LEWIS & BOCKIUS LLP
                                                    SALVATORE PICARIELLO
                                                    BARBARA A. FITZGERALD
                                                    KATHRYN T. MCGUIGAN


                                                    By  /s/ Salvatore Picariello
                                                    SALVATORE PICARIELLO
                                                    Attorneys for Defendants

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23171634.4

11                          MOTION TO DISMISS AND STRIKE
                            PLAINTIFF'S SAC