LAW OFFICES OF CARLIN & BUCHSBAUM, LLP
GARY R. CARLIN, CSBN: 44945
gary@carlinbuchsbaum.com
BRENT S. BUCHSBAUM, CSBN: 194816
brent@carlinbuchsbaum.com
LAUREL N. HAAG, CSBN: 211279
laurel@carlinbuchsbaum.com
MAYA G. MORALES, CSBN: 245208
maya@carlinbuchsbaum.com
555 East Ocean Blvd., Suite 818
Long Beach, California 90802
Telephone: (562)432-8933; Facsimile: (562)435-1656

Attorneys for LESLIE SAKAGUCHI, Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SAKAGUCHI, | Case No. CV 12-1637 GAF (FFMx) |
| Plaintiff; | [Originally filed in Los Angeles County Superior Court; Case No. BC477337] |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES** |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, an Illinois corporation; SHARON TROWELL-ROMAN, an individual; PETER O'COLMAIN, an individual; and DOES 1 through 250, inclusive, | |
| | [Declaration of Brent S. Buchsbaum, Request for Judicial Notice in Support of Plaintiff's Opposition filed concurrently herewith] |
| Defendants | |
| | Date:       June 18, 2012 |
| | Time:       9:30 a.m. |
| | Courtroom:  740 |
| | Judge:      Hon. Gary A. Feess |

TO DEFENDANTS AND TO THEIR ATTORNEYS OF RECORD:

Plaintiff, LESLIE SAKAGUCHI, comes now with her Opposition to

Defendants' Motion to Dismiss and Strike Portions of Plaintiff's Second Amended

Complaint pursuant to FRCP 12(b)(6) and 12(f).

///

///

1

# TABLE OF CONTENTS

2

I.    SUMMARY OF ARGUMENT.................................................................2

3
       A.   Rule 12(b)(6) Motions Are Disfavored.........................................4

4
       B.   Plaintiff Has Pled Sufficient Facts To
5            State A Claim For a Violation of CFRA.........................................5

6            i.    Plaintiff was entitled to intermittent
7                  CFRA leave..........................................................................5

8            ii.   Plaintiff's allegations are not "false
                   and sham.".............................................................................6

9            iii.  Plaintiff's allegations are not contradicted
                   by the evidence offered by Defendants................................7
10
       C.   Plaintiff Has Pled Sufficient Facts To State
11           A Claim Under California Labor Code
             Section 233............................................................................8
12
       D.   Plaintiff Has Sufficiently Alleged A Claim For
13           Wrongful Termination.......................................................9

14     E.   Plaintiff's Claims Against Individual Defendants.........................10

15     F.   Leave To Amend Is Liberally Granted.........................................10

16  II.  CONCLUSION......................................................................11

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## **TABLE OF AUTHORITIES**

2

3 **United States Supreme Court Cases**

4 Ashcroft v. Iqbal
(2009) 556 U.S. 662, 679.................................................................................2, 9

5

6 Bell Atlantic Corp. v. Twombly
(2007) 550 U.S.544, 555..............................................................................9

7

8 **Federal Cases**

9 Brown v. Eastern Maine Med. Ctr.
(D. Me. 2007) 514 F. Supp 2d 104, 111.............................................5

10

11 Coffin v. Safeway, Inc.
(D. AZ. 2004) 323 F. Supp.2d 1000......................................................4

12 Collins v. NTN-Bower Corp.
(7th Cir. 2001) 272 F. 3d 1006, 1008.................................................5

13

14 DCD Programs, Ltd. v. Leighton
(9th Cir. 1987) 833 F.2d 183, 186.....................................................11

15 Gillian v. Jamco Develop. Corp.
(9th Cir. 1997) 108 F.3d 246, 249.......................................................4

16

17 Hayduk v. City of Johnston
(W.D. Pa. 2008) 580 F.Supp.2d 429, 468........................................5

18 Hearn v. R.J. Reynolds Tobacco Co.
(D. Ariz. 2003) 279 F. Supp. 2d. 1096, 1102...................................8

19

20 International Audiotext Network, Inc. v. AT&T Co.
(2nd Cir. 1995) 62 F. 3d 69, 72.........................................................8

21 Morongo Mission Band of Indians v. Rose
(9th Cir. 1990) 893 F.2d 1074, 1079.................................................11

