MORGAN, LEWIS & BOCKIUS LLP
BARBARA A. FITZGERALD, SBN 151038
SALVATORE PICARIELLO, SBN 190442
KATHRYN T. MCGUIGAN, SBN 232112
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
T:  213.612.2500 / F:  213.612.2501
bfitzgerald@morganlewis.com
spicariello@morganlewis.com
kmcguigan@morganlewis.com
Attorneys for Defendants
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
SHARON TROWELL-ROMAN, and PETER
O'COLMAIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SAKAGUCHI,<br><br>Plaintiff,<br><br>vs.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, an Illinois corporation, SHARON TROWELL-ROMAN, an individual; PETER O'COLMAIN, an individual; and Does 1 through 250, inclusive,<br><br>Defendants. | Case No. CV 12-1637 GAF (FFMx)<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Date:        June 18, 2012<br>Time:       9:30 a.m.<br>Courtroom: 740<br>Judge:       Hon. Gary A. Feess |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff admits in her Opposition to Defendants' Motion that her claims related to the California Family Rights Act ("CFRA") hinge on what her mother's physician, Dr. Genova, did *not* say on November 30, 2010 (the "November 30th Statement"), when he responded to ECFMG's November 22, 2012, request for a clarification regarding Plaintiff's demand for a flexible work schedule. (*See* Opp. at 8:8-12 (conceding the November 30th Statement in response to Defendants' November 22, 2012, request for clarification "is silent" as to medical care when Plaintiff's mother did not cooperate in taking her medications)). More specifically, Plaintiff admits that the November 30th Statement effectively eliminated her need for a flexible work schedule when her mother *was* cooperative in taking her medications, but she argues that because the November 30th Statement does *not* mention the possibility that Plaintiff's mother might not cooperate, this Court should infer from Dr. Genova's *silence* that he had left intact her alleged need for a flexible work schedule on such occasions. (*See id*. at 8:2-12 (conceding that Dr. Genova "agreed Plaintiff could leave for work" on time when her mother cooperated, but claiming the lack of "an explicit directive from the physician" did not eliminate need for periodic leave if her mother was uncooperative); *see also* SAC ¶ 53 (same)).

There are several problems with Plaintiff's argument, each of which requires dismissal of her CFRA-related claims against defendant ECFMG.[1]

First, a review of the November 30th Statement reveals that the document does not even mention the term "cooperation," let alone use this term as the basis upon which Dr. Genova was offering his medical opinion. (*See* Defendants' RJN,

---

[1] On May 30, 2012, Plaintiff filed a notice of dismissal without prejudice as to the individual defendants in this action, Sharon Trowell-Roman and Peter O'Colmain. (*See* Dkt. # 15). Thus, ECFMG remains the only moving party.

Exh. A). Given the absence of an assumption that Plaintiff's mother *would* cooperate, Dr. Genova's silence in the November 30th Statement cannot give rise to a reasonable inference that it was medically necessary for Plaintiff to have a flexible work schedule on days when her mother would *not* cooperate. *See Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007) ("[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss"); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (same). Moreover, the November 30th Statement completely undermines and trumps Plaintiff's inconsistent allegations in paragraph 53 of the SAC (and elsewhere) that the November 30th Statement "merely clarified" that Plaintiff did not require a flexible work schedule only "on days where Plaintiff's mother was cooperative . . . ." *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (where documents incorporated by reference do not support plaintiff's claims, dismissal is proper), overruled on other grounds by *Galbraith v. Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Further, Plaintiff's claim that the November 30th Statement constitutes a certification for a flexible work schedule is inconsistent with 29 U.S.C. § 2613(b)(7), as the document contains no reference to intermittent leave, much less an "expected duration" for such leave.

