UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**     (In Chambers)

### ORDER RE: MOTION TO DISMISS AND TO STRIKE

**I.
INTRODUCTION**

Plaintiff Leslie Sakaguchi brings this action against her employer, Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), alleging that Defendant has violated state labor laws governing sick leave and its use by employees to care for family members. (Docket. No. 12, Second Am. Compl. ("SAC").) Defendant now moves to dismiss the complaint, and to strike Plaintiff's first cause of action, as well as certain allegations contained in the SAC. (Docket No. 13.) For the reasons set forth below, the motion to dismiss is **GRANTED** and **DENIED in part**. As to Plaintiff's first and second claims, the motion is **DENIED**. As to Plaintiff's third cause of action, the motion is **GRANTED**, and that claim is **DISMISSED with leave to amend**. Defendant's motion to strike is **DENIED**.

**II.
BACKGROUND**

Plaintiff was employed with Defendant ECFMG as a "Standardized Patient Trainer from October 2005 to January 2011. (SAC ¶ 7.) In or around April 2010, Plaintiff's mother began suffering from dementia, in addition to her diabetes and heart and thyroid problems. (Id. ¶¶ 7–8.) Plaintiff informed her supervisor that she was providing care for her "seriously ill mother," and that "the care provided was unpredictable," as it was sometimes "difficult to administer her mother's medication in a way that allowed [her] to arrive at work exactly on time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

every day", causing her to be ten to twenty minutes late for her 8:15 a.m. start time. (Id. ¶¶ 9, 12.) In August 2010, at her supervisor's suggestion, Plaintiff filed a California Family Rights Act ("CFRA") request, including a letter from her mother's physician, Dr. Genova, stating that Plaintiff needed a flexible work schedule to ensure that her mother took her medication (hereinafter "August 30, 2010 Letter"). (Id. ¶¶ 10–11.) In particular, the August 30, 2010 Letter stated that Plaintiff's mother had been "non-compliant with unsupervised administration of her medications;" that "[m]any of her [mother's] medications require timed administration for best results, [the] schedule [for which] is subject to the patient's other basic needs such as eating and sleeping"; and that "[Plaintiff's] active involvement in her mother's medication management ha[d] helped . . . a great deal." (Docket No. 14-2, Plainitff's Request for Judicial Notice ("P-RJN"), Ex. 1 [August 30, 2010 Letter].)[1] Finally, the Letter stated that "this [active involvement] combined with her commuting time require some flexibility in her start time at work to ensure her mother's medication compliance." (Id.)

Notwithstanding her CFRA request, Plaintiff was reprimanded in October 2010 for being late to work. (SAC ¶ 13.) Plaintiff's supervisor told her that "he did not care what [her] excuse was, [and] that [she] could never be late." (Id. ¶ 14.) In or around December 2011, Defendant's Human Resources Manager faxed a letter to Dr. Genova directly, explaining the requirements of Plaintiff's job and the need for Plaintiff to be punctual for her shifts. (Id. ¶ 18; Docket No. 13-1, Defendants' Request for Judicial Notice ("D-RJN"), Ex. A [November 22, 2010 Letter].) The November 22, 2010 Letter also posed a hypothetical: "If [Plaintiff] were to administer her mother, Sue Sakaguchi's medication each day at 6:45 A.M., so that she may leave for work . . . on time for either scheduled shift, would this be acceptable medical care in the administration of her mother's medication?" Below that question, Dr. Genova checked a box labeled "Yes." (Id.) Defendants construed that response to mean that Plaintiff had no legitimate medical need to arrive late for work, and subsequently denied Plaintiff's CFRA request for a flexible work schedule. (Id. ¶¶ 17–19.) On January 20, 2011, after she submitted a "time off request form" to care for her mother, Plaintiff's employment was terminated for having too many "tardies." (Id. ¶ 21.)

On the basis of these facts, Plaintiff brings claims for: [1] violation of the CFRA, California Government Code section 12945.2; [2] violation of California Labor Code section 233; and [3] wrongful termination in violation of public policy. (Id.)

---

[1] The Court takes judicial notice of Dr. Genova's August 30, 2010 Letter and Defendants' November 22, 2012 Letter because: (1) the SAC refers to both Letters; (2) the Letters are central to Plaintiff's claim; and (3) neither party questions their authenticity. See, e.g., Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

## III.
## DISCUSSION

Defendant moves to dismiss each cause of action in Plaintiff's SAC. The Court addresses these claims in turn.

