1  MORGAN, LEWIS & BOCKIUS LLP
   BARBARA A. FITZGERALD, SBN 151038
2  SALVATORE PICARIELLO, SBN 190442
   KATHRYN T. MCGUIGAN, SBN 232112
3  300 South Grand Avenue
   Twenty-Second Floor
4  Los Angeles, CA  90071-3132
   T:  213.612.2500 / F:  213.612.2501
5  bfitzgerald@morganlewis.com
   spicariello@morganlewis.com
6  kmcguigan@morganlewis.com

7  Attorneys for Defendants
   EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL
8  GRADUATES, SHARON TROWELL-ROMAN, and PETER
   O'COLMAIN
9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13 | LESLIE SAKAGUCHI,                          | Case No. CV 12-1637 GAF (FFMx)
14 |         Plaintiff,                         | Assigned To: Hon. Gary A. Feess
15 |     vs.                                    | **DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**
16 | EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, an Illinois corporation, SHARON TROWELL-ROMAN, an individual; PETER O'COLMAIN, an individual; and Does 1 through 250, inclusive, |
17 |                                             | Complaint Served: January 26, 2012
18 |                                             | Removal Date:  February 26, 2012
19 |         Defendants.                        |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

1  Defendant EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL
2  GRAPHES ("ECFMG"), through its undersigned attorneys, answers Plaintiff's
3  Third Amended Complaint ("TAC") as follows:
4      1.    ECFMG avers that it lacks sufficient knowledge or information to
5  form a belief as to Plaintiff's allegations contained in Paragraph 1 of the TAC.
6      2.    ECFMG admits that it is an Illinois company. ECFMG denies the
7  remaining allegations in Paragraph 2 of the TAC.
8      3.    ECFMG avers that the allegations set forth in Paragraph 3 of the TAC
9  are conclusions of law and legal argument to which no response is required. To the
10 extent a response is required, ECFMG denies each and every allegation contained
11 in Paragraph 3 of the TAC.
12     4.    ECFMG avers that the allegations set forth in Paragraph 4 of the TAC
13 are conclusions of law and legal argument to which no response is required. To the
14 extent a response is required, ECFMG denies each and every allegation contained
15 in Paragraph 4 of the TAC.
16     5.    ECFMG admits that Plaintiff alleges a basis for venue in the Central
17 District of California in Paragraph 5 of the TAC.
18     6.    ECFMG admits the allegations contained in Paragraph 6 of the TAC.
19     7.    ECFMG admits that it employed Plaintiff as a patient trainer in or
20 about October 2005, admits that it terminated Plaintiff's employment, effective on
21 or about January 20, 2011 and denies the remaining allegations in Paragraph 7 of
22 the TAC.
23     8.    ECFMG avers that it lacks sufficient knowledge or information to
24 form a belief as to Plaintiff's allegations contained in Paragraph 8 of the TAC.
25     9.    ECFMG denies each and every allegation in Paragraph 9 of the TAC.
26     10.    ECFMG denies each and every allegation in Paragraph 10 of the TAC.
27     11.    ECFMG denies each and every allegation in Paragraph 11 of the TAC.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

- 2 -

12. ECFMG admits that Plaintiff was scheduled to commence work at 8:15 a.m. ECFMG denies the remaining allegations in Paragraph 12 of the TAC.

13. ECFMG admits that Plaintiff received a written reprimand in or about October 2010 for reporting late to work. ECFMG denies the remaining allegations in Paragraph 13 of the TAC.

14. ECFMG denies each and every allegation in Paragraph 14 of the TAC.

15. ECFMG denies each and every allegation contained in Paragraph 15 of the TAC.

16. ECFMG denies each and every allegation contained in Paragraph 16 of TAC.

17. ECFMG denies each and every allegation contained in Paragraph 17 of TAC.

18. ECFMG admits that it contacted Plaintiff's mother's physician. ECFMG denies the remaining allegations in Paragraph 18 of the TAC.

