BRENT S. BUCHSBAUM, Bar No. 194816
MAYA G. MORALES, Bar No. 245208
LAW OFFICES OF CARLIN & BUCHSBAUM
555 East Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone:  562.432.8933
Facsimile:  562.435.1656
Email:      brent@carlinbuchsbaum.com
            maya@carlinbuchsbaum.com

Attorneys for Plaintiff
LESLIE SAKAGUCHI


MORGAN, LEWIS & BOCKIUS LLP
BARBARA A. FITZGERALD, SBN 151038
SALVATORE PICARIELLO, SBN 190442
KATHRYN T. MCGUIGAN, SBN 232112300
South Grand Ave
Twenty-Second Floor
Los Angeles, CA 90071
Telephone:  213.612.7390
Facsimile:  213.612.2501
Email:      bfitzgerald@morganlewis.com
spicariello@morganlewis.com
kmcguigan@morganlewis.com

Attorneys for Defendant
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE SAKAGUCHI,<br><br>           Plaintiff,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, et al,<br><br>           Defendants. | Case No. 2:12-CV-01637-GAF-FFM<br><br>**JOINT SCHEDULING CONFERENCE REPORT PURSUANT TO F.R.C.P. 26(f)**<br><br>Date:  November 5, 2012<br>Time:  1:30 p.m.<br><br>[*Originally filed in Los Angeles County Superior Court; Case No. BC 477337*] |

Plaintiff Leslie Sakaguchi ("Plaintiff") and Defendant Educational Commission for Foreign Medical Graduates ("Defendant" or "ECFMG") provide their report concerning the conference of parties held pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and Local Rule 26-1. The conference was attended by Kathryn T. McGuigan and Salvatore Picariello, on behalf of Defendant, and Maya G. Morales on behalf of Plaintiff.

## I.   SUBJECTS REQUIRED BY RULE 26(F) AND LOCAL RULE 26-1

### A.   Statement of the Case

Plaintiff became employed by Defendant as a patient trainer in or about October 2005. Plaintiff alleges that she submitted a valid CFRA request for a flexible work schedule because her mother (who suffers from dementia) was sometimes non-compliant with taking her medications. This request was supported by Plaintiff's mother's physician, who stated that a flexible leave time was medically necessary. Despite having a physician document the medical need for a flexible work schedule, Defendant deliberately ignored the provided medical opinion and penalized Plaintiff for being late to work. Thereafter, Defendant misconstrued a later statement by Plaintiff's mother's physician, arguing that it eliminated the need for a flexible work schedule. Based on Defendants' misinterpretation, Plaintiff was further penalized for being late to work. In addition, Plaintiff specifically alleges that she was entitled to sick leave, that she requested to use such sick leave to care for her mother, and that Defendant did not let Plaintiff use her sick leave to care for her mother as Defendant instead terminated Plaintiff's employment. Based thereon, Plaintiff asserts the following against Defendant: (1) Wrongful Termination in Violation of Public Policy; (2) Violation of CFRA; and (3) Violation of Labor Code Section 233.

Defendant asserts that Plaintiff was not entitled to the intermittent leave she requested. California law does not entitle an employee to take unscheduled and unpredictable, but cumulatively substantial absences at a moment's notice for the

rest of her life. In addition, there was no medical need for the leave she requested. Plaintiff had no need to administer her mother's medication at a specific time each day, which would interfere with her ability to arrive at work on time by 8:15 a.m. She merely sought CFRA leave to cover her chronic lateness due not to any medical necessity, and Plaintiff's only complaint is that she was terminated for being tardy. Plaintiff's claim for violation of Labor Code section 233 fails because she did not make a request under that section to take care of her mother and she cannot show that Defendant violated the statute. Plaintiff's claim for Wrongful Termination in Violation of Public Policy is based upon Defendant's alleged violations of the CFRA and California Labor Code section 233 and, thus should fail with those claims.

Defendant further asserts that Plaintiff cannot prove she suffered damages proximately caused by Defendant; Plaintiff's emotional distress damages are preempted by the Workers' Compensation Act; and Plaintiff cannot prove by clear and convincing evidence that Defendant acted with malice, oppression or fraud, as is required to support Plaintiff's request for punitive damages.

### B.     Legal Issues

The Parties do not anticipate any unusual substantive, procedural or evidentiary issues. For this matter, Plaintiff asserts that the key legal issues are whether Plaintiff qualified for a protected CFRA leave and whether Plaintiff was terminated in retaliation for Plaintiff's taking a protected CFRA leave to care for her mother. Also, whether Defendant did not allow Plaintiff to use available accrued sick leave.

Further legal issues include: (i) whether Plaintiff was an at-will employee; (ii) whether Defendant had a legitimate, good faith justification for terminating Plaintiff's employment; and, (iii) whether Plaintiff has been damaged in any respects and, if so, in what manner and to what extent.