22

23 PAE Gov't Servs. v. MPRI, Inc.
(9th Cir.Cal.2007) 514 F.3d 856, 860.............................................6, 7

24 Pareto v. F.D.I.C.
(9th Cir. 1998) 139 F.3d 696, 699.......................................................4

25

26 Swanson v. Citibank, N.A.
(7th Cir. Ill. 2010) 614 F.3d 400, 404...............................................2

27 United States v. Redwood City
(9th Cir. 1981) 640 F.2d 963, 966.......................................................4

28

///

1

**<u>Statutes</u>**

2   California Labor Code Section 233...................................................................2, 8, 10

3   Federal Rule of Procedure 8(a)(2).......................................................................9

4   F.R.C.P. Rule 15(a)(2)..........................................................................................11

5   ///

6   ///

7   ///

8   ///

9   ///

10   ///

11   ///

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

This case arises out of Plaintiff's employment with Defendants Educational Commission for Foreign Medical Graduates ("ECFMG"), Sharon Trowell-Roman, and Peter O'Colmain. Defendants bring the instant motion, asserting that Plaintiff has not alleged facts to support her claims in her Second Amended Complaint ("SAC"), that certain claims are fatally inconsistent, and request that this Court take judicial notice of a document Defendants argue contradicts Plaintiff's claims. However, Defendants' motion is substantively lacking. Defendants ignore the many specific factual allegations contained in Plaintiff's SAC, which are sufficient to give Defendants proper notice of the claims against them, and ignores relevant case law that specifies inconsistent allegations are acceptable and a normal part of litigation. Further, Defendants have not offered into evidence any document that by any reasonable interpretation expressly contradicts Plaintiff's claims.

Here, Defendants argue that Plaintiff has not established a prima facie case for a violation of the California Family Rights Act ("CFRA"). Defendants first incorrectly conclude that intermittent leave is not available under CFRA. Moreover, Defendants claim that there was no medical necessity for intermittent leave as their offered exhibit supposedly retracts Plaintiff's need for a flexible work schedule. As stated in more detail below, Defendants have attempted to construe a physician's assent to a simple hypothetical as being an absolute retraction of the medical need for a flexible work schedule; an interpretation that cannot be supported by the text of the document. Further, in a last ditch effort to dismiss Plaintiff's claim, Defendants contend that allegations should be stricken as they contradict allegations in Plaintiff's earlier pleadings. However, per the Ninth Circuit, "inconsistent allegations are simply not a basis for striking the pleading." *PAE Gov't Servs. v. MPRI, Inc.* (9th Cir. Cal. 2007) 514 F.3d 856, 860.

1       Defendants further erroneously contend that Plaintiff's SAC contains
2  conclusory allegations as justification for Defendants' motion to dismiss.
3  However, conclusory allegations are perfectly proper in federal actions where they
4  are supported by factual allegations. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679.
5  A plaintiff must merely provide enough details to "present a story that holds
6  together." *Swanson v. Citibank, N.A.* (7th Cir. Ill. 2010) 614 F.3d 400, 404. "In
7  other words, the court will ask itself *could* these things have happened, not *did*
8  they happen." *Id.* Plaintiff's SAC is full of detailed factual allegations which are
9  sufficient to establish claims for relief for violations of CFRA and California
10 Labor Code section 233.

11      First, Plaintiff alleges that she submitted a valid CFRA request for a
12 flexible work schedule because her mother (who suffers from dementia) was
13 sometimes non-compliant with taking her medications. (SAC at ¶45.) This
14 request was supported by Plaintiff's mother's physician, who stated that a flexible
15 leave time was medically necessary. (*See* Plaintiff's Request for Judicial Notice
16 ("RJN"), Exh. 1.) Despite having a physician document the medical need for a
17 flexible work schedule, Defendant ECFMG deliberately ignored the provided
18 medical opinion and penalized Plaintiff for being late to work. *Id.* at ¶47.
19 Thereafter, Defendant ECFMG misconstrued a later statement by Plaintiff's
20 mother's physician, arguing that it eliminated the need for a flexible work
21 schedule. *Id.* at ¶53. Based on Defendants' misinterpretation, Plaintiff was further
22 penalized for being late to work. *Id.* at ¶55. However, the physician never
23 eliminated the need for a flexible work schedule. *Id.* at ¶53. The physician's
24 statement merely clarified that on days when Plaintiff's mother was cooperative,
25 and would take her medication on time, Plaintiff could attend work at the regularly
26 scheduled time. *Id.* The foregoing statement did not state that Plaintiff's mother
27 would in the future be cooperative and comply with taking her morning
28 medications, thus Plaintiff continued to need a flexible work schedule.