    Second, the letter from Dr. Genova that prompted ECFMG's request for a clarification,[2] dated August 30, 2010 (the "August 30th Letter"), also does not give rise to a reasonable inference that Plaintiff needed a flexible work schedule on days when her mother did not cooperate. Indeed, the August 30th Letter identifies only a single problem: "[Plaintiff's] mother has been non-compliant with *unsupervised*

---

[2] It is worth noting that Plaintiff has apparently abandoned her erroneous assertion in paragraph 34 of the SAC that ECFMG violated Plaintiff's right to privacy when it sought a clarification from Dr. Genova. *See* 29 U.S.C. § 2613(b)(7) (employer may require medical certification stating that the intermittent or reduced schedule leave is medically necessary for care of family member and the expected duration of the intermittent leave).

administration of her medications." (*See* Plaintiff's RJN, Exh. 1 (emphasis added)). It does not state that Plaintiff's mother might be uncooperative *notwithstanding her daughter's supervision*, as Plaintiff appears to argue in her Opposition. Therefore, the inference Plaintiff asks this Court to draw is unreasonable and impermissible, *see Sanders,* 504 F.3d at 910, and, thus, the August 30th Letter does not support Plaintiff's claims. *Branch*, 14 F.3d at 454.

Third, even if it were reasonable to infer that Dr. Genova had eliminated only Plaintiff's need for a flexible work schedule when her mother cooperated (and it is not), then Plaintiff cannot state a claim under CFRA unless she alleges that she suffered an adverse employment action "because of her exercise of her right under CFRA." *See Dudley v. Dept. of Transp.*, 90 Cal. App. 4th 255, 261 (2001). Here, however, rather than alleging that she suffered an adverse employment action *because* she had showed up late to work due to her mother's lack of cooperation, Plaintiff alleges only that she was "abruptly terminated" after submitting a "time off request form." (*See* SAC ¶ 37). Since Plaintiff has failed to allege that it was the exercise of her right to take leave for a qualifying purpose that *caused* the adverse employment actions at issue, her claim necessarily fails.

Finally, Plaintiff's *ipse dixit* notwithstanding, an allegation that "she was *entitled* to sick leave, [and] that she requested to use such sick leave to care for her mother" (*see* Opp. at 9:13-16 (emphasis added)), is not sufficient to state a claim under California Labor Code section 233. Section 233 expressly provides that an employee must have both "accrued and available sick leave" before an employer is required to permit an employee to use that time to attend to the illness of a parent or other family member. Cal. Labor Code § 233(a); *see also McCarther v. Pacific Telesis Group*, 48 Cal. 4th 104, 113-116 (2010) (under Labor Code section 233, the term "accrued" means to "accumulate over time" and the term "available" is defined as "present and ready for use"). Plaintiff cannot state a claim under this statute without alleging, *inter alia*, that she had accumulated sick leave over time

1  and it was present and ready for use.  Moreover, Plaintiff's claim that she was
2  "entitled" to sick leave is a pure conclusion, unsupported by any facts.  *See Ashcroft*
3  *v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff cannot avoid dismissal with "labels and
4  conclusions" or "a formulaic recitation of the elements of a cause of action")
5  (citation omitted).

6      For these and other reasons set forth below, ECFMG respectfully requests
7  that this Court grant the instant Motion without leave to amend.

## II. LEGAL DISCUSSION

### A. ECFMG's Rule 12(b)(6) Motion is Procedurally Proper

Plaintiff cites to a number of cases that stand for the proposition that motions to dismiss are viewed with disfavor and rarely granted.  (*See* Opp. at 4).  However, the cases upon which Plaintiff relies pre-date the United States Supreme Court's seminal decisions in *Iqbal* and *Twombly*.  As explained in Defendants' moving papers, these recent Supreme Court cases make clear Rule 8(a) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Further, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quotation omitted).  In addition, "unreasonable inferences . . . are insufficient to defeat a motion to dismiss."  *See Sanders,* 504 F.3d at 910.  Because Plaintiff's allegations fail to meet these standards, this Court should dismiss her SAC without leave to amend.