### A. LEGAL STANDARDS UNDER RULE 12(B)(6)

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court must accept as true all factual allegations pleaded in the complaint and must construe them "in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007). Dismissal under Federal Rule of Civil Procedure 12(b)(6) may be based on either "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Calif., Inc., 88 F.3d 780, 783 (9th Cir. 1996).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to allow a complaint to survive a motion to dismiss only if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not sufficiently established that the pleader is entitled to relief. Id. at 1950.

Although a complaint generally need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation, alteration, and internal quotation marks omitted). Similarly, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . . While legal conclusions can

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 129 S. Ct. at 1949–50; see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).

**B. APPLICATION TO PLAINTIFF'S SAC**

    **1. CALIFORNIA FAMILY RIGHTS ACT RETALIATION CLAIM**

"[The] CFRA is a portion of the Fair Employment and Housing Act that 'provides protections to employees needing family leave or medical leave.'" Dudley v. Dep't of Transp., 108 Cal.Rptr.2d 739, 743 (Ct. App. 2001) (quoting Gibbs v. Am. Airlines, Inc., 87 Cal.Rptr.2d 554, 557 (Ct. App. 1999)). The CFRA prohibits covered employers from refusing any request by a qualified employee "to take up to a total of 12 workweeks in any 12-month period for family care and medical leave." Cal. Gov. Code § 12945.2(a). An employer is also forbidden from discharging or discriminating against an employee who requests family leave or medical leave. Avila v. Continental Airlines, Inc., 82 Cal.Rptr.3d 440, 455 (Ct. App. 2008).

To establish a retaliation claim under the CFRA, a plaintiff must show that: [1] the defendant was an employer covered by CFRA; [2] the plaintiff was an employee eligible to take CFRA leave; [3] the plaintiff exercised his or her right to take leave for a qualifying CFRA purpose; and [4] the plaintiff suffered an adverse employment action because of his or her exercise of the right to CFRA leave. Id. at 454–455.

The parties do not dispute that the first two elements of a CFRA retaliation claim are met: Defendant is an employer covered by CFRA, and Plaintiff was an employee eligible to take CFRA leave. Defendant argues, however, that Plaintiff fails to state a CFRA claim because: [1] Plaintiff had no medical need and, therefore, no "qualifying CFRA purpose"; [2] Plaintiff fails to allege that she was terminated because she exercised her right to CFRA leave' [3] inconsistent allegations on various iterations of Plaintiff's pleadings render certain allegations "false and sham"; and [4] the CFRA does not provide for the type of intermittent leave Plaintiff sought.

    *a. Medical Need*

Defendant first argues that because Plaintiff's original CFRA request mentioned only that her "mother ha[d] been non-compliant with unsupervised administration of her medication," it did not establish that her mother might be uncooperative even when supervised by Plaintiff. Defendant thus argues that Plaintiff's CFRA request does not state a medical need excusing her lateness. Furthermore, Defendant argues that, in addition to the original CFRA request, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

November 22, 2010 Letter shows that Plaintiff had no medical need for CFRA leave because Dr. Genova did not qualify his "Yes" response to make it dependent on her mother's cooperation.

  Plaintiff argues that her CFRA request for a flexible work schedule to care for her mother was not negated by the November 22, 2010 Letter, and that the Letter merely clarified that Plaintiff could be on time if her mother was cooperative in taking her medication. (Docket No. 14, Opp. at 7.)

  The Court agrees. The August 30, 2010 Letter clearly stated that Plaintiff's mother's medications required timed administration, subject to "other basic needs such as eating." (August 30, 2010 Letter.) Moreover, the Letter explicitly noted that "some flexibility in [Plaintiff's] start time" was required, specifically to "ensure . . . compliance." (Id.) Accordingly, the Letter made clear that the flexibility was required to <u>ensure</u> compliance, and not only if Plaintiff's mother <u>was</u> compliant. The November 22, 2010 Letter, by contrast, merely posed a hypothetical, namely whether <u>if</u> Plaintiff's mother took her medication by 6:45 A.M., so that Plaintiff could leave for work on time, she would be administering acceptable medical care to her mother. (November 22, 2010 Letter.) As Defendant itself contends, "the document is completely silent regarding the issue of cooperation." (Mem. at 9.) Indeed, Dr. Genova was merely presented with a hypothetical that asked him to answer "yes" or "no" without addressing his August 30, 2010 Letter. Nothing in Dr. Genova's affirmative response to that hypothetical indicated that this later, more generic response superceded his original, more detailed statement in Plaintiff's CFRA request. That "Yes" answer cannot, as a matter of law, be interpreted to mean that Plaintiff no longer needed a flexible work schedule to assist with her mother's medical care.