19. ECFMG denies each and every allegation contained in Paragraph 19 of TAC.

20. ECFMG denies each and every allegation contained in Paragraph 20 of TAC.

21. ECFMG admits that Plaintiff's employment was terminated for excessive tardiness. ECFMG denies the remaining allegation contained in Paragraph 21 of TAC.

22. ECFMG denies each and every allegation contained in Paragraph 19 of TAC.

**FIRST CAUSE OF ACTION**

23. In answering Paragraph 23 of the TAC, ECFMG incorporates by reference herein each of its prior answers to Paragraphs 1-22.

24. ECFMG avers that the allegations set forth in Paragraph 24 are legal argument to which no response is required. To the extent a response is required,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

- 3 -

1  ECFMG admits that it is employer in the State of California subject to California Government Code Section 12945.2 et seq. and California Labor Code Section 233. ECFMG denies the remaining allegation in Paragraph 24 of the TAC.

25. ECFMG admits that it employed Plaintiff as a patient trainer in or about October 2005, admits that it terminated Plaintiff on or about January 20, 2011 and denies the remaining allegations in Paragraph 25 of the TAC.

26. ECFMG lacks sufficient knowledge and information to form a belief as to Plaintiff's allegations that "In or about April 2010, Plaintiff's mother began to suffer from dementia in addition to the diabetes, heart condition and thyroid problems." ECFMG denies the remaining allegations in Paragraph 26 of the TAC.

27. ECFMG denies each and every allegation in Paragraph 27 of the TAC.

28. ECFMG admits that Plaintiff was scheduled to commence work at 8:15 a.m. ECFMG denies the remaining allegations in Paragraph 28 of the TAC.

29. ECFMG admits that Plaintiff received a written reprimand in or about October 2010 for reporting late to work. ECFMG denies the remaining allegations in Paragraph 29 of the TAC.

30. ECFMG denies each and every allegation in Paragraph 30 of the TAC.

31. ECFMG lacks sufficient knowledge and information to form a belief as to Plaintiff's allegations in Paragraph 31 of the TAC.

32. ECFMG denies each and every allegation contained in Paragraph 32 of TAC.

33. ECFMG denies each and every allegation contained in Paragraph 33 of TAC.

34. ECFMG admits that Plaintiff's mother's physician was contacted. ECFMG denies the remaining allegations in Paragraph 34 of the TAC.

35. ECFMG denies each and every allegation contained in Paragraph 35 of TAC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

36. ECFMG denies each and every allegation contained in Paragraph 36 of TAC.

37. ECFMG admits that Plaintiff was terminated for excessive tardiness. ECFMG denies the remaining allegation contained in Paragraph 37 of TAC.

38. ECFMG avers that the allegations set forth in Paragraph 38 of the TAC are conclusions of law and legal argument to which no response is required.

39. ECFMG avers that the allegations set forth in Paragraph 39 of the TAC are conclusions of law and legal argument to which no response is required.

40. ECFMG avers that the allegations set forth in Paragraph 40 of the TAC are conclusions of law and legal argument to which no response is required.

## SECOND CAUSE OF ACTION

41. In answering Paragraph 41 of the TAC, ECFMG incorporates by reference herein each of its prior answers to Paragraphs 1-40.

42. ECFMG admits that Plaintiff filed a complaint with the Department of Fair Employment and Housing and received a right-to-sue letter. ECFMG avers that the remaining allegations set forth in Paragraph 42 of the TAC are conclusions of law and legal argument to which no response is required.

43. ECFMG avers that the allegations set forth in Paragraph 43 are conclusions of law and legal argument to which no response is required.

44. ECFMG lacks sufficient knowledge and information to form a belief as to Plaintiff's allegations that "In or about April 2010, Plaintiff's mother began to suffer from dementia in addition to the diabetes, heart condition and thyroid problems." ECFMG denies the remaining allegations in Paragraph 44 of the TAC.