Defendant asserts that the key legal issues are:

1    Whether Plaintiff was eligible for intermittent, unscheduled leave under
2 CFRA;
3    Whether Defendant's sick leave policy is covered by California Labor Code
4 section 233;
5    Whether Plaintiff made a request for sick leave to care for her mother;
6    Whether Plaintiff can establish by specific and substantial admissible
7 evidence that Defendant's stated reason for her termination was in retaliation for
8 her request for CFRA leave;
9    Whether Plaintiff suffered lost wages or other economic damages
10 proximately caused by Defendant;
11    Whether Plaintiff acted reasonably to mitigate her damages;
12    Whether Plaintiff suffered emotional distress or other general damages
13 proximately caused by Defendant;
14    Whether the Workers' Compensation Act preempts Plaintiff's emotional
15 distress claims;
16    Whether Plaintiff can prove by clear and convincing evidence that Defendant
17 acted with malice, oppression or fraud sufficient to justify an award of punitive
18 damages against Defendant; and
19    Whether any sum is owed by Defendant to Plaintiff, and if so, the amount.

### C.    Percipient witness and key documents

Plaintiff's Percipient Witnesses:  Plaintiff Leslie Sakaguchi; Sharon Trowell-Roman, Human Resources Manager for Defendant; Peter O'Colmain, Plaintiff's supervisor at Defendant; Michael Genova, M.D., Plaintiff's mother's physician.

<u>Plaintiff's Key Documents</u>:  Plaintiff's payroll records; employment contract between Plaintiff and Defendant; Plaintiff's personnel file with Defendant; correspondence between Michael Genova, M.D. and Defendant; correspondence between Michael Genova, M.D. and Plaintiff; Plaintiff's July 2010 CFRA request; Plaintiff's "time off request" forms; January 20, 2011 termination notice.

**Defendant's Witnesses:**

Plaintiff Leslie Sakaguchi

Plaintiff's mother

Members of Plaintiff's immediate family, including her spouse, and siblings who reside with her mother;

Plaintiff's mother's physicians and caretakers;

Experts, physicians, and other key witnesses identified or designated by Plaintiff;

Peter O'Colmain – Plaintiff's last immediate supervisor;

Sandra Trowell-Roman -Defendant's Human Resources Manager;

Person(s) most knowledgeable regarding Defendant's personnel policies and procedures

Person(s) most knowledgeable regarding Defendant's leaves of absence policies and procedures;

**Defendant's Documents**

Relevant documents from Plaintiff's personnel file;

Plaintiff's time and attendance records;

Plaintiff's payroll records;

Plaintiff's requests for leaves of absence;

Plaintiff's medical certification(s) in support of her leaves of absence requests;

Defendant's relevant personnel policies and procedures'

Documents relating to communications regarding Plaintiff's leaves of absence requests;

Documents relating to communications regarding Plaintiff's requests for time off;

Documents relating to disciplinary actions taken by Defendant against Plaintiff for tardiness and attendance.

Documents relating to communications concerning Plaintiff's tardiness and attendance;

Any medical records, expert disclosures or other key documents produced by Plaintiff or third parties, concerning Plaintiff as well as Plaintiff's mother.

Possibly other documents not yet determined.

### D.     Damages

Plaintiff estimates general damages in the amount of $100,000 and special damages in the amount of $104,180 to date.

Defendant contends that Plaintiff has not been damaged in any sum whatsoever.

### E.     Insurance

Defendant may have some coverage for the claims alleged by Plaintiff under its employment practices liability insurance policy through Chartis, though such coverage is subject to a reservation of rights.

### F.     Motions

The Parties do not anticipate filing motions to add other parties or claims, to file amended pleadings or motions to transfer venue.

### G.     Status of Discovery

No discovery has been completed at this time.

### H.     Discovery Plan

#### 1.     Initial Disclosures [Fed. R. Civ. P. 26(f)(3)(A)]

The Parties will timely comply with the initial disclosure requirements set forth in Federal Rule of Civil Procedure 26(a).

#### 2.     Subjects on Which Discovery May be Needed and Whether Discovery Should be Conducted in Phases [Fed. R. Civ. P. 26(f)(3)(B)]

The Parties anticipate that discovery will be needed for the evidentiary bases for Plaintiff's claims set forth in her complaint and for Defendant's defenses set forth in its answer. Specifically, Plaintiff anticipates deposing Human Resources

Manager Sharon Trowell-Roman by April 2013; deposing Plaintiff's former supervisor Peter O'Colmain by April 2013; deposing Defendant's Person Most Knowledgeable by April 2013 regarding Defendant's termination procedures, Defendant's investigation regarding Plaintiff's complaints of violation of CFRA, Defendant's purported reason for Plaintiff's termination, Defendant's communications with Dr. Genova, and Defendant's failure to allow Plaintiff to use accrued, available sick time; deposing Defendant's Custodian of Records by April 2013 regarding Plaintiff's personnel file, Plaintiff's requests for time off, records related to Plaintiff's termination, and records relating to Plaintiff's accrued sick time. The Parties anticipate written discovery requests, including requests for admission, documents requests and interrogatories to be completed by May 2013.

Defendant anticipates deposing Plaintiff, any expert witnesses Plaintiff designates, any treating physicians Plaintiff identifies, and any other key factual witnesses who arise during the course of discovery.