1  In addition, Plaintiff specifically alleges that she was entitled to sick leave,
2  that she requested to use such sick leave to care for her mother, and that Defendant
3  ECFMG did not let Plaintiff use her sick leave to care for her mother as ECFMG
4  instead terminated Plaintiff's employment. (*See* SAC at ¶¶73-74.)

5  In light of the numerous pertinent factual allegations plead, it is somewhat
6  disingenuous (if not eyebrow raising) for Defendants to claim that a prima facie
7  case for violation of CFRA, wrongful termination in violation of public policy,
8  and violation of California Labor Code section 233 have not been made. The
9  SAC taken as a whole, with all of the factual allegations which Defendants seem
10  to ignore, sufficiently establish that Plaintiff is entitled to relief. Therefore,
11  Defendants' motion to dismiss and strike should be denied.

12

13  ### A.   Rule 12(b)(6) Motions Are Disfavored

14

15  "The motion to dismiss for failure to state a claim is viewed with disfavor
16  and is **rarely granted**." *Gilligan v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F.3d
17  246, 249. Such a motion is proper only in extraordinary cases. *United States v.*
18  *Redwood City* (9th Cir. 1981) 640 F.2d 963, 966. Moreover, *Rule* 8 contains "a
19  powerful presumption against rejecting pleadings for failure to state a claim."
20  *Gilligan v. Jamco Develop. Corp., supra,* 108 F.3d at 249.

21  Further underscoring the reasons such motions are disfavored is that the
22  court must accept as true all material allegations in the complaint, **as well as**
23  **reasonable inferences to be drawn from them.** *Pareto v. F.D.I.C.* (9th Cir. 1998)
24  139 F.3d 696, 699. "A suit should not be dismissed if it is possible to hypothesize
25  facts, consistent with the complaint, that would make out a claim." *Coffin v.*
26  *Safeway, Inc.* (D. Az. 2004) 323 F. Supp.2d 1000.

27  ///
28  ///

1
2

**B.    Plaintiff Has Pled Sufficient Facts To State A Claim For A**
       **Violation of CFRA.**

3

4      Defendants mischaracterize Plaintiff's second cause of action for Violation
5  of CFRA as purely an action for retaliation in violation of CFRA, stating that
6  Plaintiff has failed to prove elements of the retaliation claim.  Defendants state that
7  Plaintiff cannot establish two required elements for a retaliation claim, yet their
8  moving papers only address *one* element.  Specifically, Defendants argue that
9  Plaintiff did not plead sufficient facts to prove that she exercised her right to take
10 leave for a qualifying CFRA purpose.  As elaborated in more detail below,
11 Defendants' misguided attempt to dismiss and/or strike Plaintiff's second cause of
12 action has no merit.

13

14              **i. Plaintiff was entitled to intermittent CFRA leave**.

15     Defendants make an incorrect and blanket statement that CFRA does not
16 entitle an employee to take unscheduled and unpredictable leave.  The case law
17 cited by Defendants **actually do provide for intermittent CFRA leave**, so long
18 as the employer is given notice of a medical need for the leave. *Hayduk v. City of*
19 *Johnston* (W.D. Pa. 2008) 580 F. Supp. 2d 429,468; *Brown v. Eastern Maine Med.*
20 *Ctr.* (D. Me. 2007) 514 F. Supp. 2d 104, 111 (To support intermittent leave, "a
21 medical need for leave" is required.)  Moreover, the cases cited by Defendants are
22 distinguishable as they involve instances wherein the employer was not informed
23 of a medical need for the employee's intermittent leave. See *Collins v. NTN-*
24 *Bower Corp.* (7th Cir. 2001) 272 F.3d 1006, 1008 ("Collins did not let her
25 employer know the reason for her absence, and notice is essential."); *Hayduk*, 580
26 F. Supp. 2d at 469 (An employee's vague description of suffering "medical
27 problems" was not adequate for intermittent leave.); *Brown*, 514 F. Supp. 2d at
28 111 (The need for intermittent leave could not be established as the employee did