### B. Plaintiff's CFRA Claim Must be Dismissed

#### 1. CFRA Leave Does Not Cover Chronic Lateness

In her Opposition to Defendants' Motion, Plaintiff first takes Defendants to task for allegedly making a "blanket statement that CFRA does not entitle an employee to take unscheduled and unpredictable leave."  (Opp. at 5:15-16).  Defendants made no such argument in their Motion.  Rather, Defendants made clear that Plaintiff is not entitled to the type of leave she sought, *i.e.*, a perpetual

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23204075.2

4

DEFENDANTS' REPLY I/S/O MOTION TO
DISMISS AND STRIKE SAC

excuse for chronic lateness at a moment's notice. (*See* Mem. at 6:21-7:1 (quoting *Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1007 (7th Cir. 2001) (employee not permitted to take "unscheduled and unpredictable, but cumulatively substantial absences . . . at a moment's notice for the rest of her life"); *Brown v. Eastern Maine Med. Ctr.*, 514 F. Supp. 2d 104, 110-111 (D. Me. 2007) ("to treat chronic lateness, even if caused by a medical condition, as an incapacity . . . distorts the English language and trivializes the purposes of the Act")). Plaintiff has not (and cannot) offer any authorities to the contrary.

### 2. Plaintiff's Claims Are Inconsistent with Judicially Noticeable Documents

Plaintiff also argues that the allegations in her SAC are consistent with the documents attached to Defendants' RJN. She also accuses Defendants of misinterpreting these documents and failing to recognize that Dr. Genova's silence in the November 30th Statement was his way of "clarifying" that Plaintiff required a flexible work schedule for those days when her mother was *not* cooperative with taking her medications. (*See* Opp. at 8:1-12). Unfortunately for Plaintiff, however, the documents at issue simply do not support her claims.

To begin with, the November 30th Statement does not even mention the term "cooperation," let alone use this term as the basis upon which Dr. Genova was offering his medical opinion. (*See* Defendants' RJN, Exh. A). In light of the absence of an assumption by Dr. Genova that Plaintiff's mother *would* cooperate, his silence in the November 30th Statement does not create an ambiguity or give rise to a reasonable inference that it was medically necessary for Plaintiff to have a flexible work schedule on days when her mother would *not* cooperate. *See Sanders, supra,* 504 F.3d at 910 ("[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss"). Not only does the November 30th Statement fail to support Plaintiff's claims, it completely undermines and trumps her allegation (*see* SAC ¶ 53) that the November 30th

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23204075.2

5

DEFENDANTS' REPLY I/S/O MOTION TO
DISMISS AND STRIKE SAC

1  Statement "merely clarified" that Plaintiff did not require a flexible work schedule
2  only "on days where Plaintiff's mother was cooperative . . . ." *See Branch*, *supra*,
3  14 F.3d at 454 (where documents incorporated by reference do not support
4  plaintiff's claims, dismissal is proper). Moreover, Plaintiff's argument that the
5  November 30th Statement constitutes a certification for intermittent leave is also
6  inconsistent with 29 U.S.C. § 2613(b)(7), which requires a physician to include the
7  expected duration of the intermittent leave—the November 30th letter makes
8  absolutely no mention of intermittent leave or the expected duration of such leave.
9      Further, the August 30th Letter, which prompted ECFMG's request for a
10  clarification from Dr. Genova, also does not create an ambiguity or give rise to a
11  reasonable inference that Plaintiff needed a flexible work schedule on days when
12  her mother did not cooperate (as Plaintiff argues in her Opposition). Instead, the
13  August 30th Letter notes only that Plaintiff's "mother has been non-compliant with
14  *unsupervised* administration of her medications." (*See* Plaintiff's RJN, Exh. 1
15  (emphasis added)). Given the absence of any language suggesting that Plaintiff's
16  mother might be uncooperative notwithstanding Plaintiff's supervision, the
17  inference Plaintiff asks this Court to draw is unreasonable, *see Sanders,* 504 F.3d at
18  910, and the August 30th Letter does not support Plaintiff's claims. *Branch*, 14
19  F.3d at 454.
20      In sum, the documents of which the parties asked this Court to take judicial
21  notice, completely undermine Plaintiff's claim that it was medically necessary for
22  her to have a flexible work schedule on days when her mother did not cooperate in
23  taking her medications. Absent medical necessity, Plaintiff cannot show that she
24  exercised her right to take leave for a qualifying CFRA purpose. *See Brown*, *supra*,
25  514 F. Supp. 2d at 110-111 (FMLA leave could not cover an employee's chronic
26  lateness where there was no medical need to take small increments of leave). It
27  follows, therefore, that Plaintiff also cannot establish the fourth element of a claim
28  for retaliation under CFRA, *i.e.*, that she suffered an adverse employment action