  Accordingly, the Court finds that Plaintiff has sufficiently alleged a medical need, and thus a "qualifying CFRA purpose."

  *b. Causation*

  Defendant next contends that, even if Plaintiff had the medical need required for a CFRA claim, she still fails to state a CFRA claim because the allegation that she was "abruptly terminated" after submitting a "time off request form" to care for her mother does not specifically allege causation. (Reply at 7.) In her SAC, however, Plaintiff alleges that she "submitted a time off request form" on January 19, 2011, and was terminated the following day. (SAC ¶ 21.) These allegations carry with them the clear implication that Plaintiff's CFRA request for leave caused her termination. (SAC ¶ 21.) Moreover, Plaintiff explicitly states that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

she "is informed and believes that she was terminated because of her protected activity." (Id. ¶ 22.)

### c. Inconsistent Allegations

Defendant argues that because Plaintiff admitted in her original complaint and in her First Amended Complaint ("FAC") that Dr. Genova had removed the part of the request that she be allowed to arrive late to work if her mother were uncooperative in taking her medication, the inconsistent allegations contained in the SAC should be stricken as "false and sham." (MTD at 7.) Originally, Plaintiff had alleged that "Defendant ECFMG pressur[ed] her mother's physician to remove that part of the request [that stated that Plaintiff would arrive late if her mother was non-compliant with taking her medications] without giving the doctor any time for real analysis or consultation with Plaintiff about why she felt the flexibility with her start time was necessary." (Compl. ¶ 43; FAC ¶54.) Defendant argues that these prior allegations make the SAC's allegation that Defendant "mischaracterized" the November 22, 2010 Letter "false and sham," and render Plaintiff's claim implausible under Iqbal. (MTD at 8) (citing Hon. W. Schwarzer, et. al., Federal Civ. Proc. Before Trial (Rutter Group 2012), ¶ 9:223 ("The Court is not required to accept as true allegations in an amended complaint that contradict an earlier complaint."))

The Court finds that reading of the complaints to be disingenuous. In opposition, Plaintiff explains that it was only after she had filed both her original complaint and FAC that she learned of the content of the November 22, 2010 Letter, and thus was able to allege that Defendant had misinterpreted Dr. Genova's "Yes" reply. Accordingly, any inconsistency between the allegations in the SAC and allegations contained in previous iterations of the complaint was the result of the discovery process, and therefore not "false and sham." See PAE Gov't Servs. v. MPRI, Inc., 514 F.3d 856, 860 (9th Cir. 2007) ("[T]here is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations. As litigation progresses, allegations will necessarily change as parties learn more about their case. Such changes to pleadings, even contradictory pleadings, are not 'sham' but simply litigation.") (internal quotation marks omitted).

### d. Intermittent Leave for Tardiness

Finally, Defendant contends that, even if Plaintiff did have a medical need to support her claim, the CFRA does not allow "chronic lateness at a moment's notice." (Reply at 4–5.) However, Defendant's citations to extra-Circuit cases regarding the Family Medical Leave Act

Case 2:12-cv-01637-GAF-FFM Document 17 Filed 06/22/12 Page 7 of 9 Page ID #:210

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

("FMLA")[2] do not support its argument.  Collins v. NIN-Bower Corp. explicitly acknowledged that the FMLA allows intermittent leave, but found that the plaintiff in that case had "failed in her obligation to tell the employer enough to suggest that the FMLA may be pertinent" – in other words, to give notice.  272 F.3d 1006, 1009 (7th Cir. 2001).  See also Brown v. Eastern Maine Med. Ctr., 514 F. Supp. 2d 104, 111 (D. Me. 2007) ("The statute and regulations also require "a medical need for leave" to support intermittent leave entitlement.")  Accordingly, the case law cited by Defendant makes clear that the FMLA and CFRA do allow intermittent leave as long as that leave is based on a medical need.

Moreover, district courts in this jurisdiction have repeatedly recognized that an employee has the right to take intermittent FMLA leave if it is medically necessary.  See, e.g., Jadwin v. County of Kern, 610 F. Supp. 2d 1129, 1169 (E.D. Cal. 2009) ("To take intermittent leave or leave on a reduced schedule, 'there must be a medical need for leave, and it must be that such medical need can be best accommodated through an intermittent or reduced leave schedule.'") (citing 29 U.S.C. § 2612(a) & (b)); Mora v. Chem-Tronics, Inc., 16 F. Supp. 2d 1192, 1210 (S.D. Cal. 1998) ("Additionally, for employees who make their employers aware that they or a family member suffers from a chronic illness, and subsequently call in sick because of that illness, a generalized notice may suffice.")  None of the cases cited by Defendant or found by this Court hold that a plaintiff cannot seek intermittent "tardiness" to care for a relative.