45. ECFMG denies each and every allegation in Paragraph 45 of the TAC.

46. ECFMG admits that Plaintiff was scheduled to commence work at 8:15 a.m. ECFMG denies the remaining allegations in Paragraph 46.

47. ECFMG admits that Plaintiff received a written reprimand in or about October 2010 for being late to work. ECFMG denies the remaining allegations in Paragraph 47 of the TAC.

48. ECFMG denies each and every allegation in Paragraph 48 of the TAC.

49. ECFMG denies each and every allegation contained in Paragraph 49.

50. ECFMG denies each and every allegation contained in Paragraph 50 of TAC.

51. ECFMG denies each and every allegation contained in Paragraph 51 of TAC.

52. ECFMG admits that Plaintiff's mother's physician was contacted. ECFMG denies the remaining allegations in Paragraph 52 of the TAC.

53. ECFMG denies each and every allegation contained in Paragraph 53 of TAC.

54. ECFMG denies each and every allegation contained in Paragraph 54 of TAC.

55. ECFMG admits that Plaintiff was terminated for excessive tardiness. ECFMG denies the remaining allegation contained in Paragraph 55 of TAC.

56. ECFMG avers that the allegations set forth in Paragraph 56 are conclusions of law and legal argument to which no response is required.

57. ECFMG avers that the allegations set forth in Paragraph 57 are conclusions of law and legal argument to which no response is required.

58. ECFMG avers that the allegations set forth in Paragraph 58 are conclusions of law and legal argument to which no response is required.

59. ECFMG avers that the allegations set forth in Paragraph 59 are conclusions of law and legal argument to which no response is required.

60. ECFMG avers that the allegations set forth in Paragraph 60 are conclusions of law and legal argument to which no response is required.

## THIRD CAUSE OF ACTION

61. In answering Paragraph 61 of the TAC, ECFMG incorporates by reference herein each of its prior answers to Paragraphs 1-60.

62. ECFMG avers that the allegations set forth in Paragraph 62 are conclusions of law and legal argument to which no response is required.

63. ECFMG lacks sufficient knowledge and information to form a belief as to Plaintiff's allegations that "In or about April 2010, Plaintiff's mother began to suffer from dementia in addition to the diabetes, heart condition and thyroid problems." ECFMG denies the remaining allegations in Paragraph 63 of the TAC.

64. ECFMG denies each and every allegation in Paragraph 64 of the TAC.

65. ECFMG admits that Plaintiff was scheduled to commence work at 8:15 a.m. ECFMG denies the remaining allegations in Paragraph 65 of the TAC.

66. ECFMG admits that Plaintiff received a written reprimand in or about October 2010 for being late to work. ECFMG denies the remaining allegations in Paragraph 66 of the TAC.

67. ECFMG denies each and every allegation in Paragraph 67 of the TAC.

68. ECFMG denies each and every allegation contained in Paragraph 68 of the TAC.

69. ECFMG denies each and every allegation contained in Paragraph 69 of TAC.

70. ECFMG admits that Plaintiff's mother's physician was contacted. ECFMG denies the remaining allegations in Paragraph 70 of the TAC.

71. ECFMG denies each and every allegation contained in Paragraph 71 of the TAC.

72. ECFMG denies each and every allegation contained in Paragraph 72 of TAC.

73. ECFMG admits that Plaintiff was terminated for excessive tardiness. ECFMG denies the remaining allegation contained in Paragraph 73 of TAC.

74. ECFMG admits that it has a sick leave policy and that sick leave is accrued as alleged in Paragraph 74.

75. ECFMG denies each and every allegation contained in Paragraph 75 of TAC.

76. ECFMG avers that the allegations set forth in Paragraph 76 are conclusions of law and legal argument to which no response is required.