Discovery need not be conducted in phases nor be limited or focused on particular issues except to limit it to issues raised by the pleadings.

### 3.  Issues Pertaining to Electronic Discovery [Fed. R. Civ. P. 26(f)(3)(C)]

The Parties do not believe there are any issues relating to disclosure or discovery of electronically stored information. The Parties agree that it is acceptable to produce hardcopy records in that form. However, if any electronic discovery is requested or required, the Parties will meet and confer over how such records should be produced and will otherwise comply with the law regarding same.

### 4.  Issues About Claims of Privilege or Protection of Trial-Preparation Materials [Fed. R. Civ. P. 26(f)(3)(D)]

The Parties presently do not believe that there are any issues relating to claims of privilege or of protection as trial-preparation materials. However, should any such issue arise, the Parties will comply with Federal Rules of Civil Procedure

26(b)(5) and (c).

### 5. Proposed Limitations or Modifications of Discovery Rules [Fed. R. Civ. P. 26(f)(3)(E)]

The Parties request court permission to be able to stipulate to changes to discovery procedures and deadlines, including expert disclosures and discovery, which do not affect court deadlines without seeking court approval.

### 6. Other Orders that the Court Should Issue [Fed. R. Civ. P. 26(f)(3)(F)]

The Parties are not aware of any other orders the Court should issue.

### I. Discovery Cut-off:

The Parties propose a discovery cut-off date of August 12, 2013.

### J. Issues/Claims Determined:

Plaintiff is not aware of issues or claims that may be determined by motion for summary judgment or motion in limine.

Defendant intends to file a motion for summary judgment or adjudication by the date of the proposed motion cut-off. Defendant asserts that the allegations raised in Plaintiff's Third Amended Complaint lack merit and anticipates that Plaintiff's testimony and responses to written discovery will not support Plaintiff's claims. Defendant asserts that the following issues can be resolved by a motion for summary judgment or adjudication: (1) that Plaintiff was not eligible for intermittent, unscheduled leave; (2) that Plaintiff was terminated for legitimate, non-discriminatory, non-retaliatory reasons; (3) that Plaintiff was not eligible for sick leave under California Labor Code section 233; (4) that Plaintiff's emotional distress claims are preempted by the Workers' Compensation Act; and (5) that Plaintiff cannot provide the clear and convincing evidence of oppression, fraud or malice that is required to support his request for punitive damages.

### K. Law and Motion:

In addition to the motion for summary judgment or adjudication described above, Defendant anticipates that a protective order will be required before certain

1  documents are produced.  Defendant will prepare a proposed stipulated protective
2  order to submit to Plaintiff's counsel and the Court.  In the event the Parties are
3  unable to agree upon a stipulated protective order, Defendant reserves the right to
4  seek a protective order by noticed motion.
5        The Parties may file motions *in limine*, the need for which may become
6  apparent through discovery and other motion practice. The proposed cut-off for
7  motions is August 19, 2013.
8        **L.**    **Settlement:**
9        However, the Parties have selected private mediation as their settlement
10 procedure, with each party to be responsible for 50% of the expenses attributable to
11 such private mediation.
12       Should a settlement not occur, the Parties agree to Settlement Procedure No.
13 3 set forth in Local Rule 16-15.4 and to participate in a non-judicial dispute
14 resolution proceeding as a means for maximizing future settlement prospects.
15       **M.**    **Trial Estimate:**
16       The Parties anticipate that the length of the trial of this action will be
17 approximately three to five days.  Plaintiff further requests a jury trial.
18       Plaintiff estimates calling seven witnesses at trial.  Defendant contemplates
19 calling 2-4 witnesses.
20       **N.**    **Proposed Dates:**
21       Please see the Schedule of Pretrial and Trial Dates form attached as Exhibit
22 A to this Joint Rule 26(f) Report.
23       **O.**    **Other Issues:**
24       **1.**    **Plaintiff**
25       Plaintiff is not aware of any other issues affecting the status or management
26 of the case.  Plaintiff is opposed to bifurcation of liability from damages.
27       **2.**    **Defendant**
28       At this time, Defendant does not anticipate that any other issues will affect

the status or management of this action. Defendant intends to request bifurcation of liability from damages.

If any such issues arise, the parties will bring them promptly to the Court's attention.

### P. Subsidiaries, Parents and Affiliates:

As set forth in Defendant's previously-filed Notice of Interested Parties, and given Plaintiff's allegations that he was employed directly by Defendant, the Court need not consider any subsidiaries, parents, or affiliates for conflict purposes.

Respectfully submitted.

Dated: October 29, 2012

MORGAN, LEWIS & BOCKIUS LLP
KATHRYN T. MCGUIGAN
SALVATORE PICARIELLO

/s/ Kathryn T. McGuigan
KATHRYN T. MCGUIGAN
Attorneys for Defendant
EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

Dated: October 29, 2012

LAW OFFICES OF CARLIN & BUCHSBAUM
BRENT S. BUCHSBAUM
MAYA G. MORALES

/s/ Maya G. Morales
Maya G. Morales
Attorneys for Plaintiff
LESLIE SAKAGUCHI