1 not require the leave for medical treatment or recovery. )

2 Here, in the instant matter, Plaintiff has established through her factual
3 allegations that Defendant ECFMG was informed of the medical need for
4 intermittent leave. (SAC at ¶¶44-45.) Plaintiff provided ECFMG with notes from
5 her mother's physician detailing the need for Plaintiff to provide medical treatment
6 for her mother and stating that such treatment could be unpredictable, causing
7 Plaintiff to be late at times. *Id.* at ¶45. It is undisputed that Plaintiff's mother's
8 physician stated that Plaintiff needed a flexible work schedule in order to provide
9 her mother with medical treatment. *See* Plaintiff's RJN, Exh. 1. Moreover,
10 Plaintiff's request for intermittent and/or flexible leave was reasonable as
11 ECFMG's own handbook promotes flexible work schedules for its employees. *Id.*
12 at ¶50.

13 Per the foregoing, Plaintiff has established through the factual allegations in
14 her SAC that Plaintiff was entitled to intermittent CFRA leave due to her mother's
15 need for medical treatment.

16

17 **ii. Plaintiff's allegations are not "false and sham."**

18 Defendants further dispute the medical need for Plaintiff's intermittent
19 leave, arguing that allegations regarding the continuing need for periodic leave in
20 Plaintiff's SAC are "false and sham" simply because they contradict Plaintiff's
21 earlier pleadings. On this basis alone, Defendants insist that this Court strike
22 portions of Plaintiff's complaint. However, the Ninth Circuit has expressly stated
23 that "inconsistent allegations are simply not a basis for striking the pleading."
24 *PAE Gov't Servs. v. MPRI, Inc.* (9th Cir. Cal. 2007) 514 F.3d 856, 860.

25 As noted by the Court in *PAE Gov't Servs.*, "there is nothing in the Federal
26 Rules of Civil Procedure to prevent a party from filing successive pleadings that
27 make inconsistent or even contradictory allegations." *Id.* As litigation progresses,
28 allegations will necessarily change as parties learn more about their case. *Id.* at

1  859. Such changes to pleadings, even contradictory pleadings, are not "sham" but
2  simply litigation. *Id.*

3      Here, after filing her Complaint and First Amended Complaint, Defendant
4  ECFMG provided Plaintiff with the document that purportedly removed Plaintiff's
5  request for a flexible starting time. (Declaration of Brent S. Buchsbaum ("Decl.
6  Buchsbaum") at ¶¶2-3).  Upon receipt, it became apparent that Defendant ECFMG
7  had mischaracterized the contents of the document to Plaintiff, as Plaintiff's
8  mother's physician had not in fact removed the need for a flexible work schedule.
9  *Id.* at ¶3.  Thus, based on this new information, Plaintiff altered her allegations in
10 the SAC accordingly.  *Id.* at ¶4.  Per *PAE Gov't Servs.*, Plaintiff's alteration to her
11 allegations does not render her pleading sham or false and Defendants' request to
12 strike portions of Plaintiff's SAC should be denied.  *See PAE Gov't Servs*, 514
13 F.3d at 859-860.

14

15          **iii.   Plaintiff's allegations are not contradicted by the evidence**
16                **offered by Defendants**.

17     In their Request for Judicial Notice, Defendants offer a note from Plaintiff's
18 physician that Defendants argue fatally contradicts Plaintiff's allegations. Should
19 the Court rely upon Defendants' proffered exhibit, close inspection will prove that
20 there is no contradiction to Plaintiff's allegations and that Defendants' have
21 misinterpreted the contents.

22     Defendants contend that the hypothetical posed to Plaintiff's mother's
23 physician completely eradicates the medical need for Plaintiff to have a flexible
24 work schedule. Defendant ECFMG asked the physician whether, if Plaintiff could
25 administer her mother's medications by 6:45 a.m., Plaintiff could leave for work
26 by 7:00 or 7:30 a.m. (*See* Defendants' Request for Judicial Notice ("RJN"), Exh.
27 1). The physician replied in the affirmative to the specific scenario put forth by
28 Defendants. *Id.*