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23204075.2

6

DEFENDANTS' REPLY I/S/O MOTION TO
DISMISS AND STRIKE SAC

because of her right under CFRA. *See Dudley*, *supra*, 90 Cal. App. 4th at 261 (identifying elements of cause of action for retaliation under CFRA). Accordingly, this Court should dismiss Plaintiff's Second Cause of Action. *See* Hon. W. Schwarzer, *Federal Civ. Proc. Before Trial* (Rutter Group 2012) ¶ 9:212.1b ("where the documents do not support plaintiff's claim, the complaint may be dismissed for failure to state a claim") (citations omitted).

### 3. Plaintiff Has Failed to Allege Her Mother's Lack of Cooperation Caused Plaintiff's Termination

Even if it were reasonable to infer that Dr. Genova had eliminated only Plaintiff's need for a flexible work schedule when her mother cooperated (and it is not), Plaintiff has not alleged that her mother's *lack of cooperation caused* her termination or resulted in retaliation. *See Dudley*, *supra*, 90 Cal. App. 4th at 261 (plaintiff must allege, inter alia, that she suffered an adverse employment action because of her exercise of her right under CFRA). Indeed, Plaintiff alleges only that that she was "abruptly terminated" after submitting a "time off request form." (*See* SAC ¶ 37). Since Plaintiff has failed to allege that it was the exercise of her right to take leave for a qualifying purpose that *caused* the adverse employment actions at issue, her claim necessarily fails.

### 4. Plaintiff Should Not Be Given Further Leave to Amend

Finally, in general, leave to amend is freely granted. However, this Court does not have to allow futile amendments. *See Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (court does not have to allow futile amendments). Here, Plaintiff has already had three opportunities to state a viable claim against Defendants. Yet, Plaintiff has been unable to cure the deficiencies in her earlier pleadings, and granting further leave to amend would be futile in this instance.

This Court should also deny Plaintiff's request for further leave on the grounds of bad faith. *See Ditto v. McCurdy*, 510 F.3d 1070, 1079 (9th Cir. 2007)

1  (identifying bad faith as a basis for denying leave to amend).  Plaintiff had an
2  affirmative duty to conduct a reasonable inquiry before filing her original
3  Complaint and First Amended Complaint.  She now admits in her Opposition (as
4  she must) that her earlier judicial admissions that Dr. Genova had removed her need
5  for a flexible work schedule are inconsistent with the allegations in her SAC.  (*See*
6  Opp. at 7:3-13).  Rather than accept responsibility, however, she blames Defendants
7  for her errors, claiming that it was not until ECFMG recently provided her with a
8  copy of the November 30th Statement that she understood that Defendants had
9  allegedly mischaracterized Dr. Genova's instructions in their December 1, 2010,
10 letter to Plaintiff (the "December 1st Letter" (*see* Defendants' RJN, Exh. 2)).
11 Plaintiff's explanation is simply not credible, as she has always been in possession
12 of the August 30th Letter (and has even attached it to her RJN), which she also
13 claims is inconsistent with the December 1st Letter.  Thus, there is reason to believe
14 that granting Plaintiff further leave will result in more inconsistencies.[3]