### e. Conclusion re: CFRA Claim

Accordingly, the motion is **DENIED** as to Plaintiff's first cause of action.

### 2. CALIFORNIA LABOR CODE § 233 VIOLATION

In connection with her third cause of action, for violation of California Labor Code section 233, Plaintiff alleges that Defendant failed to allow her to use her sick leave to care for her mother and instead chose to terminate her employment.  (SAC ¶ 74.)

Labor Code section 233, also known as the "kin care statute," provides that employees may use sick leave to attend to the illness of a family member.  McCarther v. Pac. Telesis Grp., 225 P.3d 538, 541 (Cal. 2010).  However, the statute applies only to employers with

---

[2] "The regulations promulgated by the California Fair Employment and Housing Commission . . . under CFRA generally incorporate by reference federal regulations interpreting the [FMLA] . . . [and] California courts applying CFRA frequently rely on federal decisions applying FMLA."  Avila, 82 Cal.Rptr.3d at 464 n.8.  (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

accrual-based sick leave policies, and allows employees to use only a measurable portion of "accrued and available" sick leave to care for family members. Id. at 539, 545. The statute provides that employers cannot deny employees the right to use sick leave to care for sick family members or take adverse employment action against them for exercising that right. See Rivers v. County of Marin, 2010 WL 145094, at *3-4 (N.D. Cal., Jan. 8, 2010).

Defendant argues that Plaintiff fails to state a claim for violation of Labor Code § 233 because Plaintiff's SAC fails to adequately allege that Defendant was an employer whose sick leave policy is covered by the statute under McCarther. The Court agrees.

Although Plaintiff alleges that Defendant employs more than the minimum number of employees to be subject to CFRA, she does not further allege that its sick leave policy also makes Defendant subject to Labor Code section 233. (See SAC ¶ 43.) The California Supreme Court recently made clear that Labor Code section 233 is applicable only to sick leave policies providing leave on an accrual basis, rather than on an uncapped basis. McCarther, 225 P.3d at 544. Accordingly, Plaintiff's failure to allege that Defendant's policy provides sick leave on an accrual basis renders her claim for violation of section 233 insufficient on its face.

Plaintiff's third cause of action is therefore **DISMISSED with leave to amend**.

### 3. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

Defendant argues that Plaintiff's claim for wrongful termination in violation of public policy fails because it is predicated on her first and third claims for statutory violations. Because the Court has already concluded that Plaintiff has adequately stated a claim for violation of the CFRA, however, Defendant's argument does not warrant dismissal of the claim.

California courts have recognized that an employer's "traditional broad authority to discharge an at-will employee 'may be limited by statute . . . or by considerations of public policy.'" Tameny v. Atlantic Richfield Co., 164 Cal.Rptr.839, 842 (Cal. 1980) (citation omitted). To recover for a common law claim of wrongful termination in violation of public policy, also known as a "Tameny claim," the plaintiff must show that the employer violated "a public policy that is: (1) supported by either statutory or constitutional provisions; (2) public, in the sense that the policy 'inures to the benefit of the public' rather than serving merely the individual's interests; (3) has been articulated at the time of the discharge; and (4) be substantial and fundamental." Nelson v. United Techs., 88 Cal. Rptr.2d 239, 246 (Cal. 1999) (citing Gantt v. Sentry Ins. 824 P.2d 680 (Cal. 1992)).

LINK: 13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-01637 GAF (FFMx) | Date | June 22, 2012 |
|---|---|---|---|
| Title | Leslie Sakaguchi v. Educational Commission for Foreign Medical Graduates | | |

"Discharge in violation of the CFRA has been held, as a matter of law, to constitute wrongful discharge in violation of public policy." Xin Liu v. Amway Corp., 347 F.3d 1125 (9th Cir. 2003) (citing Nelson, 88 Cal. Rptr. 2d at 239). Therefore, because Plaintiff has adequately stated a claim for a CFRA violation, she has also adequately stated a claim for wrongful termination in violation for public policy.

## IV.
## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED in part** and **DENIED in part**. As to Plaintiff's first and second causes of action, the motion is **DENIED**. The motion to dismiss Plaintiff's claim for violation of California Labor Code section 233 is **GRANTED**, and that claim is **DISMISSED with leave to amend**. Failure to file an amended complaint by the **close of business on Monday, July 2, 2012 will be deemed consent to dismissal of this claim with prejudice**. The motion to strike is **DENIED**.

**IT IS SO ORDERED.**