## PRAYER FOR RELIEF

77. ECFMG denies that Plaintiff is entitled to any of the relief sought in each and every paragraph of the Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

78. ECFMG asserts the following affirmative defenses and prays for judgment as set forth below.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

79. The TAC and each and every cause of action therein, fail to state sufficient facts to constitute a cause of action against ECFMG.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

80. Plaintiff's claims are barred by the applicable statute of limitations set forth in the California Code of Civil Procedure sections 335, 3635.6, 338, 340 and 343 and the California Government Code sections 12940, 12960 *et seq.* and 12965.

## THIRD AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

81. Plaintiff's claims are barred in whole or in part, to the extent that Plaintiff failed to exhaust Plaintiff's administrative remedies for any such claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

82. Plaintiff has failed to mitigate Plaintiff's damages, if any, and to the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE
### (No Recovery of Punitive Damages)

83. Plaintiff's claims against ECFMG for punitive or exemplary damages fail to state facts sufficient to recover punitive or exemplary damages or to demonstrate that ECFMG was guilty of malice, oppression, or fraud; and further that an award of punitive damages on the basis of the facts alleged in the TAC on file herein is unconstitutional as it would violate the due process clauses of the California and United States Constitutions.

### SIXTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Preemption)

84. Plaintiff's claims against ECFMG for physical, mental, and emotional injuries arising out of her employment are barred in that the sole and exclusive remedy for such claims is governed by the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

### SEVENTH AFFIRMATIVE DEFENSE
### (Scope of Employment)

85. If ECFMG's employees, or any of them, committed the acts alleged in the TAC, although such is not admitted hereby or herein, such acts were committed outside the scope of employment.

### EIGHTH AFFIRMATIVE DEFENSE
### (Corporate Policies In Place)

86. No punitive damages may be assessed against ECFMG because ECFMG has, and had, corporate policies prohibiting the unlawful behavior that the Complaint alleges.

## NINTH AFFIRMATIVE DEFENSE

**(Business Justification)**

87. The actions of ECFMG and of its managers and directors, if any, were based upon ECFMG's legitimate economic and business interests and the exercise of legitimate managerial discretion and/or as a result of business necessity and were therefore privileged.

## TENTH AFFIRMATIVE DEFENSE

**(Frivolous Claims)**

88. Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact or law. Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing ECFMG. Accordingly, Defendant is entitled to attorneys' fees and other appropriate costs and expenses.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Reasonable Care to Prevent And Correct Improper Behavior)**

89. The TAC is barred in that ECFMG exercised reasonable care to prevent and correct promptly any improper behavior, including discrimination, harassment and/or retaliation, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by ECFMG or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

**(Legitimate, Non-Discriminatory and Non-Retaliatory Decisions)**

90. Plaintiff's claims for discrimination are barred because ECFMG's actions with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

**(After-Acquired Evidence)**

91. The TAC is limited or subject to an absolute bar as to recoverable damages based on after-acquired evidence that ECFMG has presently and/or may acquire during the course of this litigation.

### ADDITIONAL AFFIRMATIVE DEFENSES

92. ECFMG is informed and believes and thereon alleges that certain additional affirmative defenses are available to ECFMG. Said affirmative defenses will require further discovery and/or investigation before they can be properly alleged. ECFMG will move to amend its answer to allege such affirmative defenses once they have been fully ascertained and can be properly alleged.

WHEREFORE, ECFMG prays for judgment that:

a. Plaintiff takes nothing by reason of the TAC on file herein, and that said TAC be dismissed with prejudice;

b. Judgment be entered in favor of ECFMG and against Plaintiff on all causes of action;

c. ECFMG be awarded its reasonable costs and attorneys fees incurred, including but not limited to, under Section 218.5 of the California Labor Code; and

d. Grant such other and further relief as the Court may deem just and proper.

Dated: July 16, 2012                    MORGAN, LEWIS & BOCKIUS LLP


By _____/s/_____
    KATHRYN T. MCGUIGAN
Attorneys for Defendant
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
SHARON TROWELL-ROMAN, and
PETER O'COLMAIN

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/ 23329404.2

- 11 -