1   Plaintiff claims in her SAC that Defendants misinterpreted and misapplied
2   her mother's physician's assent to Defendant ECFMG's hypothetical. The
3   physician merely agreed that Plaintiff could leave for work by 7:00 or 7:30 a.m. **if**
4   her mother took her medication by 6:45 a.m.. This statement cannot be
5   extrapolated to mean that Plaintiff's mother (who is suffering from <u>dementia</u>)
6   **would always** take her medication by 6:45 a.m. Nowhere within Defendants'
7   exhibit does it state that Plaintiff's mother would cooperate and submit to taking
8   her medications by 6:45 a.m. every day. (*See* Defendants' RJN, Exh. 1). In fact,
9   the document is silent as to the medical care when Plaintiff's mother does not take
10  her medications by 6:45 a.m. *Id.* Without an explicit directive from the physician,
11  it is disingenuous for Defendants to interpret the contents as removing the
12  inconsistency of Plaintiff's mother's medical treatment.

13  Even if alternate conclusions can be drawn from this note, courts have
14  stated that any ambiguity in a document must be resolved in the Plaintiff's favor.
15  *International Audiotext Network, Inc. v. AT&T Co.* (2nd Cir. 1995) 62 F.3d 69,72;
16  *Hearn v. R.J. Reynolds Tobacco Co.* (D. Ariz. 2003) 279 F. Supp. 2d. 1096, 1102.
17  Thus, the exhibit offered by Defendants cannot be held to dispute Plaintiff's claim
18  that there continued to be a medical need for a flexible work schedule. To
19  construe the contents of this exhibit as withdrawing the need for a flexible work
20  schedule would require a stretch of the imagination. Plaintiff's claim remains valid
21  and Defendants are without support for their request to dismiss Plaintiff's
22  complaint.

23

24      **C.**   **Plaintiff Has Pled Sufficient Facts To State A Claim Under**
25          **California Labor Code Section 233.**

26

27  Defendants contend that Plaintiff's SAC contains mere conclusory
28  allegations in her claim for a violation of California Labor Code section 233.

1  However, conclusory allegations are perfectly proper in federal actions where they
2  are supported by factual allegations. *Iqbal,* 556 U.S. at 679. In addition, Federal
3  Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
4  claim showing that the pleader is entitled to relief." Specific, detailed facts are not
5  necessary as the statement need only "give the defendant fair notice of what the . .
6  . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*
7  (2007) 550 U.S. 544, 555.

8        Defendants further incorrectly conclude that Plaintiff has failed to plead
9  sufficient facts, arguing that Plaintiff has not stated whether ECFMG provided
10 sick leave, or if she requested sick leave to care for her mother, or if her request
11 was refused. Defendants, perhaps in their haste to bring the instant motion, have
12 failed to read and/or notice that Plaintiff has specifically alleged all of the
13 foregoing "missing" facts.[1] In her SAC, Plaintiff states that she was entitled to
14 sick leave, that she requested to use such sick leave to care for her mother, and that
15 Defendant ECFMG did not let Plaintiff use her sick leave as ECFMG instead
16 terminated Plaintiff's employment. (*See* SAC at ¶¶73-74).

17       Per the foregoing, Plaintiff has alleged evidentiary facts to state a claim to
18 relief that is plausible on its face. Further, Plaintiff has pled sufficient facts to
19 give Defendant ECFMG fair notice of Plaintiff's claim. Thus, Defendants' motion
20 to dismiss must be denied.

21

22   **D.    Plaintiff Has Sufficiently Alleged A Claim For Wrongful**
23         **Termination**.

24

25       Defendants attempt to argue that Plaintiff's First Cause of Action for
26 Wrongful Termination in Violation of Public Policy should be dismissed because

27 _____

28     [1]To quote Edmund Burke, "Reading without reflecting is like eating without digesting."

1 │ Plaintiff's claim is based upon alleged violations of CFRA and California Labor
2 │ Code section 233. Defendants flatly state that Plaintiff's claim must fail because
3 │ Defendants argue that no such violations occurred.[2] Defendants cite no case law
4 │ or other basis for its argument that Plaintiff's claim be dismissed with prejudice.

5 │      As outlined *above*, Plaintiff has pled more than sufficient factual allegations
6 │ to show a plausible claim of relief for violations under both CFRA and Labor
7 │ Code section 233. Thus, based on the factual allegations and the requisite
8 │ elements plead, Plaintiff has sufficiently stated a claim against Defendant ECFMG
9 │ for wrongful termination.  Accordingly, Defendants' argument fails and the
10 │ motion to dismiss should be denied.