### C. Plaintiff Has Failed to State A Claim Under Labor Code Section 233.

Before characterizing ECFMG's argument regarding Labor Code section 233 as "somewhat disingenuous (if not eyebrow raising)" (*see* Opp. at 3:5-7), and then invoking Edmund Burke (*see id*. at 9:11-13, fn. 1), Plaintiff should have read the plain language of the statute.  Had she done so, she would have noticed in the very

---

[3] Plaintiff cites to the Ninth Circuit's decision in *PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007), for the proposition that Rule 12(f) cannot be used to strike inconsistent allegations as "false and sham."  While Defendants believe that the *PAE* decision is distinguishable from this case in several respects, and district courts in this Circuit continue to rely on Rule 12(f) to strike sham pleadings, *see, e.g.*, *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1145 (N.D. Cal. 2010), they acknowledge that *PAE* is worded broadly enough to undermine their motion to strike.  That said, *PAE* does not prevent this Court from considering Plaintiff's pleading inconsistencies when determining if (a) Plaintiff's claims are plausible in light of *Iqbal* and *Twombly*, (b) Plaintiff should be afforded another opportunity to amend her pleadings, and (c) sanctions are appropriate.

first sentence that an employee must have "accrued" and "available" sick time before an employer is required to allow an employee to use a portion of the time to care for a family member. *See* Labor Code § 233(a); *see also McCarther*, *supra*, 48 Cal. 4th at 113-116 (2010) (under Labor Code section 233, the term "accrued" means to "accumulate over time" and the term "available" is defined as "present and ready for use"). Thus, an allegation that an employee provides sick leave for employees and the employee is entitled to "bank" sick time, does not constitute an allegation that the employee had actually accumulated sick leave over time and that it was available at the time she made a request to use it. Further, Plaintiff's allegations are also deficient because a claim of entitlement is purely conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (plaintiff cannot avoid dismissal with "labels and conclusions" or "a formulaic recitation of the elements of a cause of action") (citation omitted). Thus, this Court should grant ECFMG's motion and dismiss Plaintiff's Third Cause of Action. Further, because Plaintiff has already had three opportunities to correct the deficiencies in this claim, further amendment is clearly futile.

### D. Plaintiff Has Failed to State A Claim for Wrongful Termination In Violation of Public Policy

It is well settled that a claim for wrongful termination in violation of public policy fails as a matter of law where the plaintiff is unable to establish a violation of the underlying statute. *See, e.g., Galvez v. Cardinal Health, Inc.*, 2008 WL 5387399, at *3 (E.D. Cal. Dec. 19, 2008) (where underlying FEHA claim failed, plaintiff cannot maintain wrongful termination claim based on FEHA) (citing *Hanson v. Lucky Stores*, 74 Cal. App. 4th 215, 229 (1999)). Here, Plaintiff does not dispute that her claim for wrongful termination in violation of public policy is based upon two statutes: CFRA and California Labor Code section 233. Since Plaintiff has failed to state a cause of action under both statutes, then her First Cause of Action for Violation of Public Policy necessarily fails as well.

### III. CONCLUSION

For all the foregoing reasons, ECFMG respectfully requests that this Court enter an Order granting this Motion without leave to amend.

Dated: June 4, 2012				MORGAN, LEWIS & BOCKIUS LLP


					By  /s/ Salvatore Picariello
					       Salvatore Picariello
					Attorneys for Defendant
					EDUCATIONAL COMMISSION FOR
					FOREIGN MEDICAL GRADUATES

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23204075.2

10

DEFENDANTS' REPLY I/S/O MOTION TO
DISMISS AND STRIKE SAC