11 │

12 │ **E.     Plaintiff's Claims Against Individual Defendants**

13 │

14 │      Plaintiff does not dispute that Plaintiff's SAC no longer contains allegations
15 │ against the individually named defendants in this action. At the time Defendants'
16 │ motion is to be heard, Plaintiff will have provided Defendants a drafted stipulation
17 │ to dismiss Defendants Sharon Trowell-Roman and Peter O'Colmain. Plaintiff
18 │ further anticipates filing the signed stipulation with this Court prior to the June 18,
19 │ 2012 hearing for Defendants' motion.  Per the foregoing, Defendants' motion
20 │ regarding the dismissal of individual defendants is moot.

21 │

22 │ **F.     Leave To Amend Is Liberally Granted**

23 │

24 │      Notwithstanding the fact that Defendants have yet to file a responsive
25 │ pleading, leave to amend should be granted. Even where a party has amended its
26 │ Complaint once, or where a responsive pleading has been served, the Federal

27 │ ───────────────

28 │ [2]This argument, if even substantiated, is appropriate only at the Motion for Summary
   │ Judgment stage.

1 Rules provide that leave to amend should be freely given "when justice so
2 requires." *F.R.C.P.* Rule 15(a)(2). Moreover, permission is to be granted with
3 "extreme liberality," and may be denied only upon grounds of undue delay,
4 prejudice, bad faith, or futility. *Morongo Mission Band of Indians v. Rose* (9th
5 Cir. 1990) 893 F.2d 1074, 1079; *DCD Programs, Ltd. v. Leighton* (9th Cir. 1987)
6 833 F.2d 183, 186.

7       Here, Defendants have not filed a responsive pleading. Moreover,
8 Defendants are well aware of the allegations against them, and there is no undue
9 delay or prejudice or bad faith. Therefore, in light of the extreme liberality to be
10 applied and in the interest of justice, Plaintiff should be given leave to amend if
11 any claims are dismissed.

12

13 **II.   CONCLUSION**

14       Based on the foregoing, Plaintiff respectfully requests that this Court deny
15 Defendants' Motion to Dismiss and Strike Portions of Plaintiff's Second Amended
16 Complaint. Plaintiff further requests that leave to amend be given if any claims
17 are dismissed.

18

19 Dated: May 25, 2012          THE LAW OFFICES OF CARLIN &
20                              BUCHSBAUM
21                              A Limited Liability Partnership
22
23
24                              By ___ /s/ Maya G. Morales
25                              Maya G. Morales, Attorneys for Plaintiff,
26                              LESLIE SAKAGUCHI
27
28

1

# PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4
    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

5

6
    On May 25, 2012, I served the foregoing document described as:

7
## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES

8

9
    The true copies thereof were enclosed in a sealed envelope and addressed as follows:

10  **Counsel for Defendants**
    **Barbara A. Fitzgerald, Esq.**
11  *bfitzgerald@morganlewis.com*
    **Salvatore Picariello, Esq.**
12  **Kathryn T. McGuigan, Esq.**
    *kmcguigan@morganlewis.com*
13  **MORGAN, LEWIS & BOCKIUS, LLP**
    **300 South Grand Avenue, 22nd Floor**
14  **Los Angeles, California 90071-3132**

15  **Facsimile: (213)612-2501**

16

17  __XX__   **(ELECTRONICALL**Y) I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF")
18  System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.
19  I served those parties who are not registered participants of the ECF System as indicated below.

20

21  ___   **(BY MAIL)** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States
22  Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business. On this date, I served the above interested
23  parties following my employer's ordinary business practices.

24

25  ___   **(BY OVERNIGHT DELIVERY)** I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following
26  ordinary business practices

27  ___   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.
28

1     \_\_\_   **(BY FACSIMILE)** I caused such document to be served on all parties to
this action via facsimile at the numbers indicated on the attached service list
2         pursuant to California Rules of Court, Rule 2006. The facsimile machine I
used complied with Rule 2003 and no error was reported by the machine.
3         Pursuant to Rule 2006, I caused the machine to print a transmission record
of the transmission, a copy of which is attached to this document.

4   **XX**   **(FEDERAL)** I declare under penalty of perjury under the laws of the United
5         States that the above is true and correct.

6     I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.
7

8     Executed, May 25, 2012, at Long Beach, California.

9

10                 KIMBERLY KELLY, Declarant